Adam Wolek (Lead Counsel; *pro hac vice*)
Brian Noack (*pro hac vice*)
Wolek & Noack
333 S. Wabash Avenue
Suite 2700
Chicago, IL  60604
P:312.860.9006
F: 708.843.0509
adamw@wonoip.com
briann@wonoip.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile:  (408) 716-3052

Attorneys for Plaintiffs
Parkridge and Mabel Mak

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| On Behalf of PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>         Plaintiffs,<br><br>    v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>         Defendants. | **Case No.** 16-cv-07387-KAW<br><br>**INITIAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    April 4, 2017<br>Time:    N/A<br>Dept.:   N/A<br>Judge:  Hon. Kandis A. Westmore |

**INITIAL JOINT CASE MANAGEMENT STATEMENT**                      1

The Parties respectfully submit the following Initial Joint Case Management Statement and discovery protocol in line with Fed. R. Civ. P. 26(f) and Civil Local Rule 16-9, and respectfully request that the Court enter this order pursuant to Fed. R. Civ. P. 16(b).

1. **Jurisdiction and Service**: Jurisdiction is proper pursuant to 28 U.S.C. § 1332, in that complete diversity of citizenship exists between the Parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Service of Process of the Complaint has been completed.

Defendants have not yet contested jurisdiction. Defendants have not yet filed or served a responsive pleading, other than their motion to compel arbitration (Dkt. No. 12), and their motion to stay this action pending arbitration (Dkt. No. 13).

2. **Facts**: Plaintiffs allege that Defendant Praveen Narra Kumar ("Narra") breached fiduciary duties owed to Plaintiff Parkridge Ltd. ("Parkridge") and made fraudulent misrepresentations and concealments to induce Parkridge to contract with Narra's own company, Defendant Indyzen, Inc. ("Indyzen") for the development of a mobile app ("Morfit App"). Parkridge further alleges that Indyzen aided and abetted Narra's breach of fiduciary duties by inducing Parkridge to sign the Software Development and Licensing Agreement ("Morfit Agreement"), breached its contract with Parkridge by failing to provide the Morfit App on time or in conformity with the Morfit Agreement's specifications, and also by failing to deliver the Morfit App despite being paid. Plaintiffs also allege Indyzen was unjustly enriched by Parkridge's payments for the Morfit App.

Defendants are reserving their allegations until after their pending arbitration motions are ruled upon.

3. **Legal Issues**: The legal issues in dispute, as framed in the Complaint, involve:
    a. Breach of Fiduciary Duty under California law against Narra;
    b. Breach of Fiduciary Duty against Narra pursuant to Hong Kong Companies Ordinance Part 10, Division 2, § 465 (1)-(2) and Part 11, Division 5, § 536(1);
    c. Fraudulent Misrepresentations against Narra;
    d. Fraudulent concealment against Narra;
    e. Aiding and Abetting Breach of Fiduciary Duty against Indyzen;
    f. Breach of Contract against Indyzen; and, in the alternative,
    g. Unjust Enrichment against Indyzen.

4. **Pending Motions**: Defendants have moved to compel arbitration on all claims against all Defendants in this case based on the arbitration clause in the Morfit Agreement. (Dkt. No. 12 at 4.) Defendants have also moved to stay this action pending arbitration. (Dkt. No. 13.) Plaintiffs have moved in opposition to both Defendants' Motion to Compel Arbitration and its Motion to Stay. (Dkt. No. 19.)

5. **Amendments of Pleadings**: Plaintiffs do not anticipate amendments to the pleadings at this time but reserve all rights.

**INITIAL JOINT CASE MANAGEMENT STATEMENT**                2

Defendants have not yet answered or cross-claimed and reserve all rights pending this Court's ruling on their pending arbitration motions.

6. **Evidence Preservation**: Plaintiffs' attorneys have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have sent a litigation hold letter to Plaintiffs. The Parties have a pending dialogue regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this matter. The Parties will meet and confer further regarding electronic discovery issues.

7. **Disclosures**:[1]   Initial disclosures are due on April 4, 2017. (Dkt. 6.) Plaintiffs have served their Initial Disclosures on Defendants. Plaintiffs have not received Defendants' Initial Disclosures at the time of this filing.

