Mark R. Figueiredo, Esq. (SBN 178850)
Ethan G. Solove, Esq. (SBN 308026)
Gokalp Y. Gurer, Esq. (SBN 311919)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendants
INDYZEN, INC. and PRAVEEN NARRA KUMAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>Defendants, | CASE NO. 16-CV-07387-KAW<br><br>**PETITION FOR AN ORDER COMPELLING ARBITRATION PURSUANT TO 9 U.S.C. § 4**<br><br>Date:       January 18, 2018<br>Time:      11:00 AM<br>Dept.:      TBD<br>Judge:     Hon. Kandis A. Westmore |

Defendant Indyzen, Inc. ("Indyzen") hereby alleges:

1.   On January 5, 2015, Plaintiff Parkridge Limited ("Parkridge") and Indyzen entered into a written agreement in San Jose, California for Indyzen to design a fitness app called "Morfit" for Parkridge in exchange for payment (the "Morfit Agreement"). (Compl., **Dkt. No. 1**, at ¶ 31.) Defendant Praveen Narra ("Narra") signed as CEO of Indyzen. Randy Dobson signed as CEO of Parkridge. (*Id.* and **Exhibit B** thereto, Page 8.)

2.   Dobson runs a growing fitness empire in Vietnam using sham alter ego companies. Parkridge is one of these companies. Parkridge does not have any employees, nor does it have a physical office location. (Declaration of Praveen Narra Kumar (the "Narra Decl.") at ¶ 4.) Further, Parkridge does not follow basic corporate formalities like issuing shares or holding

PETITION FOR AN ORDER COMPELLING ARBITRATION

1  annual board or shareholder meetings. (*Id.*) Additionally, for purposes of business, Mak—his wife and the nominal majority shareholder of Parkridge—is just another one of Dobson's alter egos. Dobson's other sham companies include California Management Group a/k/a/ CMG.Asia ("CMG"), California Fitness & Yoga Centers Company Limited ("CFYC"), F8 Vietnam Company Limited ("F8 Company") and Boon Global Limited ("Boon"). These four companies are collectively referred to as Dobson's "Additional Sham Companies" throughout this petition.

3. Dobson has a history of using his alter ego companies to avoid litigation relating to Parkridge and his other companies, and is well-versed in how to do it. In January 2015, he emailed Narra telling Narra to make a payment to yet another alter company of his called "R&R" to "keep money flow directly out of Parkridge until we are clear of any legal issues with [a third party]. Once we are certain no legal issues with [the third party], then R&R will invoice Parkridge for the money." (Narra Decl. at ¶ 8 at and **Exhibit A** thereto.) Dobson has also taunted Narra that he will continue to use these and other sham companies to continue to try to evade litigation, has boasted that he can shield himself from American law enforcement through the use of offshore banking accounts in the British Virgin Islands and Hong Kong, and has said that he is willing to forfeit his American citizenship to shield himself from American law enforcement. (*Id.* at ¶ 9.) Indyzen has presented extensive evidence on Dobson's alter ego sham throughout the memorandum of points and authorities accompanying this Petition.

4. Paragraph 11 of the Morfit Agreement is an arbitration clause stating that "any dispute or disagreement arising between [Indyzen] and [Parkridge] . . . shall be referred to arbitration in San Jose, CA."

5. On December 9, 2016, Parkridge and Mak filed a complaint in this Court after they refused to arbitrate the dispute pursuant to the Morfit Agreement's requirements. On March 8, 2017, Indyzen and Narra petitioned this Court to order Parkridge and Mak to arbitration. This Court granted that petition on April 18, 2017.

6. This Court has subject matter jurisdiction over this petition as it involves a dispute of over $75,000 between citizens of different states. Indyzen is a California corporation with its principal place of business in San Jose, California. Narra is an American citizen living in San

Jose, California. Parkridge is a Hong Kong entity headquartered in Hong Kong. Mak is a Hong Kong citizen living in Hong Kong. Both Parkridge and Mak have already consented to this Court's jurisdiction by filing a lawsuit in it. Dobson is an American citizen residing in both Vietnam and the United States. California Management Group, California Fitness & Yoga Centers, and F8 Company are all Vietnamese entities with a principal places of business in Vietnam. Boon is a Hong Kong entity with its principal place of business in Hong Kong. However, Parkridge, Mak, California Management Group, California Fitness & Yoga Centers, F8 Company, and Boon Global are all alter egos of Dobson, and they are all one and the same. Furthermore, Defendant's counterclaims against Parkridge, CMG, CFYCs, F8 Company, Boon, and Dobson form part of the same case or controversy and arise out of the same transaction or occurrence as Plaintiff's claims against Defendants. Thus, jurisdiction is proper under both 28 U.S.C. 1332 and 28 U.S.C. 1367.

7. This Court has personal jurisdiction over Dobson and his Additional Sham Companies because they are all one and the same as Parkridge and Mak, who both consented to jurisdiction by filing a lawsuit here. (*Adam v. Saenger* (1938) 303 U.S. 59; *see also AF Holdings, LLC v. Navasca* (2013) 2013 WL 5701104.) Additionally, Dobson and his Additional Sham Companies all have minimum contacts with California. Dobson, CMG, and CFYC all worked extensively with Narra while he was in California on the development of the Morfit App. F8 and Boon have marketed and sold the Morfit App in online app stores in California.

8. In Spring 2017, Parkridge submitted a demand for the arbitration which has been ongoing since. (Request for Judicial Notice ("RJN") at ¶ 1 and **Exhibit A** thereto.) On July 5, 2017, Indyzen and Narra filed counterclaims against Parkridge, Dobson and his Additional Sham Companies relating to their theft of the Morfit App. (*Id.* at ¶ 2 and **Exhibit B** thereto.) On August 14, 2017, Plaintiffs filed a motion to dismiss the counterclaims. (*Id.* at ¶ 3 and **Exhibit C** thereto.) On November 26, 2017, the Arbitrator ruled that he did not have the ability to determine whether the Additional Sham Companies should be part of the arbitration or not, and concluded that it was for this Court alone to decide on whether additional parties could be added to the arbitration. (*Id.* at ¶ 4 and **Exhibit D** thereto.)

PETITION FOR AN ORDER COMPELLING ARBITRATION

- 4 -

9. Accordingly, Indyzen respectfully requests an order from this Court compelling Dobson and his Additional Sham Companies to arbitrate the related cross-claim against them in accordance with the Morfit Agreement, so that the Arbitrator can determine whether to proceed with the counter-claims against them.

10. In addition, and in the event more of Dobson's sham companies are discovered to have been involved in the theft of the Morfit App, Indyzen respectfully requests that this Court order that the Arbitrator should decide whether to add additional sham companies to the Arbitration in the future, subject to review by this Court. To the extent necessary, this would more efficiently provide a mechanism to decide such matters while still allowing for judicial review of the Arbitrator's decisions.

Dated: December 14, 2017         STRUCTURE LAW GROUP, LLP

                                 By: /s/ Ethan G. Solove
                                     Ethan G. Solove, Esq.
                                     Attorneys for Defendants
                                     INDYZEN, INC., and PRAVEEN NARRA
                                     KUMAR