# Exhibit  B

1  Mark R. Figueiredo, Esq. (SBN 178850)
   Ethan G. Solove, Esq. (SBN 308026)
2  STRUCTURE LAW GROUP, LLP
   1754 Technology Drive, Suite 135
3  San Jose, California  95110
   Telephone: (408) 441-7500
4  Facsimile:  (408) 441-7501

5  Attorneys for Respondents
   INDYZEN, INC. and PRAVEEN NARRA KUMAR
6

7

8                 AMERICAN ARBITRATION ASSOCIATION

9                     COMMERCIAL ARBITRATION

10 PARKRIDGE LIMITED, a Hong Kong            AAA Case No.: 01-17-0003-4918
   corporation, by Mabel Mak, and MABEL
11 MAK, an individual,                       (N.D. Cal. Case No.: 4:16-cv-07387-KAW)

12          Claimants,                        RESPONDENTS' COUNTERCLAIM

13     v.                                     (Answering Statement submitted concurrently)

14 INDYZEN, INC., a California corporation, and
   PRAVEEN NARRA KUMAR, an individual,
15
            Respondents.
16

17 INDYZEN, INC., a California corporation, and
   PRAVEEN NARRA KUMAR, an individual,,
18
            Counter-Claimants,
19
       v.
20
   PARKRIDGE LIMITED, a Hong Kong
21 corporation, BOON GLOBAL LIMITED, a
   Hong Kong corporation, F8 VIETNAM
22 COMPANY LIMITED, a Vietnam company,
   CALIFORNIA FITNESS & YOGA
23 CENTERS, an entity of unknown form,
   CALIFORNIA MANAGEMENT GROUP, an
24 entity of unknown form, and RANDY
   DOBSON, an individual,
25
            Counter-Respondents.
26

27 ///

28 ///

                              - 1 -
   RESPONDENTS' COUNTERCLAIM

Pursuant to R-5 of the AAA Commercial Arbitration Rules, Counter-Claimants Indyzen, Inc. ("Indyzen") and Praveen Narra Kumar ("Narra" and collectively with Indyzen, "Counter-Claimants") submit the following Counterclaim to the Demand for Arbitration and Statement of Claims filed by Claimants Parkridge Limited and Mabel Mak (collectively, "Claimants").

In or around 2013, Narra and Counter-Respondent Randy Dobson ("Dobson") entered into discussions to do business together.  Counter-Claimants are informed and believe that Dobson owned and operated California Fitness & Yoga Centers (see www.cfyc.com.vn) ("CFYC") at several locations in Vietnam; and that Dobson also owned and operated California Management Group ("CMG") in and around Vietnam.  Each of CFYC and CMG are headquartered in Ho Chi Minh City, Vietnam.

In 2013, Dobson caused Parkridge Limited ("Parkridge") to be formed as a Hong Kong corporation for the purpose of developing and monetizing an online personal training platform that would connect personal trainers with clients (the "Morfit App").  Parkridge hired third-party Tibco Software ("Tibco") to develop the Morfit App.  Tibco is a large, internationally-recognized software development firm that was subsequently acquired for $4.3 billion.

Dobson knew Narra as owner of Indyzen, a software development company.  Dobson viewed Narra as having technical experience and abilities that would be beneficial to his businesses.  Dobson requested that Narra advise and assist him on the software development that Tibco was undertaking pursuant to the contract with Tibco.  Dobson and Narra soon came to the conclusion that Tibco was not developing the software satisfactorily and it was lacking the desired mobile functionality.  Dobson and Narra also came to the conclusion that Tibco's hourly rates up to $230 in addition to annual software licensing fees of up to $1,825,000 were high.

Toward the end of 2014 it became clear that Tibco would not be able to develop the Morfit App.  At that time, Dobson and Narra agreed to set up a crowd funding platform.  Specifically, Dobson promised and Narra agreed to form Boon Global Limited as the crowd funding company, with each of Narra and Dobson's wife, Mabel Mak, listed as founding directors and 50% owners of the company.  In and around November 2014, Narra coordinated with Dobson's team members Rowell Tan, Hieu Pham, and Mark Oakley regarding the formation of

- 2 -

Boon Global Limited.  Narra further completed and returned forms to the foregoing, which listed Narra as a 50% owner of Boon Global Limited with the expectation that they would be processed and filed accordingly.  Only recently did Narra discover that the forms he completed and returned were not filed and instead the filed forms for Boon Global Limited list only Mabel Mak as the sole shareholder, and list Mabel Mak and Dobson as the directors.

In early 2015, Dobson as CEO of Parkridge and Narra as CEO of Indyzen executed an agreement between Parkridge and Indyzen whereby Indyzen would, in summary, develop the Morfit App for Parkridge in exchange for payment from Parkridge to Indyzen.  Said agreement is hereinafter referred to as the Morfit Agreement.  Per the Morfit Agreement, Indyzen proceeded to develop the Morfit App.  Parkridge made payments totaling $420,000 to Indyzen.  Parkridge further executed a promissory note for the payment of $550,000 together with 10% interest per annum, payable on or before May 16, 2020.  But Parkridge failed and refused to pay the remaining $860,777 owed to Indyzen per the Morfit Agreement.  Parkridge has further denied its obligations pursuant to the written promissory note.

Further the Morfit Agreement expressly provides that Parkridge, as the customer, would only take ownership of the Morfit App following payment in full of all amounts due to Indyzen.  Unbeknownst to Counter-Claimants at the time, Counter-Respondents have launched a F8Fit App as the unauthorized clone of the Morfit App.  Counter-Claimants are informed and believe that Counter-Respondents set up Boon Global Limited to be owned 100% by Mabel Mak; that Boon Global Limited owns in whole or in part F8 Vietnam Company Limited which offers the F8Fit App using intellectual property developed by Counter-Claimants under the Morfit Agreement, the rights to which do not belong to Counter-Respondents.  In effect, Counter-Respondents have breached the Morfit Agreement and have further misappropriated intellectual property rights to benefit entities that they have set up which exclude Narra despite their promises otherwise.

Dobson has controlled and operated Parkridge, CFYC, CMG, Boon Global Limited, and F8 Vietnam Company Limited as agents and/or joint venturers of each other.  Dobson has commingled assets and resources of the companies, and operated them with a unity of interest, such that they cannot and should not be deemed to be separate entities with respect to the

- 3 -

1  allegations stated herein.  Further, each of the foregoing entities has conspired and collaborated

2  with each other and with Dobson to commit the wrongs described herein.

3       For the foregoing reasons, Counter-Claimants seek recovery of compensatory,

4  consequential, incidental, and punitive damages in excess of $5,300,000, together with costs, fees,

5  and attorney's fees as provided for in the Morfit Agreement, jointly and severally against all

6  Counter-Respondents.  In addition, Counter-Claimants seek a declaration of their rights under the

7  Morfit Agreement.

8

9  Date: July 5, 2017           STRUCTURE LAW GROUP, LLP

10

11             By: _____

12                 Mark R. Figueiredo, Esq.
                Attorneys for Respondents

13                 INDYZEN, INC. and
                PRAVEEN NARRA KUMAR

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONDENTS' COUNTERCLAIM