1

2

3

4

Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

5

6

7

8

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

9

10

11

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

12

13

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>        Plaintiffs,<br>v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>        Defendants. | **Case No.** 16-cv-07387<br><br>**CALIFORNIA FITNESS & YOGA CENTERS COMPANY LIMITED'S MOTION TO DISMISS INDYZEN'S PETITION TO COMPEL ARBITRATION PURSUANT TO FRCP 12(b)(2), 12(b)(3), AND (12)(b)(6)**<br><br>Date:    February 16, 2018<br>Time:   9:00 AM<br>Dept.:  Courtroom 5, 2nd Floor<br>Judge:  Hon. Jeffrey S. White |
| INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>        Counter-Plaintiffs,<br>v.<br><br>PARKRIDGE LIMITED, a Hong Kong corporation, BOON GLOBAL LIMITED, a Hong Kong corporation, F8 VIETNAM COMPANY LIMITED, a Vietnam company, CALIFORNIA FITNESS & YOGA CENTERS, an entity of unknown form, CALIFORNIA MANAGEMENT GROUP, an entity of unknown form, and RANDY DOBSON, an individual,<br><br>        Counter-Defendants. | |

**MOTION TO DISMISS PETITION TO COMPEL ARBITRATION**

Counter-Defendant California Fitness & Yoga Centers Company Limited ("CFYC"), pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), moves to dismiss the Petition to Compel Arbitration (the "Petition") filed by Counter-Plaintiff Indyzen ("Indyzen"), for the reasons set forth below. CFYC notices this Motion for February 16, 2018 at 9:00 A.M., which is the date set by this Court for hearing on the Petition. *See* Status Report, ECF No. 42.

CFYC seeks that this Court dismiss with prejudice the Petition pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12 (b)(3) because this Court does not have personal jurisdiction and venue over CFYC. Furthermore, to the extent that this Court has jurisdiction, CFYC seeks a dismissal of the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to properly state a claim, and because Indyzen's claims against CFYC falls outside the scope of the arbitration clause agreed to by Indyzen and Parkridge Limited ("Parkridge").

# TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................................ v

I.      INTRODUCTION .................................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................................... 1

        A.      Background ................................................................................................... 1

        B.      Procedural History ....................................................................................... 2

III.    ARGUMENT ........................................................................................................... 3

        A.      There Is No Basis for Personal Jurisdiction over CFYC Because It Did Not
                Consent to Jurisdiction and Has No Contacts with California. ................... 3

                1.      This Court Does Not Have General Jurisdiction over CFYC. ........... 3

                2.      Specific Jurisdiction Does Not Exist over . ...................................... 4

        B.      The Petition Should Be Dismissed for Improper Venue. ............................. 6

        C.      Indyzen's Allegations to Compel CFYC to Arbitration Do Not Meet Pleadings
                Standards. ..................................................................................................... 6

        D.      The Petition Fails Because CFYC Was Not a Party to the Morfit Agreement and
                Never Agreed to Arbitration. ....................................................................... 8

                1.      Indyzen Erroneously Claims There Is a Presumption in Favor of
                        Compelling Non-signatories to Arbitration. ................................... 8

                2.      CFYC Cannot Be Compelled to Arbitrate Because It Is Not a Signatory
                        to the Morfit Agreement or any Agreement to Arbitrate with Indyzen. ........... 8

                3.      The Morfit Agreement's Arbitration Clause Is Narrow and Only Applies
                        to Disputes "Between" Parkridge and Indyzen, Not Non-signatories. ........... 9

                4.      Arbitration Cannot Be Compelled Against CFYC Under an Alter Ego
                        Theory. .......................................................................................... 10

                5.      Indyzen's Narrow Equitable Estoppel Argument Should Be Rejected
                        Because CFYC Did Not Exploit the Morfit Agreement. ................ 12

                6.      CFYC Is Not the Agent of Parkridge. ........................................... 14

                7.      CFYC Is Not a Third Party Beneficiary of the Morfit Agreement. ............... 14

        E.      The Arbitrator Does Not Have the Authority to Decide Whether Non-Parties to
                An Arbitration Agreement Are Within Its Jurisdiction. .............................. 14

# TABLE OF AUTHORITIES

**Cases**

*Adobe Sys. Inc. v. Trinity Software Distrib., Inc.*, No. C. 12-1614 SI,
2012 WL 3763643 (N.D. Cal. Aug. 29, 2012) ..............................................................4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................................12

*AT&T Techs., Inc. v. Commc'ns Workers*,
475 U.S. 643 (1986) ...................................................................................................v, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................12

*Benasra v. Marciano*,
112 Cal. Rptr. 2d 358 (Cal. Ct. App. 2001) .................................................................14

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) .........................................................................................................5

*Cape Flattery Ltd. v. Titan Mar., LLC*,
647 F.3d 914 (9th Cir. 2011) ....................................................................................13, 15

