# EXHIBIT E

Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>　　　　　　　　　　Defendants.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>　　　　　　　　　　Counter-Plaintiffs,<br>v.<br><br>PARKRIDGE LIMITED, a Hong Kong corporation, BOON GLOBAL LIMITED, a Hong Kong corporation, F8 VIETNAM COMPANY LIMITED, a Vietnam company, CALIFORNIA FITNESS & YOGA CENTERS, an entity of unknown form, CALIFORNIA MANAGEMENT GROUP, an entity of unknown form, and RANDY DOBSON, an individual,<br>　　　　　　　　　　Counter-Defendants. | **Case No.** 16-cv-07387<br><br>**[PROPOSED] ORDER GRANTING CALIFORNIA FITNESS & YOGA CENTERS COMPANY LIMITED'S MOTION TO DISMISS INDYZEN'S PETITION TO COMPEL ARBITRATION PURSUANT TO FRCP 12(b)(2), 12(b)(3), AND (12)(b)(6)**<br><br>Date:　　February __, 2018<br>Time:　　N/A<br>Dept.:　　N/A<br>Judge:　　Hon. Jeffrey S. White |

**[PROPOSED] ORDER**

This matter having come before the Court on Counter-Plaintiff Indyzen, Inc.'s ("Indyzen") Petition to Compel Arbitration (the "Petition") as to California Fitness & Yoga Centers Company Limited ("CFYC"), due notice having been given, and the Court being fully advised,

**IT IS HEREBY ORDERED:**

1. CFYC's Motion to Dismiss the Petition is hereby GRANTED. This Court does not have personal jurisdiction and venue over CFYC as required by Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). Furthermore, to the extent that this Court has jurisdiction, the Petition should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to properly state a claim. Indyzen's claims against CFYC fall outside the scope of the arbitration clause agreed to by Indyzen and Parkridge Limited.

2. CFYC is dismissed from this matter with prejudice.

Dated: _____

_____
HONORABLE JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE