Mark R. Figueiredo, Esq. (SBN 178850)
Ethan G. Solove, Esq. (SBN 308026)
Gokalp Y. Gurer, Esq. (SBN 311919)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California 95110
Telephone: (408) 441-7500
Facsimile: (408) 441-7501

Attorneys for Defendant and Counter-Claimaint
INDYZEN, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>                    Plaintiffs,<br><br>         v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>                    Defendants,<br><br>AND RELATED CROSS-ACTION. | CASE NO.  16-CV-07387-JSW<br><br>**COUNTER-CLAIMANT INDYZEN, INC.'S OBJECTION TO CROSS-DEFENDANTS' "MOTIONS TO DISMISS" INDYZEN'S PETITION TO COMPEL ARBITRATION AND REQUEST TO DEEM THE "MOTIONS TO DISMISS" AS OPPOSITION BRIEFS**<br><br>Date:        March 9, 2018<br>Time:       9:00 AM<br>Dept.:       Courtroom 5, 2nd Floor<br>Judge:      Hon. Jeffrey S. White |

Counter-Claimant Indyzen, Inc. ("Indyzen") hereby files this objection to each of the "Motions to Dismiss Petition to Compel Arbitration" filed on January 18, 2018 (Dkt. Nos. 43-50) respectively by Counter-Defendants Randy Dobson, California Fitness & Yoga Centers, F8 Vietnam Company Limited, and Boon Global Limited (all jointly referred to as the "Counter-Defendants" throughout this objection). Indyzen objects to the "Motions to Dismiss" because they are not proper procedural responses to the Petition to Compel Arbitration filed by Indyzen on December 14, 2017 (Dkt. Nos. 32 and 41), which is scheduled for hearing on February 16, 2018. Indyzen believes that Counter-Defendants are attempting to use "Motions to Dismiss" instead of

proper opposition briefs for gamesmanship purposes that include trying (1) to push the hearing date for Indyzen's petition even further out than it already has been; (2) to attempt to argue that any reply brief filed by Indyzen for its petition is improper, and (3) to try to write sur-replies to the petition while labeling the sur-replies as replies to the "Motions to Dismiss." Indyzen files this objection solely to flag the improper procedure to the Court, does not intend for it to be a formal reply brief or response, and reserves all rights for a full briefing on all filings currently at bar.

In each of their "Motions to Dismiss," Counter-Defendants assert that they believe a motion to dismiss is the right way to respond to a petition to compel arbitration, but they do not provide any legal backing for this assertion. (*see* fn. 2 in each filing.) Contrary to Counter-Defendants' assertion, an opposition brief is the proper response to a petition to compel arbitration, since the governing statute plainly says that these types of petitions "shall be made and heard in the manner provided by law for the making and hearing of motions." (9 U.S.C. § 6, providing procedure for petitions to compel arbitration under 9 U.S.C. § 4 like the one currently at bar.) Indeed, there is no law that states that Counter-Defendants' "Motions to Dismiss" are proper responses to a petition to compel arbitration. Thus, it was improper for Counter-Defendants to file "Motions to Dismiss" in response to Indyzen's petition. Further, it seems likely that Counter-Defendants' counsel was aware of the proper procedure, as he previously filed an opposition brief to a petition to compel in this case less than a year ago on March 22, 2017 (Dkt. No. 19.) Additionally, the "Motions to Compel" were filed on the deadline for Counter-Defendants opposition briefs to Indyzen's petition.

For the foregoing reasons, Indyzen respectfully requests that the Court sustain its objection to the "Motions to Dismiss" filed by Counter-Defendants on January 18, 2018, order that Counter-Defendants' "Motions to Compel" are deemed to be opposition briefs to Indyzen's petition to compel arbitration currently at bar, vacate any hearing dates currently scheduled relating to the "Motions to Dismiss", and order Counter-Defendants not to schedule any further hearing dates for the "Motions to Dismiss". Indyzen also respectfully requests that the Court not grant any requests from Counter-Defendants to reschedule Indyzen's Petition to Compel hearing

dates to accommodate their "Motions to Dismiss" hearing date, to the extent that such types of requests are made in the future.

Dated: January 19, 2018                    STRUCTURE LAW GROUP, LLP


                                           By: /s/ Ethan G. Solove
                                                Ethan G. Solove, Esq.
                                                Attorneys for Defendant and Cross-Claimant
                                                INDYZEN, INC.

OBJECTION TO COUNTER-DEFENDANTS' "MOTIONS TO DISMISS"