Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br>　　　　　　　　　Plaintiffs,<br>v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>　　　　　　　　　Defendants.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>　　　　　　　　　Counter-Plaintiffs,<br>v.<br><br>PARKRIDGE LIMITED, a Hong Kong corporation, BOON GLOBAL LIMITED, a Hong Kong corporation, F8 VIETNAM COMPANY LIMITED, a Vietnam company, CALIFORNIA FITNESS & YOGA CENTERS, an entity of unknown form, CALIFORNIA MANAGEMENT GROUP, an entity of unknown form, and RANDY DOBSON, an individual,<br>　　　　　　　　　Counter-Defendants. | Case No. 16-cv-07387<br><br>**CFYC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PETITION TO COMPEL ARBITRATION**<br><br>Date:　　March 9, 2018<br>Time:　　9:00 AM<br>Dept.:　　Courtroom 5, 2nd Floor<br>Judge:　　Hon. Jeffrey S. White |

22043556.4

### COUNTER-DEFENDANT CFYC'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS THE PETITION TO COMPEL ARBITRATION

Counter-Defendant California Fitness & Yoga Centers Company Limited ("CFYC") submits this reply in support of its motion to dismiss the Petition to Compel Arbitration ("Petition") filed by Counter-Plaintiff Indyzen ("Indyzen"), for the reasons set forth below.

**I.      Indyzen's argument that CFYC violated procedural rules is meritless.**

As an initial matter, Indyzen attacks CFYC's motion to dismiss the Petition as mere "gamesmanship" designed to allow for CFYC to file a reply brief. Indyzen fails to acknowledge that this Court accepted CFYC's motion and set forth a briefing schedule, thereby allowing CFYC to file this reply. *See* Dkt. 53. As argued in CFYC's opening brief, the motion to dismiss is proper because the Petition contains jurisdictional and pleadings deficiencies under the Federal Rules of Civil Procedure. *See, e.g., Amergent Techs., LLC v. TransAtlantic Lines, LLC,* 16-cv-1140 JLS, 2017 WL 3337166, at *6 (S.D. Cal. Aug. 4, 2017) (granting motion to dismiss a petition to compel arbitration due to lack of personal jurisdiction); *Frank Gari Prod., Inc. v. Smith,* CV 12-248-GHK, 2012 WL 12895672, at *5 (C.D. Cal. June 15, 2012) (granting motion to dismiss a petition to compel arbitration due to pleadings failures). Indyzen has cited no authority to the contrary. And ironically, despite alleging "gamesmanship" on the part of the non-signatories, it was Defendant Indyzen who chose to file a petition in a matter where no counter-claims had been previously asserted, and where none of the newly-added entities were parties to the suit or had even been previously identified there.

**II.     Indyzen fails to show CFYC targeted California nor provides evidence supporting personal jurisdiction here.**

Indyzen argues that it submitted "almost 100 pages of hard evidence" showing a "vast sham web," and that CFYC "did not submit any." Dkt. 54, pp. 1-2. This argument is misleading

for three reasons. First, CFYC does not bear the burden of proving it is *not* subject to personal jurisdiction in this state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Rather, Indyzen bears the burden of establishing that: (1) CFYC purposefully directed its activities at California, thereby invoking the benefits and protections of California laws; and (2) the claim against CFYC arises out of CFYC's forum-related activities. *Id.* *Only if* Indyzen succeeds in satisfying both of those prongs, does the burden shift to CFYC to present proof that the exercise of jurisdiction would be unreasonable. *Id.* Indyzen has not met its burden of proof, and therefore CFYC does not have the burden of producing *any* evidence.

Second, even if Indyzen arguably had met its burden on proving CFYC's purposeful availment, and that the claims against CFYC arise out of its forum-related activities, the affidavit testimony submitted by CFYC counter Indyzen's "hard evidence", including Praveen Narra's ("Narra") self-serving affidavit heavily relied upon by Indyzen. *See* Dkt. 44-3 (declaration stating that CFYC observes corporate formalities, has no contacts with California, and never entered into any agreements with Indyzen or Narra).

Third, Indyzen's assertion that it submitted one-hundred pages of "evidence" is hollow as those documents are irrelevant to personal jurisdiction or any of Indyzen's allegations. Of the documents submitted, only a few pages relate to CFYC, and these pages are immaterial. For instance, Narra, in his affidavit, alleges that he interacted with individuals from CFYC relating to the Morfit App's development, but he does not state who these specific individuals were or their roles for CFYC regarding the Morfit App. *See* Dkt. 32-11, p. 3. Narra also alleges that CFYC worked with Indyzen for "several months on the Morfit App." *Id.* However, in terms of evidentiary support for this allegation, Indyzen only cites to a vague email chain discussing hotel reservations for two individuals (with no last names) and for one night. *See* Dkt. 32-16. The

