Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com
LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br>      Plaintiffs,<br>v.<br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>      Defendants.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br>      Counter-Plaintiffs,<br>v.<br>PARKRIDGE LIMITED, a Hong Kong corporation, BOON GLOBAL LIMITED, a Hong Kong corporation, F8 VIETNAM COMPANY LIMITED, a Vietnam company, CALIFORNIA FITNESS & YOGA CENTERS, an entity of unknown form, CALIFORNIA MANAGEMENT GROUP, an entity of unknown form, and RANDY DOBSON, an individual,<br>      Counter-Defendants. | **Case No.** 16-cv-07387<br><br>**F8's REPLY IN SUPPORT OF ITS MOTION TO DISMISS PETITION TO COMPEL ARBITRATION**<br><br>**Date:  March 9, 2018**<br>**Time:  9:00 AM**<br>**Dept.:  Courtroom 5, 2nd Floor**<br>Judge: Hon. Jeffrey S. White |

22043504.3

# COUNTER-DEFENDANT F8'S REPLY IN SUPPORT OF MOTION TO DISMISS PETITION TO COMPEL ARBITRATION

Counter-Defendant F8 Vietnam Company Limited ("F8") submits this reply in support of its motion to dismiss the Petition to Compel Arbitration ("Petition") filed by Counter-Plaintiff Indyzen ("Indyzen"), for the reasons set forth below.

## I. Indyzen's argument that F8 violated procedural rules is meritless.

As an initial matter, Indyzen attacks F8's motion to dismiss the Petition as mere "gamesmanship" designed to allow for F8 to file a reply brief. Indyzen fails to acknowledge that this Court accepted F8's motion and set forth a briefing schedule, thereby allowing F8 to file this reply. *See* Dkt. 53. As argued in F8's opening brief, the motion to dismiss is proper because the Petition contains jurisdictional and pleadings deficiencies under the Federal Rules of Civil Procedure. *See, e.g., Amergent Techs., LLC v. TransAtlantic Lines, LLC,* 16-cv-1140 JLS, 2017 WL 3337166, at *6 (S.D. Cal. Aug. 4, 2017) (granting motion to dismiss a petition to compel arbitration due to lack of personal jurisdiction); *Frank Gari Prod., Inc. v. Smith,* CV 12-248-GHK, 2012 WL 12895672, at *5 (C.D. Cal. June 15, 2012) (granting motion to dismiss a petition to compel arbitration due to pleadings failures). Indyzen has cited no authority to the contrary. And ironically, despite alleging "gamesmanship" on the part of the non-signatories, it was Defendant Indyzen who chose to file a petition in a matter where no counter-claims had been previously asserted, and where none of the newly-added entities were parties to the suit or had even been previously identified there.

## II. Indyzen fails to show F8 targeted California nor provides evidence supporting personal jurisdiction here.

Indyzen argues that it submitted "almost 100 pages of hard evidence" showing a "vast sham web," and that F8 "did not submit any." Dkt. 54, pp. 1-2. This argument is misleading for

1

F8's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

three reasons.  First, F8 does not bear the burden of proving it is *not* subject to personal jurisdiction in this state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  Rather, Indyzen bears the burden of establishing that: (1) F8 purposefully directed its activities at California, thereby invoking the benefits and protections of California laws; and (2) the claim against F8 arises out of F8's forum-related activities. *Id.  Only if* Indyzen succeeds in satisfying both of those prongs, does the burden shift to F8 to present proof that the exercise of jurisdiction would be unreasonable. *Id.*  Indyzen has not met its burden of proof, and therefore F8 does not have the burden of producing *any* evidence.

Second, even if Indyzen arguably had met its burden on proving F8's purposeful availment, and that the claims against F8 arise out of its forum-related activities, the affidavit testimony submitted by F8 counter Indyzen's "hard evidence", including Praveen Narra's ("Narra") self-serving affidavit heavily relied upon by Indyzen. *See* Dkt. 44-3 (declaration stating that F8 observes corporate formalities, has no contacts with California, and never entered into any agreements with Indyzen or Narra).

Third, Indyzen's assertion that it submitted one-hundred pages of "evidence" is hollow as those documents are irrelevant to personal jurisdiction or any of Indyzen's allegations.  Of the documents submitted, only a few pages even relate to F8, and these pages are immaterial.  For instance, while Indyzen argues that Randy Dobson uses F8 as a "front" to market and sell apps to California customers, it only points to a four-page "Google Play" application printout as support.[1]  *See* Dkt. 54, p. 6; Dkt. 32-23.  But notably, this printout does not show any sales to California residents, and nowhere mentions the Morfit App or Parkridge.  Indyzen does not explain how this document is sufficient to confer *specific jurisdiction* over F8, a Hong-Kong entity.  *See Terracom v. Valley Nat. Bank,* 49 F.3d 555, 560 (9th Cir. 1995) (finding that no

---

[1] Indyzen makes identical arguments against F8 and Boon for purposes of personal jurisdiction.  *See* Dkt. 54, p. 6.

