IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED and MABEL MAK,<br><br>    Plaintiffs,<br><br>    v.<br><br>INDYZEN, INC. and PRAVEEN NARRA KUMAR,<br><br>    Defendants. | No. C 16-07387 JSW<br><br>**ORDER GRANTING PETITION TO COMPEL ARBITRATION AND DENYING MOTIONS TO DISMISS** |

Now before the Court is the petition to compel arbitration pursuant to 9 U.S.C. Section 4 filed by Defendants Indyzen, Inc. and Praveen Narra Kumar (collectively "Indyzen") and the opposing motions to dismiss filed by Randy Dobson, Boon Global Limited, California Fitness & Yoga Center Company Limited, and F8 Vietnam Company Limited (collectively "Counter-Defendants"). Having carefully reviewed the parties' papers, considered their arguments, and the relevant legal authority, and good cause appearing, the Court GRANTS Indyzen's petition to compel arbitration and DENIES Counter-Defendants' motions to dismiss filed in opposition.

The Court, having reviewed the prior order in this matter granting Indyzen's original motion to compel arbitration and to stay, finds that the facts of this matter are sufficiently developed there. Now before the Court are the motions for and against enforcing the arbitration provision in the Morfit Agreement against five named parties who are affiliated with signatory, Randy Dobson, who signed as the CEO of Parkridge. Much of the reasoning applies to compel arbitration for the additional companies run by Randy Dobson ("Dobson Companies"). (*See* Order dated April 18,

2017 at 8 ("Order"), Dkt. No. 24.)   These additional parties are ordered to join the related arbitration for this case in order that the arbitrator may decide whether to allow counterclaims against them to proceed.[1]

"[N]onsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187-88 (9th Cir. 1986)). Among these principles are "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Comer*, 436 F.3d at 1101 (quoting *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995)). From the record submitted, the Court finds that the Dobson Companies and their business dealings are sufficiently interrelated and interdependent on conduct governed by the Morfit Agreement that the doctrine of equitable estoppel enables the Court to find that the nonsignatories may be bound by the agreement despite not having signed it. *See, e.g., Kramer v. Toyota Motor Corp.,* 705 F.3d 1122, 1129 (9th Cir. 2013); *see also Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045-46 (9th Cir. 2009).

The Court has formerly found that the language "'arising between the [parties]' contained in the Morfit Agreement must be broadly construed to include all claims relating to the Morfit Agreement." (Order at 9.) In addition, clear precedent requires that any doubt as to whether a particular dispute falls within the arbitration clause is generally resolved in favor of arbitration. *See Victoria v. Superior Court*, 40 Cal. 3d 734, 744 (1985). The Agreement requires the disputes presented by the Dobson Companies to be referred to the ongoing arbitration in San Jose, California.

The Court further finds that it may properly exercise jurisdiction over the Dobson Companies. These companies are closely associated with Randy Dobson and, by signing the Agreement to perform the subject work in California, he is properly subjected to the jurisdiction of this Court. In addition, as elucidated by the arbitrator in his decision, should the Dobson Companies be bound by the agreement to arbitrate and that agreement provides for arbitration in California, the

---

[1] The Court is not empowered to adjudicate or give advance guidance for other, potentially related parties to this action who may, in the future, seek to be added to the ongoing arbitration proceedings.

2

companies are subject, under the arbitration agreement, to arbitration seated in California. (*See* Procedural Order No. 2 dated November 6, 2017 at 11 n.3, Dkt. No. 32-7.)

Accordingly, the Court GRANTS Indyzen's petition to compel arbitration and DENIES the motions to dismiss filed in opposition. The case remains STAYED pending the resolution of binding arbitration. The parties shall continue to file join status reports every 90 days until the arbitration is concluded.

**IT IS SO ORDERED.**

Dated: April 13, 2018

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3