Mark R. Figueiredo, Esq. (SBN 178850)
Ethan G. Solove, Esq. (SBN 308026)
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, California  95110
Telephone: (408) 441-7500
Facsimile:  (408) 441-7501

Attorneys for Defendants
INDYZEN, INC. and PRAVEEN NARRA KUMAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>Defendants. | CASE NO.  16-CV-07387-JSW<br><br>**REQUEST FOR SUPPLEMENTAL ORDER FOR DEFENDANTS' PETITION TO COMPEL ARBITRATION IN LIGHT OF THE LOSING PARTIES' PENDING APPEAL OF JUDGE WHITE'S ORDER**<br><br>Date: N/A<br>Time: N/A<br>Dept.: N/A<br>Judge: Hon. Jeffrey S. White |

Defendants Indyzen, Inc. and Praveen Narra Kumar ("Defendants") hereby request a supplemental order from this Court on Defendants' previously-ruled upon petition to compel arbitration, in light of the losing parties' pending appeal of that order.  With their appeal, the losing parties seek to overturn Hon. Judge Jeffrey White's order and to continue their efforts to evade justice.

On April 13, 2018, after extensive briefing from both sides, Judge White of this Court granted Defendants' petition to compel several parties to the arbitration related to this case and denied the other sides' motion to dismiss.  In doing so, Judge White ruled that the losing parties "are closely related with Randy Dobson", ("Dobson") who signed an Agreement with an arbitration clause on behalf of his company Plaintiff Parkridge Limited ("Parkridge").  (*See* Dkt.

63 – Judge White's Order Granting Petition to Compel Arbitration and Denying Motions to Dismiss.)  The losing parties subsequently filed a petition for a writ of mandamus with the 9th Circuit Court of Appeals on May 9, 2018, attempting to overturn Judge White's decision.  Since this Court's ruling on the petition to compel arbitration, the losing parties have all been ordered to join the arbitration by the Arbitrator, and the arbitration has been proceeding against them.

Last week on July 19, 2018, the 9th Circuit Court of Appeals entered an order requesting an answer to the petition for a writ of mandamus.  The Appeals Court also ordered that "[t]he district court, within 14 days after the date of this order, may address the petition if it so desires.  The district court may elect to file an answer with this court or to issue a supplemental order and serve a copy on this court."  (Dkt. 67 – Appeals Court Procedural Order.)  The deadline for either action is set for a week from Thursday, on August 2, 2018.

In light of the Appeals Court's order, Defendants respectfully request that this Court submit a supplemental order that would assist the Appeals Court in its analysis.  One of the issues raised by the losing parties in their petition for a writ of mandamus is that Judge White's order focused on Dobson's signing of the agreement with the arbitration clause, rather than the company for which he signed, Parkridge.  However, in his order, Judge White found and ruled that the "Dobson Companies and their business dealings are sufficiently interrelated and interdependent on conduct governed by" the agreement with the arbitration clause, and that "the doctrine of equitable estoppel enables the Court to find that the nonsignatories may be bound by the agreement despite not having signed it."  (Dkt. 63.)  Dobson and the Dobson Companies are equally closely related, interrelated, and interdependent with Parkridge, all of which was briefed extensively in Defendants papers for the petition.

Given the above, Defendants respectfully request that this Court issue a supplemental order finding and ruling that Dobson and the Dobson Companies are also compelled to arbitration because of their close ties to Parkridge, in addition to the findings and ruling that this Court has already made.  This supplemental order would provide further explanation to the Appeals court for why the losing parties were compelled to arbitration and would serve the interests of justice

///

REQUEST FOR SUPPLEMENTAL ORDER IN LIGHT OF PENDING APPEAL

- 3 -

1  intended by this Court's original order on the petition.

2

3  Dated: July 25, 2018                    STRUCTURE LAW GROUP, LLP

4

5                                          By: /s/ Ethan G. Solove
                                               Ethan G. Solove, Esq.
                                               Attorneys for Defendants
6                                              INDYZEN, INC., and PRAVEEN NARRA
                                               KUMAR