| | |
|---|---|
| 1 | MICHAEL J. SMIKUN (*Admitted Pro Hac Vice*) |
| | **CALLAGY LAW, P.C.** |
| 2 | Mack Cali Centre II |
| | 650 From Road – Suite 565 |
| 3 | Paramus, New Jersey 07652 |
| | Telephone: (201)261-1700 |
| 4 | Facsimile: (201)621-6236 |
| | E-mail: msmikun@callagylaw.com |
| 5 | |
| | [Additional counsel listed on signature page.] |
| 6 | |
| | Attorneys for Plaintiffs |
| 7 | PARKRIDGE LIMITED AND MABEL MAK |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual, | Case No. 4:16-cv-07387-JSW |
| | **REPLY TO RESPONSE TO MOTION TO VACATE, MODIFY, OR CORRECT ARBITRATION AWARD** |
| Plaintiffs, | |
| v. | *Hon. Jeffrey S. White* |
| INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual, | Date: January 24, 2020<br>Time: 9:00 a.m.<br>Dept.: Courtroom 5, 2nd Floor |
| Defendants. | Complaint Filed: December 29, 2016 |
| INDYZEN, INC., a California corporation, | |
| Counter-Plaintiffs, | |
| v. | |
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, BOON GLOBAL LIMITED, a Hong Kong company, F8 VIETNAM COMPANY LIMITED, a Vietnam company, CALIFORNIA FITNESS & YOGA CENTERS COMPANY LIMITED, a Vietnam company, and RANDY DOBSON, an individual, | |
| Counter-Defendants. | |

Case No. 4:16-cv-07387-JSW
PLAINTIFFS' REPLY TO RESPONSE TO MOTION TO VACATE, MODIFY, OR CORRECT ARBITRATION AWARD

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ................................................................................................. 1

II.  LEGAL ARGUMENTS .......................................................................................................... 2

    A.  MABEL MAK CANNOT BE PERSONALLY LIABLE FOR THE ATTORNEY'S FEES BECAUSE SHE IS A NON-PARTY IN THE CASE ................................................. 2

        1.  Mabel Mak Is Not a Party and so Not Subject to An Award of Attorney's Fees ................................................................................................ 2

        2.  There Is No Legal Basis for Imposing Fees on a Non-Party. ........................ 3

    B.  DEFENDANTS HAVE FAILED TO REBUT THE SHOWING THAT THE ARBITRATOR ERRED IN ALLOCATING ATTORNEY'S FEES ................................... 5

    C.  DEFENDANTS ARE ATTEMPTING TO DISTRACT FROM THE LAW THROUGH IMPROPER EMOTIONAL APPEAL ................................................................ 6

III. CONCLUSION ...................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*21X Capital, Ltd. v. Werra*
  No. C06-04135 JW (HRL), 2008 WL 753907 (N.D. Cal. Mar. 19, 2008) ...... 6

*Barrey v. Ocwen Loan Servicing, LLC*
  No. CV-09-00573-PHX-GMS, 2009 WL 1940717 (D. Ariz. July 2, 2009) ...... 4

*Bell Aerospace Co. v. Local* 516
  500 F.2d 921 (2d Cir. 1974) ...... 5

*Blake v. Batmasian*
  No. 15-81222-CIV, 2016 WL 7438838 (S.D. Fla. June 13, 2016) ...... 6

*Brusso v. Running Springs Country Club, Inc.*
  228 Cal.App.3d 92 (1991) ...... 3, 4

*Chambers v. NASCO, Inc.*
  501 U.S. 32 (1991) ...... 4

*Comedy Club, Inc. v. Improv West Associates*
  553 F.3d 1277 (9th Cir. 2009) ...... 5

*Corder v. Howard Johnson & Co.*
  53 F.3d 225 (9th Cir. 1994) ...... 4

*Estate of Jaquez v. Flores*
  No. 10 CIV. 2881 (KBF), 2016 WL 1060841 (S.D.N.Y. Mar. 17, 2016) ...... 6

