UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PARKRIDGE LIMITED and MABEL MAK,

    Plaintiffs,

v.

INDYZEN, INC. and PRAVEEN NARRA KUMAR,

    Defendants.

Case No. 16-cv-07387-JSW

**ORDER DENYING MOTION TO VACATE, MODIFY, OR CORRECT ARBITRATION AWARD AND GRANTING MOTION TO CONFIRM ARBITRATION AWARD**

Re: Dkt. Nos. 83, 86

Now before the Court are the motion to vacate, modify, or correct the arbitration award filed by Plaintiffs Parkridge Limited and Mabel Mak and the cross-motion to confirm the arbitration award filed by Defendants Indyzen, Inc. and Praveen Narra Kumar. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court HEREBY DENIES the motion to vacate and GRANTS the motion to confirm the arbitration award. The additional request for attorney's fees is DENIED without prejudice and the stay is LIFTED.

**BACKGROUND**

On December 29, 2016, Plaintiffs Parkridge Limited and Mabel Mak filed suit against Defendants Indyzen, Inc. and Praveen Narra, alleging breach of fiduciary duty, aiding and abetting, breach of contract, unjust enrichment, fraudulent misrepresentation, and fraudulent concealment in connection with the development of the Morfit App.

Originating in 2013, Randy Dobson began working on developing on online personal

training platform that would connect personal trainers with clients by utilizing a personality matching program, later known as Morfit ("Morfit App").  (Complaint at ¶ 7.)  While at a business event, Dobson shared his idea with a small group of individuals, including Narra, who discussed his background and expertise in software development.  Parkridge was formed in August 2013, and was owned by Dobson's wife, Mabel Mak.  Upon Narra's recommendation, the company hired a software development company, TIBCO, to develop the app, but were ultimately not satisfied with their work.  Narra then recommended his own software company, Indyzen, to develop the Morfit App.  Narra represented that Indyzen could develop the app basically at cost and at a fraction of the price of competitors.  Based on those representations, the parties entered into a Software Development and Licensing Agreement effective January 5, 2015 (the "Morfit Agreement").  The Morfit Agreement provided that Indyzen would develop a Morfit App for three different platforms and with thirty-two specific application features.  (Dkt. No. 92-3, Declaration of Michael J. Smikun ("Smikun Decl."), Ex. B.)  The Agreement provided, should any dispute arise, it would be referred to arbitration in San Jose, California and conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA").  (*Id.* at § 11.)

In April 2015, Indyzen delivered a version of the Morfit App to Parkridge, which Plaintiffs allege was grossly inadequate.  (Complaint ¶ 32.)  Although the parties continued to discuss resolution of the technical issues and Parkridge paid for the first phase of development, ultimately the app was never launched and payments ceased.  (*Id.* at ¶¶ 34-37.)  After a complaint was filed in this Court, by order dated April 18, 2017, the Court sent the parties to arbitration for resolution of their disputes and the case was stayed.  By order dated April 13, 2018, this Court further compelled arbitration of the parties' additional claims.

Pursuant to Section 11 of the Morfit Agreement, Plaintiffs filed a demand for arbitration with AAA dated June 15, 2017 and alleged multiple causes of action, including breach of fiduciary duty, breach of contract, fraudulent misrepresentation, and fraudulent concealment under California law.  Claimants sought damages in the amount of $2,800,000 and specific performance in connection with the Morfit App.  Defendants filed an arbitration statement with affirmative

defenses and counterclaims and, without stating a specific cause of action against Plaintiffs, sought damages in excess of $5,300,000 and a request for other relief as deemed appropriate.