8. **Discovery**:   No formal discovery has been exchanged to date. The Parties have a pending dialogue concerning discovery procedures. See the remainder of this proposed Discovery Plan and Case Management Order.

9. **Class Actions**:   The claims at issue are not part of a class action.

10. **Related Cases**:   There are no related cases.

11. **Relief**:   Plaintiffs seek an award of damages, actual, special, compensatory, exemplary and/or punitive, in an amount of U.S. $2.8 million, or in such other amount as is proven at trial; to enjoin Indyzen from distributing, releasing, or selling the Morfit App or Parkridge's Intellectual Property; an order that Indyzen provide Parkridge with the Morfit App and its Intellectual Property; Parkridge's costs and attorney fees; and any other relief so warranted. Plaintiffs have no relevant insurance coverage.

Defendants reserve pending this Court's ruling on their pending arbitration motions.

12. **Settlement and ADR**:   No settlement demands have been made. The Parties have not engaged in an ADR session at this stage. The Parties may engage in further discussions about ADR.

13. **Consent to Magistrate Judge for All Purposes**:   All Parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**:   Plaintiffs maintain, consistent with their Response to Defendants' Motion to Compel Arbitration and Stay Plaintiffs' Claims (Dkt. No. 19.), that the case is not suitable for reference to binding arbitration.

15. **Narrowing Issues**:   At this stage, no issues have been narrowed by agreement or by motion.

---

[1] This section is not part of the "Joint" statement as Plaintiffs had not received authorization to sign for Defendants for this section at the time of this filing, which was edited earlier to reflect service of Plaintiffs' Initial Disclosures on Defendants. All other sections had received Defendants' authorization to sign.

**INITIAL JOINT CASE MANAGEMENT STATEMENT**            3

16. **Expedited Trial Procedure**:   Plaintiffs do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

Defendants reserve pending this Court's ruling on their pending arbitration motions.

17. **Scheduling**:   Plaintiff's proposed dates for this matter are attached as Exhibit A.

Defendants reserve pending this Court's ruling on their pending arbitration motions.

18. **Trial**:   Plaintiffs expect the appropriate issues in this case to be tried to a jury and estimate the length of trial to be ten (10) Court days.

Defendants expect that this case will be ordered to arbitration.

19. **Disclosure of Non-Party Interested Entities or Persons**:   Plaintiffs know of no such entities or persons.

Defendants reserve pending this Court's ruling on their pending arbitration motions.

20. **Professional Conduct**:   Plaintiffs' and Defendants' attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**:   Plaintiffs are not presently aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Defendants reserve pending this Court's ruling on their pending arbitration motions.

*General Case Management Matters:*

22. The Parties consent to service of pleadings and other papers by e-mail, and pursuant to Fed. R. Civ. P. 5(b)(2)(E).

23. To the extent a Party obtains an English translation of a foreign language document that it produces, or has an English version of the document, that Party must produce the English translation or version.  A party seeking a deposition shall bear the cost of the official translator for that deposition.

24. Plaintiffs propose that the schedule and deadlines set forth in the attached Exhibit A shall govern this case.

Defendants reserve pending this Court's ruling on their pending arbitration motions.

*Privileged Materials:*

25. The Parties agree any materials protected from discovery by the attorney-client privilege or the work product doctrine and created after December 29, 2016, the date of the complaint in this case, solely for the purposes of this litigation, do not need to be identified on a log of withheld documents under Rule 26(b)(5).

**INITIAL JOINT CASE MANAGEMENT STATEMENT**          4

*Third-Party Discovery:*

26. A party that serves a subpoena on a non-party shall promptly produce to all other parties all documents and things obtained from any non-party by subpoena.