*Comer v. Micor, Inc.*,
436 F.3d 1098 (9th Cir. 2006) .......................................................................................12

*Exigen Properties, Inc. v. Genesys Telecommunications Laboratories, Inc.*, No. A140081,
2016 WL 520283 (Cal. Ct. App. Feb. 9, 2016) ..............................................................13

*First Options of Chi., Inc. v. Kaplan*,
514 U.S. 938 (1995) ........................................................................................................15

*Frank Gari Prods., Inc. v. Smith*, CV 12-248-GHK (FFMx),
2012 WL 12895672 (C.D. Cal. June 15, 2012) ..............................................................v, 6

*Fresno Motors, LLC v. Mercedes-Benz USA, LLC*, No. 1:10CV012 AWI DLB,
2010 WL 1136192 (E.D. Cal. Mar. 22, 2010) ..................................................................9

*Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, No. CV 09-4106 AHM (VBKx),
2009 WL 3672518 (C.D. Cal. Oct. 29, 2009) ....................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ..........................................................................................................3

*Grey v. Am. Mgmt. Servs.*, 139 Cal. Rptr. 3d 210 (Cal. Ct. App. 2012).........................8, 15

*Howsam v. Dean Witter Reynolds, Inc.*,
537 U.S. 79 (2002) ..........................................................................................................15

*Levy v. State Farm Mut. Auto. Ins.*,
58 Cal. Rptr. 3d 54 (Cal. Ct. App. 2007).........................................................................7

*Marsch v. Williams*,
28 Cal. Rptr. 2d 398 (Cal. Ct. App. 1994).........................................................................8

*Mundi v. Union Sec. Life Ins.*,
555 F.3d 1042 (9th Cir. 2009) ..............................................................................v, 8, 9, 12

*Nielson v. Union Bank of Cal., N.A.*,
290 F. Supp. 2d 1101 (C.D. Cal. 2003) .................................................................................. 11

*Pavlovich v. Super. Ct.*,
58 P.3d 2 (Cal. 2002) ............................................................................................................ 3

*Peralta v. Cal. Franchise Tax Bd.*,
124 F. Supp. 3d 993 (N.D. Cal. 2015) ............................................................................... 6, 7

*Pestmaster Franchise Network, Inc. v. Mata*, No. 16-cv-7268-EMC,
2017 WL 1956927 (N.D. Cal. May 11, 2017) ..................................................................... 3

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ............................................................................................. 4

*Riddle v. Leuschner*,
335 P.2d 107 (Cal. 1959) ................................................................................................... 11

*Sandoval v. Ali*,
34 F. Supp. 3d 1031 (N.D. Cal. 2014) ............................................................................. v, 11

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ............................................................................................. 5

*Sonora Diamond Corp. v. Super. Ct.*,
99 Cal. Rptr. 2d 824 (Cal. Ct. App. 2000) ....................................................................... 10

*Spinks v. Equity Res. Briarwood Apts*,
90 Cal. Rptr. 3d 453 (Cal. App. Ct. 2009) ....................................................................... 14

*Tracer Research Corp. v. Nat'l Env. Servs. Co.*,
42 F.3d 1292 (9th Cir. 1994) ............................................................................................ 13

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
363 U.S. 574 (1960) .......................................................................................................... 15

*Walden v. Fiore*,
134 S. Ct. 1115 (2014) ....................................................................................................... 4

*Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 10-cv-4458 EMC,
2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) .................................................................. 7

**Statutes**

28 U.S.C. § 1391 ...................................................................................................................... 6

9 U.S.C. § 4 ............................................................................................................................. 6

9 U.S.C. § 6 ............................................................................................................................. 1

**Rules**

Civil L.R. 7.3(c) ....................................................................................................................... 1

Federal Rules of Civil Procedure 12(b)(2) ........................................................................ v, 1

Federal Rules of Civil Procedure 12(b)(3) ........................................................................ v, 1

Federal Rules of Civil Procedure 12(b)(6) ........................................................................ v, 1

**SUMMARY OF ARGUMENT**

Indyzen brought its Petition in order to force CFYC, a Vietnam entity, to arbitrate claims under an agreement CFYC never signed (the "Morfit Agreement"). This Court should dismiss the Petition under F.R.C.P. 12(b)(2) and (b)(3) due to lack of personal jurisdiction and proper venue. CFYC is not a citizen of California, does not conduct business in California, and has nothing to do with the Morfit Agreement, a contract that never refers to CFYC nor provides it any substantive rights. California's long-arm statute cannot confer jurisdiction over CFYC under these circumstances.