email chain does not answer any questions regarding: (1) the role that these two individuals had regarding the Morfit App; (2) the role these individuals have for CFYC; (3) how long they would be working with Indyzen; or (4) whether CFYC was acting on behalf of Parkridge. *See id.* Indyzen also alleges that Dobson sent Indyzen information about CFYC trainers (*see* Dkt. 32-11, p. 4), an allegation that has no relevance other than showing that CFYC is in a different business than Parkridge and Indyzen. Similarly irrelevant is Narra's allegation that news about the Morfit App's launch was made by Dobson at CFYC's headquarters. Dkt. 32-17. This does not show anything other than cooperation amongst a fitness entity and a potential software provider. Finally, Indyzen points to an email from Hanh Nguyen to internal CFYC/CMG employees discussing the company's policy on deletion of documents containing sensitive information (about CFYC's customers) when those documents are no longer being used. This email does not refer to Parkridge, Indyzen, the Morfit App, or anything related to the Petition. Like the rest of Indyzen's "hard evidence," it is irrelevant.

Indyzen does not explain how these documents are sufficient to confer *specific jurisdiction* over CFYC, a Vietnam entity. *See Terracom v. Valley Nat. Bank,* 49 F.3d 555, 560 (9th Cir. 1995) (finding that no specific personal jurisdiction existed over the defendant where the plaintiff's claims did not arise out of the defendant's forum-related contacts. The undisputed fact is that CFYC is not a citizen of California, does not conduct business in California, and has nothing to do with the Morfit Agreement.

**III.   Indyzen fails to articulate a basis for alter ego liability.**

Indyzen's main argument for why personal jurisdiction exists over CFYC is based upon the alter ego doctrine. Indyzen fails to note that it carries the burden of establishing alter ego liability, given that courts disfavor this doctrine. *See Leek v. Cooper*, 194 Cal. App. 4th 399, 416

3
CFYC's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

(2011) ("Because the alter ego theory was not adequately pleaded, [defendant] had no burden to show that plaintiffs' alter ego claim could not be established."). Indyzen fails to recognize that a finding of alter ego liability is disfavored, and for good reason: "Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Id.* at 411. The corporate form "will be disregarded *only* in narrowly-defined circumstances and only when the ends of justice so require." *See id.* (finding that the plaintiffs did not adequately plead alter ego liability) (emphasis added); *21st Century Fin. Servs., LLC v. Man. Fin. Bank,* 255 F. Supp. 3d 1012, 1021 (S.D. Cal. 2017) ("Imposition of alter ego liability is an extreme remedy, to be sparingly used and approached with caution") (internal quotations omitted).

In its motion to dismiss, CFYC articulated why Indyzen's theory, based only on alleged common ownership between CFYC and Parkridge, is insufficient to establish alter ego liability. *See* Dkt. 44, p. 17. Indyzen fails to address CFYC's case law. *See, e.g., Sandoval v. Ali,* 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (dismissing alter ego claims because common ownership is insufficient to treat two separate companies as the same entity). Notably, Indyzen did not address the relevant factors for alter ego liability, such as: (1) "inadequate capitalization"; (2) "commingling of funds and other assets of the two entities;" (3) the "holding out by one entity that it is liable for the debts of the other;" (4) "use of the same offices and employees;" (5) "disregard of corporate formalities;" (6) "lack of segregation of corporate records;" and (7) "identical directors and officers." *See 21st Century,* 255 F. Supp. 3d at 1022 (evaluating alter ego factors and finding that the plaintiff did not meet its burden of showing alter ego liability). Indeed, the only direct evidence on these factors is the affidavit of Randy Dobson that CFYC maintains these corporate formalities. *See* Dkt. 45-3. And, Indyzen has failed to allege any

4
CFYC's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

fraud or injustice on the part of CFYC that would require the Court to pierce the corporate veil of Parkridge. *See Leek,* 194 Cal. App. 4th at 413-14. At best, Indyzen has merely shown that some of the non-signatories work together in the fitness industry abroad. That is not enough to confer alter ego liability across all of these cooperating entities. If it were, then companies would not be incentivized to work together on corporate ventures due to potential liability accruing over each other's affairs. *See* Dkt. 44-3. Indyzen's alter ego arguments fail factually, legally and on public policy grounds. Indyzen has not established personal jurisdiction over CFYC.

### IV. Indyzen fails to address its inadequate pleadings.

In its motion to dismiss, CFYC illustrated that the Petition fails under proper Rule 12(b)(6) pleadings standards because it does not allege any cognizable claims under federal or state law. *See Frank Gari Prods., Inc. v. Smith,* CV 12-248-GHK (FFMx), 2012 WL 12895672, at *4 (C.D. Cal. June 15, 2012) (dismissing petition to compel arbitration for failure to plead a claim). Indyzen fails to address *Frank Gari*, and instead argues that it does not have to plead its claims because no complaint was filed. *See* Dkt. 54, p. 7. Indyzen is mistaken.