2
F8's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

specific personal jurisdiction existed over the defendant where the plaintiff's claims did not arise out of the defendant's forum-related contacts. The undisputed fact is that F8 is not a citizen of California, does not conduct business in California, and has nothing to do with the Morfit Agreement.

### III.   Indyzen fails to articulate a basis for alter ego liability.

Indyzen's main argument for why personal jurisdiction exists over F8 is based upon the alter ego doctrine. Indyzen fails to note that it carries the burden of establishing alter ego liability, given that courts disfavor this doctrine. *See Leek v. Cooper*, 194 Cal. App. 4th 399, 416 (2011) ("Because the alter ego theory was not adequately pleaded, [defendant] had no burden to show that plaintiffs' alter ego claim could not be established."). Indyzen fails to recognize that a finding of alter ego liability is disfavored, and for good reason: "Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Id.* at 411. The corporate form "will be disregarded ***only*** in narrowly-defined circumstances and only when the ends of justice so require." *See id.* (finding that the plaintiffs did not adequately plead alter ego liability) (emphasis added); *21st Century Fin. Servs., LLC v. Man. Fin. Bank,* 255 F. Supp. 3d 1012, 1021 (S.D. Cal. 2017) ("Imposition of alter ego liability is an extreme remedy, to be sparingly used and approached with caution") (internal quotations omitted).

In its motion to dismiss, F8 articulated why Indyzen's theory, based only on alleged common ownership between F8 and Parkridge, is insufficient to establish alter ego liability. *See* Dkt. 44, p. 17. Indyzen fails to address F8's case law. *See, e.g., Sandoval v. Ali,* 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (dismissing alter ego claims because common ownership is insufficient to treat two separate companies as the same entity). Notably, Indyzen did not

address the relevant factors for alter ego liability, such as: (1) "inadequate capitalization"; (2) "commingling of funds and other assets of the two entities;" (3) the "holding out by one entity that it is liable for the debts of the other;" (4) "use of the same offices and employees;" (5) "disregard of corporate formalities;" (6) "lack of segregation of corporate records;" and (7) "identical directors and officers." *See 21st Century,* 255 F. Supp. 3d at 1022 (evaluating alter ego factors and finding that the plaintiff did not meet its burden of showing alter ego liability). Indeed, the only direct evidence on these factors is the affidavit of Mabel Mak that F8 maintains these corporate formalities. And, Indyzen has failed to allege any fraud or injustice on the part of F8 that would require the Court to pierce the corporate veil of Parkridge. *See Leek,* 194 Cal. App. 4th at 413-14. At best, Indyzen has merely shown that some of the non-signatories work together in the fitness industry abroad. That is not enough to confer alter ego liability across all of these cooperating entities. If it were, then companies would not be incentivized to work together on corporate ventures due to potential liability accruing over each other's affairs. *See* Dkt. 44-3. Indyzen's alter ego arguments fail factually, legally and on public policy grounds. Indyzen has not established personal jurisdiction over F8.

**IV.     Indyzen fails to address its inadequate pleadings.**

In its motion to dismiss, F8 illustrated that the Petition fails under proper Rule 12(b)(6) pleadings standards, because it does not allege any cognizable claims under federal or state law *See Frank Gari Prods., Inc. v. Smith,* CV 12-248-GHK (FFMx), 2012 WL 12895672, at *4 (C.D. Cal. June 15, 2012) (dismissing petition to compel arbitration for failure to plead a claim). Indyzen fails to address *Frank Gari*, and instead argues that it does not have to plead its claims because no complaint was filed. *See* Dkt. 54, p. 7. Indyzen is mistaken.

The key inquiry before this Court is whether the arbitration clause in the Morfit Agreement requires F8 to submit to arbitration for the dispute Indyzen alleges against it. *Mundi v. Union Sec. Life Ins. Co.,* 555 F.3d 1042, 1044-45 (9th Cir. 2009). Under this inquiry, this Court must analyze *the nature of the claims* against F8, and then determine whether the *scope of the arbitration clause* encompasses these claims. *See Frank Gari*, 2012 WL 12895672, at *4 (stating that the plaintiffs were required to "provide sufficient factual allegations about their purported claims for us to determine whether the claims fall within the scope of the arbitration clause."). Here, Indyzen never alleged (in federal court nor in arbitration) that F8 breached the Morfit Agreement, or whether the agreement's scope covers any other allegations made against F8. And Indyzen's "misappropriation of intellectual property" claim against F8 is not a cognizable claim under federal or state law, and it is unclear whether it relates to a patent, copyright, trademark, statutory trade secret or a common law claim dispute. Nor does Indyzen address how the claim falls under the arbitration clause.