*Indiezone, Inc. v. Rooke*,
  720 F. App'x 333 (9th Cir. 2017) ...... 4

*Nelson v. E. Side Grocery Co.*,
  26 Cal. App. 344 (Cal. Ct. App. 1915) ...... 2

*Swift Industries Inc. v. Botany Industries Inc.*
  466 F.2d 1125 (3d Cir. 1972) ...... 5

*Todd Shipyards Corp. v. Cunard Line Ltd.*
  943 F.2d 1056 (9th Cir. 1991) ...... 5

**Statutes**

9 U.S.C. § 10(a)(4) ...... 6

I.     **PRELIMINARY STATEMENT**

Defendants have failed to respond to or overcome the merits of the Motion to Vacate and are instead relying upon misleading and misrepresented case law to preserve an erroneous Arbitration Award which categorically meets the criteria for vacatur or modification. The Arbitrator's issuance of the award of attorney's fees against Mabel Mak individually is a manifest disregard of the law, completely irrational, and must be vacated. The Court cannot confirm an Arbitration Award that disregards the Arbitrator's own findings that would preclude the entry of an attorney fee award against Mabel Mak because to do otherwise would be to support a flagrant miscarriage of justice.

As addressed in the Motion to Vacate, the Arbitrator lacked jurisdiction over Ms. Mak to enter an award against her in an individual capacity. **Ms. Mak is not a party to any of the claims in this matter**. This is a fact recognized by the Arbitrator himself. Moreover, there is no basis for treating the award as a sanction for misconduct, of which none has been alleged, and certainly not proven. As a result, on this basis alone, the Arbitrator clearly exceeded his authority by entering a fee award against a non-party. .

Neither can the Arbitrator enter an award against Ms. Mak individually by virtue of her position as a shareholder of Parkridge as argued by Defendants. To accept this argument, the Court must also accept its legal predicate: the Arbitrator pierced the corporate veil and made Ms. Mak individually liable for the debts of the corporation, despite his own findings that there was no basis for veil piercing or alter-ego liability. The award, in the face of these findings, is plainly and completely irrational, as well as a manifest disregard of the law.

Defendants' arguments that Ms. Mak can be held personally responsible as a shareholder notwithstanding the lack of justification for veil piercing is predicated upon a deliberate misrepresentation of the law that must be rejected. The Court cannot permit such an abuse and must vacate the award.

Finally, the Court must vacate the Arbitration Award because the grant of declaratory relief, which was not actually a claim pled by Defendants, exceeded the Arbitrator's authority. Given these errors, the requisite standards for vacating the Arbitration Award have been met, and the Court must vacate the Award accordingly.

## II. LEGAL ARGUMENTS

### A. MABEL MAK CANNOT BE PERSONALLY LIABLE FOR THE ATTORNEY'S FEES BECAUSE SHE IS A NON-PARTY IN THE CASE

The Arbitrator's issuance of the award of attorney's fees against Mabel Mak individually manifestly disregards the law and is completely irrational because it seeks to impose liability upon a non-party over whom the Arbitrator lacked jurisdiction.

#### 1. Mabel Mak Is Not a Party and so Not Subject to An Award of Attorney's Fees

Under California law, it is evident that Ms. Mak is not a party to the claims at issue in this matter, and so the Arbitrator had no jurisdiction over her in an individual capacity. First, the mere fact that Ms. Mak's name appears in the caption is not probative, let alone dispositive, on the issue of individual liability. "It should require no argument to sustain the view that in determining who the parties to an action are the whole body of the complaint is to be taken into account, and not the caption merely." *Nelson v. E. Side Grocery Co.*, 26 Cal. App. 344, 347 (Cal. Ct. App. 1915). Though Ms. Mak is identified as a "plaintiff" in the Complaint and the Arbitration Demand, **none of the claims asserted against Defendants are claims made by Mak**. *See* Exhibit A, ¶ 210 ("the claims made on behalf [of] Parkridge are made by Parkridge directly."). Defendants cannot – and do not – cite to any part of the Demand, or to any evidence that was produced in the Arbitration, that shows any claim brought by Ms. Mak, either individually or derivatively. This is because she did not assert any claims and was not, in actuality, a party-plaintiff.