Following a nine-day evidentiary hearing before the arbitrator, both parties submitted written requests to recover their respective costs and attorneys' fees. Based on his findings, the arbitrator awarded Defendants $678,825 in fees and costs, assessed jointly and severally, against Parkridge and Mak. (*See* Smikun Decl., Ex. A at ¶¶ 323-35.) Following receipt of the final award, both parties requested various corrections and modifications pursuant to AAA Commercial Arbitration Rule 50. In particular, Plaintiffs sought to relieve Mak of individual responsibility for fees and costs based on the fact that she was not a signatory to the original Morfit Agreement. On October 8, 2019, the arbitrator denied Plaintiffs' request for the substantive modification, reaffirmed, and held that "the merits have been properly decided." (*Id.*, Ex. 4 at 3.)

In their motion to vacate, modify, or amend the award, Plaintiffs reiterate their contention that Mak should not be held individually liable for fees and costs incurred by Parkridge. Defendants, in their counter-motion to confirm the award, contend that Mak plainly acted in "her individual capacity, sought for years to wield the Morfit Agreement's fee-shifting provision against Defendants [and h]aving lost on the merits, she cannot backtrack and deprive Defendants of the reciprocal remedy." (Dkt. No. 84, Opp. Br. Motion to Vacate, at 5.)

The Court will address additional facts as necessary in its analysis.

## ANALYSIS

**A.   The Petition to Confirm the Arbitrator's Award Is Granted.**

This Court has authority to confirm the arbitration award because it issues the order compelling arbitration in the first instance. Where a court has authority under the Federal Arbitration Act ("FAA") to stay an action pending arbitration, "the court also has authority to confirm the [arbitration] award." *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275-76 (1932).

Section 9 of the FAA provides that a federal court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." 9 U.S.C. § 9. Section 10 of the FAA sets forth the limited grounds upon which an arbitration award may be vacated or modified:

3

> (1) where the award was procured by corruption, fraud or undue means;
>
> (2) where there was evidence partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10.

These listed grounds are the exclusive grounds for vacating an arbitration award. *Hall Street Assocs. LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). The Court must vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(4). However, the standard to vacate an arbitration award under Section 10(4) of the FAA is high. *Lagstein v. Certain Underwriters at Lloyd's London*, 607 F.3d 634, 641 (9th Cir. 2010). An arbitrator may be held to exceed his powers where he demonstrates a "manifest disregard of the law," or issues an award that is "completely irrational," or the award is "incomplete, ambiguous, or contradictory." *Comedy Club, Inc. v. Improv. West Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009). However, arbitrators do not exceed their powers merely by misinterpreting the law, failing to apply the law, or by applying the law incorrectly. *Lagstein*, 607 F.3d at 641. Rather, neither erroneous legal conclusions nor unsubstantiated factual findings justify vacatur of an arbitration award under the FAA. *Bosack v. Soward*, 586 F.3d 1096, 1102, 1104 (9th Cir. 2009).

The Ninth Circuit has made clear that arbitrators "exceed their powers" within the meaning of 9 U.S.C. § 10(a)(4) "not when they merely interpret or apply the governing law incorrectly, but when the award is 'completely irrational,' . . . or exhibits a 'manifest disregard of law.'" *Kyocera Corp. v. Prudential Bache T Servs.*, 341 F.3d 987, 997 (9th Cir. 2003) (quoting *French v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986) and *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1059-1060 (9th Cir. 1991)). Federal courts have jurisdiction over a petition to vacate an award "where the basis for vacating an arbitration award is that the

4

arbitrator manifestly disregarded federal law." *Carter v. Health Net of California*, 374 F.3d 830, 836 (9th Cir. 2004). "Where manifest disregard is pleaded, the federal court has subject matter jurisdiction." *Jenks v. DLA Piper (US) LLP*, NO, 13-cv-05381 YGR, 2014 WL 527237, at *2 (N.D. Cal. Feb. 6, 2014) (citing *Luong v. Circuit City Stores, Inc.* 368 F.3d 1109, 1111 (9th Cir. 2004)).

"Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law . . . [i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Luong*, 368 F.3d at 1112 (quoting *Michigan Mutual Ins. Co. v. Unigard Sec. Ins. Co*., 44 F.3d 826, 832 (9th Cir. 1995)). For a court to rely upon the doctrine of manifest disregard of the law in order to vacate an arbitral award, the court "must be persuaded that the arbitrators understood but chose to disregard a clearly defined law or legal principal applicable to the case before them. The error must be so palpably evident as to be readily perceived as such by the average person qualified to serve as an arbitrator." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 385 (2d Cir. 2003).

However, an "exception to [the rule affording federal jurisdiction] exists where the allegation that the arbitrator manifestly disregarded federal law is 'patently without merit.'" *Carter*, 374 F.3d at 836-37; *see also Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 139 (2d Cir. 2002) (holding that mere allegation of manifest disregard is insufficient to confer federal question jurisdiction if federal claims are completely without merit). It is not sufficient "for purposes of establishing the narrow grant of jurisdiction for petitions to vacate based on 'manifest disregard' of federal law to simply allege 'error in the law or failure on the part of the arbitrators to understand or apply the law.'" *Jenks*, 2014 WL 527237, at *3 (internal citations omitted).

"Manifest disregard of the law" may be established by showing that "the arbitrator recognizes the applicable law and then ignored it." *Swift Industries Inc. v. Botany Industries Inc.*, 466 F.2d 1125, 1131 (3d Cir. 1972). An award may be vacated as "completely irrational" where it fails to draw "its essence from the agreement." *Comedy Club*, 553 F.3d at 1288. A federal court will not confirm an arbitration award that is "legally irreconcilable with the undisputed facts" and

5

where "an arbitrator's failure to recognize undisputed, legally dispositive facts may properly be deemed a manifest disregard for the law." *Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003) (citing *American Postal Workers Union v. United States Postal Service*, 682 F.2d 1280, 1283-84 (9th Cir. 1982)).

Under the FAA's limited review, a party seeking to challenge an arbitration award as outside the power of the arbitrator bears a "heavy burden." *Oxford Health Plans, LLC v. Sutter*, 133 S. Ct. 2064, 2068 (2013). A court cannot find an arbitrator exceeded his or her powers "when they merely interpret or apply the governing law incorrectly." *Kyocera*, 341 F.3d at 997. Rather, a court must uphold an arbitrator's decision unless it is "completely irrational . . . or exhibits a manifest disregard of law[.]" *Id.* (internal quotations and citations omitted).

In this case, Plaintiffs contend that the arbitrator's decision was a manifest disregard of the law on the basis that: (1) the arbitrator held that Mabel Mak was individually liable for assessed attorneys' fees and costs, although she was a party to the arbitration but not a party to the contract at issue; and (2) the arbitrator found liability for declaratory relief where no separate cause of action for declaratory relief was pled.

**1.     Arbitrator Did Not Exceed His Authority in Awarding Attorneys' Fees.**

Arbitrators have long had the authority and ability to address requests for broad scope of relief within bilateral arbitration. *See* AAA Commercial Arbitration Rule 47(a) ("The arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties"). Here, although Mak was not a signatory to the contract providing for arbitration, she did file suit and submitted to and actively participated in the arbitration. In addition, this Court found, when compelling the parties to participate in arbitration, that "Plaintiff Mak is equitably estopped from seeking benefits of the Morfit Agreement while avoiding the arbitration provision. (Dkt. No. 24, Order dated April 18, 2017, at 8.) The arbitrator, early on in the process, underlined the Court's finding in his Procedural Order dated November 6, 2017. (Dkt. No. 92-5, Smikun Decl., Ex. D.) The arbitrator found that "no contest was made by the parties as to the jurisdictional standing of Claimant Mak" and "no claims by Claimants and against Respondents are clearly excluded from arbitration." (*Id.* at 3-4.) In addition, in his Final Award,