*Electronic Discovery:*

27. **Preservation**:  The Parties acknowledge and agree to abide by its respective obligations to take reasonable steps to preserve discoverable documents and things in their possession, custody, or control.

    a) Absent a showing of good cause by the requesting party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up or archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information in their possession, custody, or control.

    b) Absent a showing of good cause by the requesting party, the Parties agree that following categories of ESI are not proportional to the needs of the case, and need not be preserved, restored, or collected:

        1. "deleted," "slack," "fragmented," or "unallocated" data on hard drives, provided that "deleted" data was not deleted after the Party anticipated litigation;
        2. random access memory (RAM) or other ephemeral data;
        3. temporary internet files, history, caches, and cookies;
        4. data in metadata fields that are frequently updated automatically, such as last-opened dates;
        5. archival or disaster recovery back-up data;
        6. server, system, or network logs;
        7. backup data that is substantially duplicative of data that is more accessible elsewhere; and
        8. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

28. **Collection and Production**:  Each party shall be responsible for generating a search protocol that it believes in good faith will return a reasonably high proportion of documents and things responsive to each party's requests for production.  Each Party shall disclose its above-described search protocol to all other parties in this case upon request; that is, each Party agreed that its respective search protocol or methodology is not protected from discovery by the attorney-client privilege or the work product doctrine.  The Parties agree to work together with respect to requests for reasonable modifications or additions to their respective search protocol or methodology.

29. **Production Format**:  The Parties have a pending dialogue about discovery procedures and whether each Party will produce all documents electronically, and ESI in its native format wherever possible, and in single-page TIFF format where native format is not available, in each case with an appropriate load file for loading into an e-discovery platform.

30. **De-duplication**:  A party is only required to produce a single copy of a responsive document.  The Parties may de-duplicate stand-alone documents or entire document families using MD5 value matching.  While common system files defined by the NIST library (http://www.nsrl.nist.gov/) need not be produced, attachments to e-mails shall not be eliminated from the parent e-mail, and paper documents shall not be eliminated as duplicates of responsive ESI.  To the extent the Parties de-duplicate stand-alone electronic documents against an e-mail

**INITIAL JOINT CASE MANAGEMENT STATEMENT**　　　5

attachment, the attachment to the e-mail must be the document that is produced.  ESI that is not an exact duplicate may not be removed.

DATED:  April 4, 2017	Respectfully submitted,

By: /s/   Adam Wolek     /s
Adam Wolek (*pro hac vice*)
Brian Noack (*pro hac vice*)
Wolek & Noack
333 S. Wabash Avenue
Suite 2700
Chicago, IL  60604
P:312.860.9006
F: 708.843.0509
adamw@wonoip.com
briann@wonoip.com

LAW OFFICES OF DAVID A. MAKMAN
David A. Makman, SBN 178195
david@makmanlaw.com

Attorneys for PLAINTIFFS

DATED:  April 4, 2017	Respectfully submitted,

STRUCTURE LAW GROUP, LLP


By:/s/ Ethan Solove (*with permission*[2]) /s
Ethan G. Solove, Esq.
ESolove@structurelaw.com
Attorneys for DEFENDANTS

---

[2] Except for Section 7 (Disclosures), as noted above.

**INITIAL JOINT CASE MANAGEMENT STATEMENT**           6

**Exhibit A**

**Plaintiffs' Proposed Discovery and Trial Schedule**

| Event | Date |
|---|---|
| Deadline to Provide Initial Disclosures (Dkt. 6) | April 4, 2017 |
| Deadline to Add Parties or Amend Pleadings | July 14, 2017 |
| Written and Document Fact Discovery Closes | September 29, 2017 |
| Deadline for Fact-Witness Deposition | November 17, 2017 |
| Deadline to File Initial Expert Reports | December 21, 2017 |
| Deadline to File Responsive Expert Reports | January 26, 2018 |
| Expert Discovery Closes | February 23, 2018 |
| Deadline for Filing Expert *Daubert* Motions | April 13, 2018 |
| Deadline for Filing Dispositive Motions | April 13, 2018 |
| Deadline for Filing Opposition to Expert *Daubert* Motions | May 11, 2018 |
| Deadline for Filing Opposition to Dispositive Motions | May 11, 2018 |
| Deadline for Filing Reply in Support of Expert *Daubert* Motions | June 1, 2018 |
| Deadline for Filing Reply in Support of Dispositive Motions | June 1, 2018 |
| Trial Estimate (On or After) | August 13, 2018 |

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on April 4, 2017, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: April 4, 2017                              WOLEK & NOACK


                                                  By:/s/   Adam Wolek
                                                  Adam Wolek