Furthermore, to the extent that jurisdiction exists, CFYC nevertheless should be dismissed under F.R.C.P. 12(b)(6). Indyzen has not alleged any cognizable claim against CFYC. *See Frank Gari Prods., Inc. v. Smith*, CV 12-248-GHK (FFMx), 2012 WL 12895672, at *4 (C.D. Cal. June 15, 2012) (dismissing petition to compel arbitration for failure to plead a claim). Moreover, CFYC did not sign the Morfit Agreement's arbitration clause. By its very terms, the clause is narrow and only applies to disputes "between" Indyzen and Parkridge Limited ("Parkridge"). This express language excludes claims against CFYC. *See Mundi v. Union Sec. Life Ins.*, 555 F.3d 1042, 1045-47 (9th Cir. 2009) (rejecting petition to compel non-signatory to arbitration based upon a similar arbitration clause). Finally, Indyzen has not shown any equitable reason for compelling CFYC to arbitration. CFYC is not an alter ego of Parkridge, nor is CFYC a third party beneficiary or agent of Parkridge, despite Indyzen's unsupported conclusions to the contrary. *See Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (rejecting allegations based simply upon conclusions). For these reasons, this Court should dismiss CFYC from this case with prejudice. *See AT&T Techs., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986) ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.").

## I.      INTRODUCTION

Counter-Defendant CFYC,[1] through its undersigned counsel, submits this Motion to Dismiss Indyzen's Petition. CFYC brings this Motion pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6).[2]

## II.      STATEMENT OF FACTS

**A.      Background**

Parkridge was founded in 2013 to create a mobile software application combing health and fitness information with social media networking. Possessing limited technical expertise internally, Parkridge hired Praveen Narra Kumar ("Narra"), due to Narra's self-proclaimed experience in software development, as Chief Technology Officer ("CTO") to lead its mobile app development. After assuming his duties as CTO of Parkridge, Narra hired his own software company, Indyzen, to develop the mobile app. Narra helped Parkridge negotiate a contract with Indyzen, including providing the specifications for the mobile app and directing Parkridge as to necessary terms in the contract. On January 5, 2015, Parkridge signed a contract with Indyzen for development of the mobile app, known as the Morfit Agreement.

The result was disastrous for Parkridge. The mobile app, which was later known as Morfit (the "Morfit App"), did not work and was grossly inferior to comparable apps in the industry. Moreover,

---

[1]  CFYC is only appearing in a limited capacity, without prejudice to any defenses or arguments, and expressly reserve all rights including, but not limited to, challenging personal jurisdiction, the propriety of the jurisdiction before this Court, the propriety of the disputes before this Court, the propriety of the process, and the sufficiency of the allegations made.

[2]  Indyzen incorrectly filed its Petition as a Motion to Compel, whereas Petitions to Compel Arbitration constitute pleadings under 9 U.S.C. § 6 of the Federal Arbitration Act ("FAA"). Because Indyzen's Petition constitutes a "pleading," CFYC's Motion to Dismiss is an initial Motion which under Civil L.R. 7.3(c) further permits a reply. Accordingly, CFYC respectfully reserves the right to reply to any opposition to its Motion to Dismiss pursuant to the content and timing requirements of Civil L.R. 7.3(c).

Indyzen charged Parkridge exorbitant development prices. In short, Narra abused his position as Parkridge's CTO to siphon money from Parkridge to benefit himself and his company, Indyzen.

**B.**   **Procedural History**

Parkridge filed suit against Narra and Indyzen (collectively, "Defendants") in the Northern District of California on December 29, 2016. *See* Compl., ECF No. 1. Defendants then moved to compel arbitration as to Parkridge and Mabel Mak (collectively, "Plaintiffs"), Parkridge's sole shareholder, and stay the case. *See* Mot. to Compel Arb., ECF No. 12; Mot. to Stay, ECF No. 13. Plaintiffs opposed arbitration, particularly as to their claims against Narra, because the Morfit Agreement, which contained the arbitration provision, was only between Parkridge and Indyzen. The magistrate judge compelled arbitration and stayed the case, ruling that Plaintiffs' claims against Narra may have arisen out of his role under the Morfit Agreement, and the Arbitrator could determine the extent of his jurisdiction.

Accordingly, Plaintiffs filed a demand with the American Arbitration Association on June 8, 2017. Defendants filed counterclaims naming five additional entities—CFYC, Boon Global Limited ("Boon"), F8 Vietnam Company Limited ("F8"), California Management Group ("CMG"), and Randy Dobson in his individual capacity (collectively, the "Non-signatories")—who were not parties to the Morfit Agreement. Plaintiffs and the Non-signatories[3] moved to dismiss the counterclaims because: (1) they were outside the scope of the arbitration provision; (2) the Non-signatories were neither parties to nor bound by the Morfit Agreement; and (3) the counterclaims failed to state a claim. *See* Mot. to Dismiss Countercls., Ex. A. On November 6, 2017, the Arbitrator dismissed the five Non-signatories. *See* Proced. Order No. 2 at 11, Ex. B.