The key inquiry before this Court is whether the arbitration clause in the Morfit Agreement requires CFYC to submit to arbitration for the dispute Indyzen alleges against it. *Mundi v. Union Sec. Life Ins. Co.,* 555 F.3d 1042, 1044-45 (9th Cir. 2009). Under this inquiry, this Court must analyze *the nature of the claims* against CFYC, and then determine whether the *scope of the arbitration clause* encompasses these claims. *See Frank Gari*, 2012 WL 12895672, at *4 (stating that the plaintiffs were required to "provide sufficient factual allegations about their purported claims for us to determine whether the claims fall within the scope of the arbitration clause."). Here, Indyzen never alleged (in federal court nor in arbitration) that CFYC breached the Morfit Agreement, or whether the agreement's scope covers any other allegations made

against CFYC. And Indyzen's "misappropriation of intellectual property" claim against CFYC is not a cognizable claim under federal or state law, and it is unclear whether it relates to a patent, copyright, trademark, statutory trade secret or a common law claim dispute. Nor does Indyzen address how the claim falls under the arbitration clause.

Indyzen cites to *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 90 (2000), for the general proposition that a party resisting arbitration bears the burden "of proving that the claims at issue are unsuitable for arbitration." However, this rests on the presumption that a plaintiff has alleged claims in the first place, which Indyzen has not. Indyzen's main argument for haling CFYC to arbitration is based upon alter ego, which as stated above, Indyzen has failed to establish. Indyzen's failure to raise a cognizable claim against CFYC requires dismissal of the Petition as it is unclear *what* dispute Indyzen claims CFYC must submit to arbitration under the Morfit Agreement's arbitration clause.

**V.     Indyzen fails to address the narrow scope of the Morfit Agreement's arbitration clause.**

As stated above, this Court must analyze the scope of the Morfit Agreement's arbitration clause before it can ascertain whether CFYC, a non-signatory to the contract, should be compelled to give up its right to a jury trial and settle any alleged claims against it in arbitration. *See Mundi,* 555 F.3d at 1044-45. This is especially true where an entity never agreed to an arbitration clause. *Id.* at 1046 (the "general principle [is] that only those who have agreed to arbitrate are obliged to do so.").

In its motion to dismiss, CFYC analogized the Morfit Agreement's arbitration clause to the one analyzed by the Ninth Circuit in *Mundi*. Similar to *Mundi,* the arbitration clause here expressly limited arbitration to disputes "between" two specific entities: Parkridge Ltd. and Indyzen, Inc. The *Mundi* court found "between" language to be narrow and applying only to two

parties, and thus excluded third-party disputes as not within the scope of the clause. Remarkably, Indyzen fails to address *Mundi*, other than labeling the case as "misdirection" without discussing why it is inapplicable here. *See* Dkt. 54, p. 7. Therefore, CFYC's argument is unchallenged.

Indyzen argues instead that it is "black letter law" that non-signatories can be haled into arbitration.[1] Again, *Mundi* is dispositive. While *Mundi* contemplates that hypothetically a non-signatory could be forced into arbitration, it also sets a very high threshold for doing so. And importantly, the *Mundi* Court makes clear that whether a non-signatory *should* be haled into arbitration <u>must</u> be decided in accord with the <u>terms of the arbitration clause</u> at issue. *Mundi,* 444 F.3d at 1044-45. Indyzen fails to meet the *Mundi* threshold.

## VI. Indyzen fails to address CFYC's arguments concerning equitable estoppel.

In its motion to dismiss, CFYC discussed how under Ninth Circuit case law Indyzen's equitable estoppel argument is meritless. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2002) (a non-signatory cannot be bound to an arbitration clause unless it "knowing[ly] exploited the agreement containing the arbitration clause despite having never signed the agreement."); *see also Mundi,* 555 F.3d at 1046 (construing the equitable estoppel doctrine narrowly in the context of non-signatories). Indyzen fails to address *Comer* or *Mundi*, and also fails to show how CFYC "knowingly exploited" the Morfit Agreement. Instead, Indyzen merely points to Narra's self-serving affidavit and its conclusions as "hard evidence." Indyzen also fails to mention that CFYC's affidavit denies any involvement with Indyzen, Narra or the Morfit App. *See* Dkt. 45-3. In sum, Indyzen did not satisfy the *Comer/Mundi* equitable estoppel test in the case of CFYC.

---

[1] Indyzen cites to *Arthur Andersen, LLP v. Carlisle,* 556 U.S. 624 (2009) for the proposition that a non-signatory can be haled into arbitration. *Arthur Andersen* held no such thing. Instead, the case focused on whether a non-signatory could *pursue* arbitration rights against a signatory, which is a different analysis.

## VII. Conclusion

For these reasons, this Court does not have personal jurisdiction or proper venue over CFYC. Alternatively, Indyzen has failed to state a claim against CFYC upon which relief could be granted, and also failed to establish a grounds for haling CFYC into arbitration. Thus, this Court should grant CFYC's motion to dismiss the Petition with prejudice.

DATED: February 15, 2018

Respectfully submitted,

By: /s/
Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

8
CFYC's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on February 15, 2018, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: February 15, 2018          Taft Stettinius & Hollister LLP


                                  By:/s/ Adam Wolek
                                       Adam Wolek