Indyzen cites to *Green Tree Fin. Corp.-Alabama v. Randolph,* 531 U.S. 79, 90 (2000), for the general proposition that a party resisting arbitration bears the burden "of proving that the claims at issue are unsuitable for arbitration." However, this rests on the presumption that a plaintiff has alleged claims in the first place, which Indyzen has not. Indyzen's main argument for haling F8 to arbitration is based upon alter ego, which as stated above, Indyzen has failed to establish. Indyzen's failure to raise a cognizable claim against F8 requires dismissal of the Petition as it is unclear *what* dispute Indyzen claims F8 must submit to arbitration under the Morfit Agreement's arbitration clause.

5
F8's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

**V.     Indyzen fails to address the narrow scope of the Morfit Agreement's arbitration clause.**

As stated above, this Court must analyze the scope of the Morfit Agreement's arbitration clause before it can ascertain whether F8, a non-signatory to the contract, should be compelled to give up its right to a jury trial and settle any alleged claims against it in arbitration. *See Mundi,* 555 F.3d at 1044-45. This is especially true where an entity never agreed to an arbitration clause. *Id.* at 1046 (the "general principle [is] that only those who have agreed to arbitrate are obliged to do so.").

In its motion to dismiss, F8 analogized the Morfit Agreement's arbitration clause to the one analyzed by the Ninth Circuit in *Mundi*. Similar to *Mundi,* the arbitration clause here expressly limited arbitration to disputes "between" two specific entities:  Parkridge Ltd. and Indyzen, Inc. The *Mundi* court found "between" language to be narrow and applying only to two parties, and thus excluded third-party disputes as not within the scope of the clause. Remarkably, Indyzen fails to address *Mundi*, other than labeling the case as "misdirection" without discussing why it is inapplicable here. *See* Dkt. 54, p. 7. Therefore, F8's argument is unchallenged.

Indyzen argues instead that it is "black letter law" that non-signatories can be haled into arbitration.[2] Again, *Mundi* is dispositive. While *Mundi* contemplates that hypothetically a non-signatory could be forced into arbitration, it also sets a very high threshold for doing so. And importantly, the *Mundi* Court makes clear that whether a non-signatory *should* be haled into arbitration <u>must</u> be decided in accord with the <u>terms of the arbitration clause</u> at issue. *Mundi,* 444 F.3d at 1044-45. Indyzen fails to meet the *Mundi* threshold.

---

[2] Indyzen cites to *Arthur Andersen, LLP v. Carlisle,* 556 U.S. 624 (2009) for the proposition that a non-signatory can be haled into arbitration. *Arthur Andersen* held no such thing. Instead, the case focused on whether a non-signatory could ***pursue*** arbitration rights against a signatory, which is a different analysis.

6
F8's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

## VI. Indyzen fails to address F8's arguments concerning equitable estoppel.

In its motion to dismiss, F8 discussed how under Ninth Circuit case law Indyzen's equitable estoppel argument is meritless. *See Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2002) (a non-signatory cannot be bound to an arbitration clause unless it "knowing[ly] exploited the agreement containing the arbitration clause despite having never signed the agreement."); *see also Mundi,* 555 F.3d at 1046 (construing the equitable estoppel doctrine narrowly in the context of non-signatories). Indyzen fails to address *Comer* or *Mundi*, and also fails to show how F8 "knowingly exploited" the Morfit Agreement. Instead, Indyzen merely points to Narra's self-serving affidavit and its conclusions as "hard evidence." Indyzen also fails to mention that F8's affidavit denies any involvement with Indyzen, Narra or the Morfit App. In sum, Indyzen did not satisfy the *Comer/Mundi* equitable estoppel test in the case of F8.

## VII. Conclusion

For these reasons, this Court does not have personal jurisdiction or proper venue over F8. Alternatively, Indyzen has failed to state a claim against F8 upon which relief could be granted, and also failed to establish a grounds for haling F8 into arbitration. Thus, this Court should grant F8's motion to dismiss the Petition with prejudice.

DATED:  February 15, 2018

Respectfully submitted,

By: /s/
Adam Wolek (*pro hac vice*)
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601
Tel: 312.836.4063
Fax: 312.966.8598
awolek@taftlaw.com

DAVID A. MAKMAN (SBN 178195)
david@makmanlaw.com

7
F8's Reply in Support of its Motion to Dismiss the Petition to Compel Arbitration

LAW OFFICES OF DAVID A. MAKMAN
655 Mariner's Island Blvd, Suite 306
San Mateo, CA 94404
Telephone: (650) 242-1560
Facsimile: (408) 716-3052

*Attorneys Appearing in a Limited Capacity for Counter-Defendants Boon Global Limited, F8 Vietnam Company Limited, California Fitness & Yoga Centers, California Management Group, and Randy Dobson*

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on February 15, 2018, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: February 15, 2018                    Taft Stettinius & Hollister LLP

                                            By: /s/   Adam Wolek
                                                    Adam Wolek