Neither can it be said that Ms. Mak was a defendant, or Cross-Respondent, as Defendants specifically excluded Ms. Mak from the group of Cross-Respondents against whom they alleged their counterclaims. *See* Defendants' Amended Counterclaims, Caption & pg 2, ln 4-6 (Listing only Parkridge, Boon Global Limited ("Boon"), F8 Vietnam Company Limited ("F8"), California Fitness & Yoga Centers ("CFYC"), California Management Group ("CMG"), and Dobson as Counter-Respondents and stating, "The following counterclaims are against all of the counterrespondents [sic] **described in the caption above**, who are jointly referred to as the "Counter-Respondents" throughout this document." (emphasis added)). By the terms of Defendants' own counterclaims, Ms. Mak was not

a party to their claims. Thus, it is clear, as a matter of law, that Ms. Mak was not a party to any of the disputed claims.

The Arbitrator also clearly recognized that Ms. Mak was not a party to any of the claims. The Arbitrator did not include Ms. Mak in his lengthy discussion of the cross-claims brought by Indyzen for misappropriation of trade secrets (Final Award at ¶ 232-283) and breach of contract (Final Award at ¶284-315). The Arbitrator likewise never refers to Ms. Mak as a Cross-Respondent. *See e.g.* Arbitration Award, 96 ¶ G. The reason is obvious – none of Defendants' claims were raised against Ms. Mak and she was never a Cross-Respondent.

The Arbitrator himself did not consider Ms. Mak a party to the claims in this case and, under California law, she was not a party. The Award is thus completely irrational in awarding attorney's fees against a non-party.

### 2.     There Is No Legal Basis for Imposing Fees on a Non-Party.

There is no legal basis for imposing fees on Ms. Mak, a non-party, in this case. In a misguided effort to retroactively justify a fee award against Ms. Mak individually, Defendants are attempting to persuade the Court that Ms. Mak argues she brought claims in a derivative capacity. This is clearly **not** what Ms. Mak and Parkridge have argued. On the contrary, Ms. Mak brought **no claims** in this action. Even Defendants admit that Parkridge brought all the claims on its own behalf. *See* Defendants Response to Motion to Vacate, pg 8, n 4. Using this misleading narrative, Defendants attempt to persuade the Court that Ms. Mak can be held individually liable as a shareholder of Parkridge. Not only are Defendants incorrect, they are deliberately misstating the law.

Defendants cite *Brusso v. Running Springs Country Club, Inc.*, 228 Cal.App.3d 92 (1991), for the proposition that Ms. Mak can be individually held liable for Defendants' attorney's fees because the claims at issue involved a contract with a fee shifting provision. Defendants are deliberately and inappropriately simplifying *Brusso*'s holding. Nothing in *Brusso* stands for the proposition that a shareholder may be liable for attorney's fees when the corporation fails to prevail in a breach of contract case. On the contrary, *Brusso* clearly holds that a **party** to a lawsuit may be held liable for attorney's fees if the prevailing party would have been liable to that party had that other party prevailed. *Brusso*,

228 Cal.App.3d at 110-11. In this instance, however, Ms. Mak was not a party to the claims pursued in this case. She was not a party and so cannot be held liable *as a party*.

What Defendants are really seeking is for the Court to allow the Arbitrator to pierce the corporate veil and hold a shareholder individually liable for attorney's fees despite the Arbitrator's express findings that there was no basis for imposing alter-ego liability. Far from a "red-herring" argument, as Defendants contest, this is the only rational basis for explaining the Arbitrator's award of fees against Ms. Mak individually, and that basis demonstrates a manifest disregard for the law because the Arbitrator specifically found that it did not apply, and then awarded fees notwithstanding his own conclusions.