6

the arbitrator found that "the fees and costs incurred by both sides are reasonable given the skill and experience of counsel, the difficulty of the questions involved, the issues raised by the parties, and the generally prevailing market rate for complex international arbitration cases in the San Francisco Bay Area." (Dkt. No. 92-2, Smikun Decl, Ex. A at 93.)  The parties engaged in full discovery, motion practice, extensive pre-hearing and post-hearing proceedings involving pleadings, discovery, witnesses, and expert discovery, both sides made sizeable damages claims and offered complex expert analysis and participated in a nine-day evidentiary hearing with the arbitrator.  (*Id.* at 94.)  The arbitrator also found that, during the course of the proceedings, the parties engaged in needless and inefficient discovery tactics, advocacy strategy, and gamesmanship resulting in increased fees and costs.  (*Id.* at 95.)  The arbitrator explicitly cited AAA Commercial Arbitration Rule 47(b) which "allows the arbitrator to assess fees, expenses and compensation in accordance with the Rules and in such amounts as the Arbitrator determines appropriate."  (*Id.* at 92-93.)

Here, Mak filed suit as a party, participated as a claimant in the extensive and expensive arbitration proceedings, and expressly requested reimbursement of her attorneys' fees and costs. (*Id.* at 92.)  Under these circumstances, it is reasonable for the arbitrator to have assessed fees and costs against both claimants Parkridge and Mak jointly and severally.  The Court finds that the arbitrator's decision to find Plaintiff Mak severally liable for attorneys' fees accumulated during the extended arbitration was not a manifest error or disregard of the law.  Accordingly, the Court DENIES the motion to vacate or modify the arbitration award and GRANTS the motion to enforce the award on this basis.

**2.     Arbitrator Did Not Exceed His Authority in Awarding Declaratory Relief.**

Plaintiffs assert that no request for declaratory relief was placed before the arbitrator for adjudication and therefore the arbitrator erred and exceeded his authority by awarding the Defendants declaratory relief.  However, while it is true that a separate claim for declaratory relief was not before the arbitrator, it is clear that in their counterclaim, Defendants were seeking declaratory relief.  A separate cause of action is not required.  *See Olszewski v. Scripps Health*, 30 Cal. 4th 798, 807 (2003) (holding that where the "complaint asked the court to adjudge the rights

1   and duties of plaintiff and defendants . . . and alleged facts establishing an 'actual controversy'
2   appropriate for declaratory relief, such relief is properly pled).  In addition, early on in his
3   Procedural Order, the arbitrator made it clear that he interpreted the counterclaim to request
4   declaratory relief.  (Dkt. No. 92-5, Smikun Decl, Ex. D at 6 (order states that Defendants "seek
5   compensatory and punitive damages, declaratory relief and other relief.")).  Accordingly, the Court
6   DENIES the motion to vacate or modify the arbitration award and GRANTS the motion to enforce
7   the award on this alternate basis.

**C.   Defendants' Request for Attorneys' Fees Is Denied Without Prejudice.**

In their motion, Defendants argue they are entitled to their attorney's fees incurred in bringing this action to confirm the arbitrator's Final Award.  (*See* Motion at 11.)  Under Federal Rule of Civil Procedure 54(d), "[a] claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  In addition, this district's local rules provide certain requirements for attorneys' fees motions.  *See* Civ. L.R. 54-5(b).  Defendants have not filed a separate motion for attorneys' fees or complied with the requirements of the local rules.  Accordingly, Defendants' request for attorneys' fees is DENIED without prejudice to renewal in a procedurally proper motion.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to confirm the arbitration award is GRANTED and Plaintiffs' motion to vacate, modify, or correct the arbitration award is DENIED.  The Court CONFIRMS the arbitration award.  The stay of this matter is LIFTED and the parties are HEREBY ORDERED to propose a schedule by no later than March 20, 2020, for resolution of the remaining matters before the Court.

**IT IS SO ORDERED.**

Dated:  March 2, 2020

JEFFREY S. WHITE
United States District Judge