Indyzen subsequently filed a Petition to Compel Arbitration against the Non-signatories in the stayed federal case. *See* Pet. to Compel Arb., ECF No. 32. As the Non-signatories are not parties to

---

[3]   The Non-signatories appeared in the arbitration for the limited purpose of contesting the arbitral jurisdiction.

the pending federal litigation and never consented to the jurisdiction of the magistrate judge, at least one party filed a Declination to Proceed Before a Magistrate Judge, reassigning the case to this Court. *See* Declin., ECF No. 36.

### III.   ARGUMENT

**A.   There Is No Basis for Personal Jurisdiction over CFYC Because It Did Not Consent to Jurisdiction and Has No Contacts with California.**

There is no basis for personal jurisdiction over CFYC in California. Indeed, CFYC owns and operates workout gyms **located in Vietnam**, and has no business in the United States. CFYC is not a citizen of California, does not conduct business in California, and did not sign the Morfit Agreement. Under California's long-arm statute, personal jurisdiction is unable to be exerted over CFYC in these circumstances.

As an initial matter, Indyzen bears the burden of demonstrating facts justifying the exercise of personal jurisdiction over CFYC such that compelling CFYC to arbitration is proper. *Pavlovich v. Super. Ct.*, 58 P.3d 2, 6-7 (Cal. 2002). Indyzen has not met its burden.

### 1.   This Court Does Not Have General Jurisdiction over CFYC.

A court may find general personal jurisdiction where a defendant's "affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Pestmaster Franchise Network, Inc. v. Mata*, No. 16-cv-7268-EMC, 2017 WL 1956927, at *2 (N.D. Cal. May 11, 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Only in an "exceptional case" will general jurisdiction be available outside a corporation's place of incorporation and principal place of business. *See id.* at *2-3.

It is undisputed that CFYC is a Vietnam corporation with its principal place of business in Vietnam. *See* Aff. of CFYC, Ex. C. Its gyms are in Vietnam, not in the U.S. CFYC is accordingly not domiciled in California. Moreover, CFYC has no employees, agents, or representatives in California. CFYC has no bank accounts or real property in California and does not conduct business in, or target

or direct any of its activities, towards the state. *Id.* Thus, there is no basis for the exertion of general jurisdiction over CFYC.

Indyzen argues that this Court has general jurisdiction over CFYC because it "worked extensively with Narra while he was in California on the development of the Morfit App[ and that] F8 and Boon…marketed and sold the Morfit App in online app stores in California." Pet. for Order Compelling Arb. at 3, ECF No. 32-1. "CFYC owns gyms throughout Vietnam" and manages certain aspects of various companies. Aff. of Dobson at 2, Ex. D. Fundamentally, CFYC runs gyms in Vietnam, and is not in the software business. It never developed any software apps, including the Morfit App, never designed any app interface, and never reviewed or copied any software code for any apps. While CFYC permitted Parkridge to talk about the anticipated (though ultimately failed) release of the Morfit App at its office in Vietnam, and allowed some testing at its testing of the app prototype at its gyms in Vietnam, that is wholly insufficient to "form the necessary connection with" to render CFYC "essentially at home" in California. *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014); *see also Adobe Sys. Inc. v. Trinity Software Distrib., Inc.*, No. C. 12-1614 SI, 2012 WL 3763643, at *5 (N.D. Cal. Aug. 29, 2012) ( rejecting argument for general or specific jurisdiction and stating "[t]he standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence"); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781 (7th Cir. 2003) ("[C]ontracting with an out-of-state party alone cannot establish automatically sufficient minimum contacts in the other party's home forum.").

## 2.   Specific Jurisdiction Does Not Exist over .

The Ninth Circuit has established a three-prong test for analyzing specific jurisdiction:

(1) The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Adobe*, 2012 WL 3763643, at *5 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). The plaintiff bears the burden of establishing the first two prongs; if satisfied, the burden shifts to the defendant to "'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

As previously established, CFYC is a Vietnam entity that does not conduct business in California. CFYC and its activities are entirely unrelated to the allegations giving rise to the contractual dispute between Parkridge and Indyzen. CFYC did not sign the Morfit Agreement, nor does the contract contain any explicit or implicit reference to CFYC. Indyzen further fails to allege that CFYC had any role in contract negotiations or in any activities related to development of the Morfit App. Rather, Indyzen alleges (a) Dobson, Parkridge, CMG, and CFYC "are one and the same as F8 Fit and Boon,"[4] and (b) F8 offers the F8Fit App while supposedly using "intellectual property" allegedly owned by Indyzen. Mem. in Supp. of Pet. at 3, 8, ECF No. 32-2. Indyzen neither lays out any specific intellectual property that has been stolen nor demonstrates how any intellectual property was supposedly stolen, stark omissions given the Morfit Agreement states that any intellectual property developed by Indyzen related to the Morfit App is ***the property of Parkridge***. *See* Compl., Ex. B at 4-5, ECF No. 1-2. Indeed, such an accusation is nonsensical as to CFYC as it runs and operates gyms in Vietnam, and does not develop apps.