The only other potential basis for awarding fees against a non-party would be as a sanction for abuse of the judicial process. While a Court may impose attorney's fees against a non-party as an exercise of the court's inherent power to sanction misconduct, that power "must be exercised with restraint and discretion" and, with respect to non-parties, is reserved only for those who abuse litigation practices. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Corder v. Howard Johnson & Co.*, 53 F.3d 225, 232 (9th Cir. 1994) (**not** assessing attorney's fees against a non-party because they did not act in bad faith, even when it was admitted the non-party engineered the lawsuit to take a "long-shot" at the defendant"). Under this standard, Courts have sanctioned non-parties only when it is clear their bad-faith conduct egregiously abused the litigation process and/or made their adversary accrue unnecessary expenses. *See Indiezone, Inc. v. Rooke*, 720 F. App'x 333, 337 (9th Cir. 2017), cert. denied, 139 S. Ct. 419 (2018), reh'g denied, 139 S. Ct. 868 (2019) (assessing attorney's fees against non-party when he, inter alia, disobeyed a court order" explicitly directing him to appear and testify at the hearing on sanctions"); *see also Barrey v. Ocwen Loan Servicing, LLC*, No. CV-09-00573-PHX-GMS, 2009 WL 1940717, at *2 (D. Ariz. July 2, 2009) (assessing attorney's fees against a non-party when they admitted the civil suit she was encouraging individuals to bring had "no basis in law" and made their adversary ". . . incur unnecessary expenses.").

Nothing in the Award suggests that the attorney's fees were awarded as a sanction or in response to any misconduct. Therefore, this last basis for awarding fees against a non-party is entirely inapplicable. In the absence of such an alternative, it is clear that the Arbitrator's award of fees against

Ms. Mak is wholly inappropriate as there is no grounds for awarding fees against a non-party or against a shareholder solely because she is a shareholder. The Arbitrator has unquestionably disregarded the law and exceeded his authority in assessing fees against Ms. Mak individually. Therefore, the Court must vacate the Award.

### B.  DEFENDANTS HAVE FAILED TO REBUT THE SHOWING THAT THE ARBITRATOR ERRED IN ALLOCATING ATTORNEY'S FEES

Defendants make no substantive effort to rebut the showing that the Arbitrator's award of attorney's fees is completely irrational and constitutes a manifest disregard of the law. Defendants assert only that the Arbitrator has broad discretion to award fees. While this is true, it does not immunize an Arbitration Award from examination and correction when the Arbitrator's decision is completely irrational and manifestly disregards the law.

As expressed clearly in the Motion to Vacate, the Arbitrator clearly exceeded his authority and issued an attorney fee award that is completely irrational and in manifest disregard for established law. 9 U.S.C. § 10(a)(4); *Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1288 (9th Cir. 2009); *Todd Shipyards Corp. v. Cunard Line Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991); *Bell Aerospace Co. v. Local,* 516, 500 F.2d 921, 923 (2d Cir. 1974); *Swift Industries Inc. v. Botany Industries Inc.*, 466 F.2d 1125, 1131 (3d Cir. 1972). In fact, the attorney's fee award was not issued pursuant to proper authority and completely disregarded the Arbitrator's factual findings in summarily awarding an unsupportable amount of fees.

The Arbitrator awarded fees for and against individuals who were never parties to the MorFit Agreement, and that Agreement, by its own terms, limits the right to recover attorney's fees to the parties to the Agreement. Exhibit B, § 12. Neither Ms. Mak nor Mr. Narra were parties to the MorFit Agreement and so neither of them are subject to, or have the right to obtain, an award of fees under the MorFit Agreement. The Arbitrator further awarded fees related to claims that did not arise from the contractual relationship, giving Mr. Narra a windfall in connection with non-contract claims, for which there is no legal authority to award fees. The Arbitrator's clear disregard for the terms of the MorFit Agreement has resulted in a completely irrational award that fails to draw its essence from the contract.

It also demonstrates a manifest disregard for the law by awarding fees in connection with claims for which the law does not authorize a fee award. Therefore, the Court must vacate the fee award.