Moreover, Indyzen has not sufficiently pled this allegation and has not given adequate notice to a claim, or shown how this allegation relates to the contractual duties between Parkridge and Indyzen under the Morfit Agreement. *See Peralta v. Cal. Franchise Tax Bd.*, 124 F. Supp. 3d 993,

---

[4] CMG "is an association or network of independent companies who have strategic relationships with one another, and CMG's personnel and overall control is through CFYC." Aff. of Dobson at 3, Ex. D. Accordingly, CFYC addresses Indyzen's baseless allegations as related to CMG and CFYC.

1001 (N.D. Cal. 2015) (noting that the "infringement claim also fails because [plaintiff] has not put defendants on notice of the alleged infringement in any meaningful detail"). Because Indyzen has not shown any evidence or allegations of how CFYC allegedly "targeted its infringing activities" to California, nor any contractual provision it had violated, there is no personal jurisdiction over CFYC.

**B.      The Petition Should Be Dismissed for Improper Venue.**

Under 9 U.S.C. § 4, venue is proper on a petition to compel arbitration in "any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties." 9 U.S.C. § 4; *also* 28 U.S.C. § 1391 (providing standard for venue). Because this Court lacks personal jurisdiction over CFYC for the reasons stated above, venue in the Northern District of California is also improper.

**C.      Indyzen's Allegations to Compel CFYC to Arbitration Do Not Meet Pleadings Standards.**

Indyzen's petition has not met basic pleadings standards required under the Federal Rules of Civil Procedure and therefore should be dismissed. Fundamentally, Indyzen neither puts this Court nor CFYC on notice of exactly what claims are to be decided against CFYC in arbitration. Indyzen chose not to file a complaint or counterclaim against CFYC and instead petitioned this Court to compel arbitration under the FAA without specifying its asserted allegations. A petition to compel arbitration must still meet basic pleading standards under the Federal Rules of Civil Procedure, however. *See Frank Gari*, 2012 WL 12895672, at *4 ("Plaintiffs set forth no factual allegations in the Petition to support their conclusory statement that they have claims against [Defendant]. While Plaintiffs need not articulate their claims against Defendant in as detailed a fashion as they would in a complaint, they must provide sufficient factual allegations about their purported claims for us to determine whether the claims fall within the scope of the arbitration clause."); *Fund Raising, Inc. v. Alaskans for Clean Water, Inc.*, No. CV 09-4106 AHM (VBKx), 2009 WL 3672518, at *4 (C.D. Cal.

Oct. 29, 2009) (concluding Petitioner failed to allege "sufficient non-conclusory facts that would enable it to establish alter ego").

Neither the allegations raised in the Petition against CFYC nor in the arbitration meet basic pleadings standards for purposes of deciding Indyzen's Petition. First, the breach of contract counterclaim fails to allege facts to give sufficient notice about how the Morfit Agreement was conceivably breached by CFYC. *See Levy v. State Farm Mut. Auto. Ins.*, 58 Cal. Rptr. 3d 54, 57 (Cal. Ct. App. 2007) ("Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity."). No such alleged breaches of the Morfit Agreement were pled by Indyzen against CFYC.

The arbitration counterclaims also allude to a vague "misappropriation of intellectual property" claim against CFYC. CFYC is unable to discern whether Indyzen is raising a patent infringement, trade secret misappropriation, copyright infringement, or any other claim related to intellectual property. Regardless of Indyzen's past and future characterizations, the claim falls well short of pleadings requirements. Notably, Indyzen fails to identify the intellectual property, the scope of Indyzen's alleged rights to the intellectual property, how its rights were somehow misappropriated, who specifically wrongfully used the intellectual property, and the circumstances of any alleged wrongful use. *See Peralta*, 124 F. Supp. 3d at 1000 (dismissing individuals because plaintiff had "not alleged a sufficient nexus between them and the alleged infringement"); *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 10-cv-4458 EMC, 2011 WL 4079231, at *4 (N.D. Cal. Sept. 12, 2011) (generic descriptions of accused product, *i.e.*, "computer chips, motherboards, computers" were insufficient to state infringement claim). Indyzen further fails to provide this Court with a proper basis for ascertaining whether such a claim falls within the Morfit Agreement's arbitration clause.

**D.    The Petition Fails Because CFYC Was Not a Party to the Morfit Agreement and Never Agreed to Arbitration.**

Indyzen's Petition ignores a fundamental legal principle: a party cannot compel another party to arbitration where those entities never signed an agreement with an arbitration clause. *See Marsch v. Williams*, 28 Cal. Rptr. 2d 398, 400 (Cal. Ct. App. 1994) ("[A] party can be compelled to submit a dispute to arbitration only where he has agreed in writing to do so.").