### C. DEFENDANTS ARE ATTEMPTING TO DISTRACT FROM THE LAW THROUGH IMPROPER EMOTIONAL APPEAL

Defendants are attempting to redirect the Court's attention from the serious failings of the Arbitration Award by asserting that the Court must confirm the award of fees against Ms. Mak or Defendants will be unable to collect the fees awarded. Defendants assert that Parkridge lacks sufficient assets to pay a fee award. Defendants argument is wholly inappropriate and based on an attempted emotional ploy, rather than sound legal principles. Defendants are clearly not concerned with whether fees are just under the law, but which parties are likely able to afford to pay them. The latter concern is irrelevant.

Defendants' attempt to assess $700,000 of attorney's fees by reading into the arbitration award the arbitrator's intent must be rejected. There is ample case law from around the nation that the issue of a litigant's wealth is irrelevant for purposes of damages and litigants have been prevented from introducing this type of evidence at trial or obtaining the evidence in discovery. *See, e.g. Estate of Jaquez v. Flores*, No. 10 CIV. 2881 (KBF), 2016 WL 1060841, at *3 (S.D.N.Y. Mar. 17, 2016) ("Evidence that a defendant has 'deep pockets' is entirely irrelevant to the issue of damages."); *21X Capital, Ltd. v. Werra*, No. C06-04135 JW (HRL), 2008 WL 753907, at *2 (N.D. Cal. Mar. 19, 2008) ("whether or not [the defendant] is (or was) objectively wealthy seems irrelevant to Plaintiffs' [discovery] claims."); *Blake v. Batmasian*, No. 15-81222-CIV, 2016 WL 7438838, at *2 (S.D. Fla. June 13, 2016) ("The Court agrees that the hearsay commentary that [the defendants] are 'extremely wealthy, powerful, and feared individual[s]' for purposes of asserting it in a complaint). Here, Defendants are going well beyond putting Mabel Mak's wealth at issue for purposes of discovery or an exhibit at trial. They are doing it to tie her to a $700,000 attorney fee award and emotionally prejudice the Court against her by painting her as abundantly wealthy. If the former is not permissible, then certainly the latter is not either. For the law to be just, it cannot make decisions based solely upon the alleged financial means of parties appearing before a court.

     Defendants are asking the Court to enforce the fee award against Mable Mak, a non-party who has not been found to be liable for any wrong, solely because Defendants believe Ms. Mak has the financial means to pay the fee award, and Parkridge does not. Even if true, this is not a basis for upholding a fee award. As discussed, there is no legal basis for awarding attorney's fees against Ms. Mak. Defendants' overt effort to persuade the Court on this improper basis is indicative of the meritless nature of Defendants' arguments throughout. The Court must reject Defendants' improper arguments and vacate the Arbitration Award based upon the established legal grounds set forth by Parkridge and Ms. Mak.

### III.   CONCLUSION

     Based on the foregoing, it is clear that the Arbitrator exceeded his powers by demonstrating a manifest disregard of the law, and issued an award that is completely irrational, incomplete, and contradictory.[1] Accordingly, Parkridge and Ms. Mak respectfully request the Final Arbitration Award be vacated, modified, or corrected.

DATED: December 20, 2019

                                              CALLAGY LAW, P.C.

                                              By: _/s/ Michael J. Smikun_
                                                   MICHAEL J. SMIKUN

                                             CONSTANCE J. YU (SBN 182704)
                                             PUTTERMAN | YU LLP
                                             345 California Street, Suite 1160
                                             San Francisco, CA 94104-2626
                                             Telephone: (415) 839-8779
                                             Facsimile: (415) 737-1363
                                             E-mail: cyu@plylaw.com

                                             Attorneys for Plaintiffs and Counter-Defendants
                                             PARKRIDGE LIMITED and MABEL MAK

---

[1] To the extent Plaintiffs/Counter-Defendants have not addressed any of Defendants' arguments herein, Plaintiffs/Counter-Defendants refer the Court to the Motion to Vacate, Modify, or Correct Arbitration Award, which addresses the substance of Defendants' positions.