**1.    Indyzen Erroneously Claims There Is a Presumption in Favor of Compelling Non-signatories to Arbitration.**

As an initial matter, Indyzen incorrectly argues that there is a presumption in favor of arbitration regarding CFYC. *See* Mem. in Supp. of Pet. at 4, ECF No. 32-2 (Indyzen claiming that the "burden of proof" is on the parties "resisting arbitration"). To the contrary, the "general principle [is] that only those who have agreed to arbitrate are obliged to do so." *Mundi*, 555 F.3d at 1046; *Grey v. Am. Mgmt. Servs.*, 139 Cal. Rptr. 3d 210, 214 (Cal. Ct. App. 2012) ("[F]undamentally, a party is not obligated to arbitrate unless he or she has expressly agreed to do so by entering into a valid and enforceable written contract with the party who seeks arbitration.").

**2.    CFYC Cannot Be Compelled to Arbitrate Because It Is Not a Signatory to the Morfit Agreement or any Agreement to Arbitrate with Indyzen.**

CFYC did not sign the Morfit Agreement, did not agreed to arbitrate any disputes with Indyzen, and is not a signatory or a party. *See* Compl., Ex. B, ECF No. 1-2; *see also AT&T*, 475 U.S. at 649 ("[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). Rather, the software development agreement to develop the Morfit App was between two parties: Indyzen, Inc. and Parkridge Ltd. Zero language in the Morfit Agreement explicitly or implicitly refers to CFYC. Indeed, Indyzen has not identified any contract between Indyzen and CFYC, let alone one with an arbitration clause. Moreover, CFYC has never conducted business with Indyzen, nor does Indyzen allege it. These facts are dispositive.

Because CFYC did not agree to arbitrate the claims and counterclaims with Indyzen, it cannot be required to arbitrate them.

### 3. The Morfit Agreement's Arbitration Clause Is Narrow and Only Applies to Disputes "Between" Parkridge and Indyzen, Not Non-signatories.

The Morfit Agreement has a very narrow arbitration clause that by its terms does not apply to CFYC. The arbitration clause is expressly limited to "any dispute or disagreement ***between*** the Company and the Customer…." *See* Compl., Ex. B, ECF No. 1-2 (emphasis added). Under the Morfit Agreement, "Company" is defined as "Indyzen[ ]Inc.," and "Customer" is defined as "Parkridge Limited." *Id.* The arbitration clause contains no broad language to show any intent to arbitrate matters other than disputes between the defined parties. *See Fresno Motors, LLC v. Mercedes-Benz USA, LLC*, No. 1:10CV012 AWI DLB, 2010 WL 1136192, at *4 (E.D. Cal. Mar. 22, 2010) ("The public policy favoring arbitration does not apply to disputes the parties have not agreed to arbitrate.").

In *Mundi*, the Ninth Circuit addressed a very similar arbitration clause to the one at issue here that was also limited to disputes "between" defined parties. 555 F.3d at 1047. The Ninth Circuit rejected the argument that a non-signatory should be compelled to arbitration because the arbitration agreement at issue was "premised on a disagreement ***between*** Wells Fargo and the borrower." *Id.* at 1045, 1047 (emphasis added) ("[A]ny disagreement between the borrower and a third party…is simply not within the scope of the arbitration agreement, even if it is related in some attenuated way to the subject of the agreement.). The Morfit Agreement's arbitration clause contains the **same** qualifying language as in *Mundi*, limiting arbitration disputes "between" defined parties: Indyzen and Parkridge.

Despite the Morfit Agreement's explicit language and clear intentions, Indyzen argues this Court should force CFYC into arbitration based upon vague theories of alter ego, agency, equitable estoppel, or third party beneficiary status. While on rare occasions courts have applied these principles to require a non-signatory to participate in arbitration, these exceptions do not apply here, and any

notions of fairness and equity further prevent CFYC from being forced into an arbitration that it did not agree to.

### 4.   Arbitration Cannot Be Compelled Against CFYC Under an Alter Ego Theory.

Indyzen first argues that CFYC should be compelled into arbitration, (a) alleging Parkridge, CMG, and CFYC are one and the same entity, and (b) conflating CMG with the"CMG.ASIA Limited" entity. *See* Mem. in Supp. of Pet. at 6, ECF No. 32-2. Indyzen seeks an order from this Court disregarding CFYC's corporate structures and binding it to Parkridge's contractual obligations based on nothing more than allegations that all entities related to Dobson are "one and the same." This argument is meritless.

Indyzen's conclusory assertions that Parkridge, CMG, CFYC, and CMG.ASIA are one and the same are belied by the facts. CMG "is an association or network of independent companies who have strategic relationships with one another, and CMG's personnel and overall control is through CFYC." Aff. of Dobson at 3, Ex. D. "CMG.ASIA Limited is an inactive company" and "is not associated with CMG, CFYC, or Parkridge." *Id.* Moreover, "[t]he 'cmg.asia' website is the website for CMG," and CMG.ASIA Limited "does not own the website or any brands associated with the 'cmg.asia' website or CMG." *Id.* For example, UFC Gym, a CMG-associated company and strategic partner, is…one independent company operating in the CMG network. Neither CMG nor CFYC owns or is the same entity as UFC. *Id.* Accordingly, as CMG.ASIA Limited in an unrelated and dormant entity, and that is not named in and is entirely unrelated to this dispute, CFYC directs its response to Indyzen's allegations as related to CMG and CFYC.

CFYC is a legal entity with its own distinct liabilities and obligations that is separate and distinct from its stockholders, officers and directors. Aff. of CFYC at 1, Ex. C; *and see Sonora Diamond Corp. v. Super. Ct.*, 99 Cal. Rptr. 2d 824, 836 (Cal. Ct. App. 2000). Under California law, for a court to disregard a corporate identity, a plaintiff must establish: (1) such a unity of interest and

ownership exists that the personalities of the corporation and individual are no longer separate, and (2) an inequitable result will follow if the acts are treated as those of the corporation alone. *See Sandoval*, 34 F. Supp. 3d at 1040. A plaintiff must establish both of these elements by facts supporting each. *See Nielson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003); *Sandoval*, 34 F. Supp. 3d at 1040 (finding that plaintiff's alter ego allegations were "too conclusory to survive a motion to dismiss").

Indyzen does not allege unity of interest or fraud. The crux of Indyzen's argument is that CFYC, Parkridge, and the other Non-signatories all have common ownership, and therefore should all be treated as a single entity. "Common ownership alone," however, "is insufficient to disregard the corporate form." *Sandoval*, 34 F. Supp. 3d at 1040 (dismissing alter ego claims because common ownership is insufficient to treat two separate entities as the same entity); *see also Riddle v. Leuschner*, 335 P.2d 107, 109-10 (Cal. 1959) (rejecting alter ego claim based upon the same person having roles or positions in different companies). The Petition also labels CFYC and the Non-signatories as "sham companies," "one and the same," and corporate "fronts."[5] Mem. in Supp. of Pet. at 6, ECF No. 32-2. Indyzen's recitation of these unsupported adjectives does not establish the existence of an alter ego relationship between CFYC and Parkridge, as no facts are provided to show CFYC disregarded corporate formalities or operated as a fraud, allegations that would have been required to be pled with particularity under F.R.C.P. 9(b) and were not. *See Sandoval*, 34 F. Supp. 3d at 1040 (imposing a heightened pleading standard and noting that a party "must allege specifically both of the elements of alter ego liability, as well as facts supporting each").

Furthermore, Indyzen has not shown (or even alleged) that CFYC is underfunded, disregards corporate formalities, lacks corporate records, or shares identical officers and employees with any of the other entities—all relevant factors for establishing alter ego liability. *See Nielson*, 290 F. Supp. 2d

---

[5]  CFYC takes exception to the characterizations used by Indyzen; they are defamatory, untrue, and unsupported in fact.

at 1115 (party must allege facts supporting each element of alter ego relationship). Indeed, such allegations could not, in good faith, be made against CFYC; the evidence shows that it maintains corporate formalities, *i.e.*, has separate bank accounts, is adequately funded, is separately owned and managed, maintains corporate records, and is located in different places. *See* Aff. of CFYC, Ex. C. Indyzen therefore has not provided any basis to compel arbitration based upon the alter ego doctrine.

**5.    Indyzen's Narrow Equitable Estoppel Argument Should Be Rejected Because CFYC Did Not Exploit the Morfit Agreement.**

To bind a non-signatory to an arbitration clause under an equitable estoppel theory, a party must demonstrate the non-signatory "knowingly exploit[ed] the agreement containing the arbitration clause despite having never signed the agreement." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006). Furthermore, the Ninth Circuit construes the equitable estoppel exception narrowly in the context of a signatory seeking to compel a non-signatory into arbitration. *See Mundi*, 555 F.3d at 1046 (labeling the equitable estoppel exception as within "very narrow confines" in light of the "general principle that only those who have agreed to arbitrate are obliged to do so").

Applying the Ninth Circuit's *Comer* test, Indyzen's allegation of equitable estoppel fails because it has not shown that CFYC knowingly exploited the Morfit Agreement. CFYC is not connected in any way to the contractual dispute between Parkridge and Indyzen. The Morfit Agreement neither refers to CFYC nor expressly or impliedly confers any contractual rights upon CFYC. The Petition notably omits any allegations that CFYC received any revenue, product code, or anything else of value from Indyzen, important factors under an equitable estoppel analysis.

Indyzen's claim of equitable estoppel further fails because their allegations that CFYC misappropriated Indyzen's intellectual property does not meet the *Twombly* or *Iqbal* standards, and nevertheless falls outside of the arbitration clause. *See* Mem. in Supp. of Pet. at 10, ECF No. 32-2; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As stated

1

above, Indyzen's "misappropriation" claim fails basic pleadings standards and is factually

2

underdeveloped.

3

But even if properly alleged, such a tort claim is not the proper subject of arbitration when the

4

Morfit Agreement's arbitration clause expressly is limited to claims between Parkridge and Indyzen.

5

*See Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 924 (9th Cir. 2011) (holding that tort claim

6

was not arbitrable under the parties' arbitration clause); *Tracer Research Corp. v. Nat'l Env. Servs.*

7

*Co.,* 42 F.3d 1292, 1295 (9th Cir. 1994) (finding that misappropriation claim was not a proper subject

8

for arbitration where the arbitration clause was narrow).

9

Indyzen cites to an unpublished opinion, *Exigen Properties, Inc. v. Genesys*

10

*Telecommunications Laboratories, Inc.*, in support of its position, but it is distinguishable. No.

11

A140081, 2016 WL 520283 (Cal. Ct. App. Feb. 9, 2016). First, the arbitration clause at issue in

12

*Exigen* had significantly different scope than present here, and applied to "any" disputes "arising out

13

of or in connection with" the contract, which is substantially broader than the Morfit Agreement's

14

arbitration clause. *Id.* at *1-2. Furthermore, the non-signatory in *Exigen* received direct benefits from

15

the contract in the form of marketing, pricing discounts, promotion, and maintenance of shared

16

confidential information. *Id.* at *9. In contrast, Indyzen has not shown that CFYC received anything

17

18

from Indyzen.

19

Indyzen also claims that CFYC is "inextricably intertwined" with Parkridge without providing

20

any facts or case law in support of this argument. Indyzen accordingly cannot establish an equitable

21

estoppel basis to compel CFYC into arbitration, as CFYC did not knowingly exploit the Morfit

22

Agreement, and the allegations are insufficiently pled and would nevertheless fall outside of the

23

arbitration clause if true.

24

25

26

27

28

6.      **CFYC Is Not the Agent of Parkridge.**

Indyzen's Petition provides zero factual allegations linking CFYC to Parkridge or Mak. Rather, Indyzen alleges CFYC is an agent of Parkridge merely because Dobson signed the Morfit Agreement. Under California law, signing an arbitration agreement as an agent for a disclosed principal does not bind the agent to arbitrate claims brought against him personally. *Benasra v. Marciano,* 112 Cal. Rptr. 2d 358, 361-62 (Cal. Ct. App. 2001) (stating agent was "not the one who wants to be bound by the arbitration provision in a contract that he signed only in a representative capacity"). Indyzen's agency argument should be rejected, as CFYC did not sign the Morfit Agreement, and even if CFYC did, it is not bound to arbitrate claims brought against it personally under California law.

7.      **CFYC Is Not a Third Party Beneficiary of the Morfit Agreement.**

In order to determine whether a contract was made for the benefit of a third person, a court must look at whether the parties' intent to benefit a third person appears from the terms of the contract. *Spinks v. Equity Res. Briarwood Apts*, 90 Cal. Rptr. 3d 453, 468-69 (Cal. App. Ct. 2009). Here, CFYC is not named in the Morfit Agreement, nor is there clear intent in the terms of the Morfit Agreement to benefit CFYC. Rather, the contract was to benefit Parkridge by Indyzen developing a mobile app for it, and not for CFYC. Thus, CFYC is not a third party beneficiary of the Morfit Agreement.

E.      **The Arbitrator Does Not Have the Authority to Decide Whether Non-Parties to An Arbitration Agreement Are Within Its Jurisdiction.**

Indyzen's request for the Court Order to empower the Arbitrator "to decide whether additional parties can be added to the arbitration in the future" without court review is patently contrary to basic principles of contract, arbitration and due process. *See* Indyzen's Mem. in Supp. of Pet. at 13, ECF No. 32-2. Arbitration is a "matter of contract," and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Gulf*

*Navigation Co.*, 363 U.S. 574, 582 (1960); *see also Grey*, 139 Cal. Rptr. 3d at 212-15. Disputes about whether a party is bound by a given arbitration clause "raises a 'question of arbitrability' for a court to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). A court "should not assume that the parties agreed to arbitrate arbitratibility unless there is clear and unmistakable evidence that they did so." *Cape Flattery*, 647 F.3d at 920 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Because any currently unidentified additional companies have clearly not signed the Morfit Agreement, zero evidence supports Indyzen's request to provide the Arbitrator with boundless authority to decide which parties are within its jurisdiction.

DATED:  January 18, 2018

Respectfully submitted,


By:  /s/ Adam Wolek
Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on January 18, 2018, she caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

DATED: January 18, 2018                    Taft Stettinius & Hollister LLP


                                           By:   /s/ Adam Wolek