Keith Gillette (SBN 191082)
E-mail: keith.gillette@bullivant.com
Matthew A. Trejp (SBN 320464)
E-mail: matthew.trejo@bullivant.com
BULLIVANT HOUSER BAILEY PC
101 Montgomery Street, Suite 2600
San Francisco, CA   94104-4146
Telephone:  415.352.2700
Facsimile:  415.352.2701

Mark R. Figueredo (SBN 178850)
E-mail:  mrf@structurelaw.com
Ethan G. Solove (SBN 308026)
E-mail:  esolve@structurelaw.com
STRUCTURE LAW GROUP
1754 Technology Drive, Suite 135
San Jose, CA   95110
Telephone:  408.441.7500
Facsimile:  408.441.7501

Attorneys for Defendant and Counter-Plaintiff INDYZEN, INC. and Defendant PRAVEEN NARRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PARKRIDGE LIMITED and MABEL MAK, | Case No.: 4:16-cv-07387-JSW |
| Plaintiffs, | *Hon. Jeffrey S. White* |
| vs. | **DEFENDANTS' AND COUNTER-CLAIMANTS' REPLY TO PLAINTIFFS' AND COUNTER-DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES** |
| INDYZEN, INC. and PRAVEEN NARRA KUMAR, | |
| Defendants. | |
| INDYZEN, INC., | |
| Counter-Plaintiff, | |
| vs. | |
| PARKRIDGE LIMITED, BOON GLOBAL, LIMITED, F8 VIETNAM COMPANY LIMITED, CALIFORNIA FITNESS & YOGA CENTERS COMPANY LIMITED, and RANDY DOBSON. | DATE:    May 1, 2020<br>TIME:     9:00 a.m.<br>CRTM:   5, 2nd Floor<br>              1301 Clay Street<br>              Oakland, CA   94612 |
| Counter-Defendants. | |

4816-4642-0922.1 08816/00063                       – 1 –

Defendants and counter-claimants, Indyzen, Inc. ("Indyzen") and Praveen Narra Kumar ("Narra") (collectively, "Defendants"), respectfully submit their Reply to Plaintiffs and Counter-Defendant Parkridge, Inc. ("Parkridge") and Mabel Mak ("Mak") (collectively, "Plaintiffs") opposition to Defendants' Motion for Attorneys' Fees.

## **FACTS**

On August 19, 2019, Arbitrator Gary L. Benton, signed and issued a Final Award, awarding Defendants declaratory judgment as well as $678,825 in attorneys' fees and costs, assessed jointly and severally against Plaintiffs Parkridge and Mak.  *Final Award* pp. 96-97.  Arbitrator Benton made various findings in the Final Award, including that the Software Development Agreement between the parties (the "Morfit Agreement"), which gave rise to the arbitration, is a valid and binding agreement.  *Final Award* at p. 96.

The Morfit Agreement's attorneys' fees clause applies to "any litigation or arbitration […] commenced between the parties hereto arising out of this Agreement or the rights and duties of either."  *Morfit Agreement* at §12.  The Morfit Agreement further provides that the "the prevailing party in such [litigation or arbitration] will be entitled…to reasonable sums for attorneys' fees…."  *Ibid*.

On November 19, 2019, Plaintiffs filed their Motion to Vacate, Modify or Correct the Final Award.  ECF No. 83.  Plaintiffs' Motion to Vacate raised at least 10 complex legal issues and/or sub-issues and several factual issues.  *Ibid*.  Plaintiffs' counsel's declaration in support contained Exhibits A-D, consisting of approximately 143 pages of documents.  ECF. No. 83-1.  On December 3, 2019, Defendants filed their opposition (ECF No. 84), which responded to the various legal and factual assertions and was supported by Exhibits 1-6, consisting of approximately 70 pages of documents.  ECF Nos. 84-1 – 84-7.

Plaintiffs then sought a stipulation for an extension of time to file their reply, which Defendants rejected, because they did not believe that granting such an extension was in their clients' best interest.  On December 6, 2019, Plaintiffs filed a Motion for Extension of Time to File a Reply.  ECF No. 85.  On December 10, 2019, Defendants filed an opposition.  ECF No. 87.  The Court granted Plaintiffs' motion.  ECF No. 88.

On December 9, 2019, Defendants filed their Motion to Confirm Arbitration Award and Lift Stay. ECF No. 86. Plaintiffs then sought another stipulation to extend the time for them to file an opposition to Defendants' Motion to Confirm, to which Defendants agreed based on the Court's prior ruling regarding the first extension motion. ECF No. 91. Plaintiffs then filed their opposition (ECF No. 92), and Defendants filed their reply. ECF No. 95.

On March 2, 2020, the Court issued its Order denying Plaintiffs' Motion to Vacate and Granting Defendants' Motion to Confirm and Lift Stay. ECF No. 98.

As a result of the complex and time consumptive nature of this matter, Defendants incurred $30,853 in attorneys' fees in opposing plaintiffs' Motion to Vacate, Modify or Correct the Final Award and bringing its Motion to Confirm the Final Award. ECF No. 99-3 to 99-4 (Declaration of Keith Gillette in Support of Motion for Attorneys' Fees); see also ECF No. 99-1 to 99-2 (Declaration of Mark R. Figueredo in Support of Motion for Attorneys' Fees).

Defendants' Motion for Attorneys' Fees is supported by declarations which contain contemporaneous time records, redacted for privilege and confidentiality, which disclose the hours billed, nature of the services rendered, by whom the services were performed and the customary hourly rate. *Ibid*; see also ECF No. 99-6 (Declaration of Adrian Lambie in Support of Motion for Attorneys' Fees); ECF No. 99-7 (Declaration of Matthew Trejo in Support of Motion for Attorneys' Fees). Any time entry that was unrelated to the motions was redacted in its entirety and not included in the final sum sought in the motions.

## ARGUMENT

**A.   Defendants Are Entitled to Attorneys' Fees Incurred in Bringing this Action to Confirm the Arbitrator's Final Award and Opposing Plaintiffs' Motion to Vacate the Arbitrator's Final Award**

As the prevailing parties in the litigation to confirm the Final Award and oppose the Motion to Vacate the Final Award, Defendants are entitled to their reasonable attorneys' fees. The Morfit Agreement's attorneys' fees clause applies to "any litigation or arbitration […] commenced between the parties hereto arising out of this Agreement or the rights and duties of either." *Morfit Agreement* at §12. The Morfit Agreement further provides that the "the prevailing party in such [litigation or arbitration] will be entitled…to reasonable sums for

attorneys' fees…." *Ibid*. This broad language authorizes the Court to award attorneys' fees and costs incurred by Defendants to confirm the Final Award and oppose Plaintiffs' Motion to Vacate. *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp*., 791 F.2d 1334, 1340 (9th Cir. 1986) ("*Lafarge*").

        Plaintiffs' opposition fails to adequately dispute this threshold issue. Although Plaintiffs ask the Court to "deny Defendants' Motion entirely," their arguments do not support this request. Plaintiffs' only grounds for denying the motion in its entirety is that "the request is for an unreasonable amount of time." But that argument goes to the reasonableness of the fees requested, not the threshold issue of whether Defendants are entitled to attorneys' fees in the first place. The Morfit Agreement, which the arbitrator found to be a valid and binding agreement between the parties (*Final Award* at p. 96), expressly provides that the prevailing party in any litigation or arbitration arising out of the agreement is entitled to their attorneys' fees. The litigation required to confirm the Final Award and oppose plaintiffs' Motion to Vacate is litigation arising out of the Morfit Agreement. Defendants were the prevailing party in this litigation. Therefore, Defendants are entitled to their reasonable attorneys' fees. See, *e.g.*, *Lafarge, supra,* 791 F.2d at 1340 (holding that Counter-Defendant Foley was entitled to $207,700 in attorneys' fees in opposing Defendant-Counterclaimant Kaiser's motion to vacate the arbitration award, where the Kaiser-Foley contract provided that the parties were entitled to attorney fees in actions to enforce the contract, and the court found the motion to vacate was an action to enforce the contract).

**B.**    <u>**The Requested Fees are Undeniably Reasonable and Should Not be Reduced**</u>

        The parties agree that, in calculating reasonable attorneys' fees, the Court must consider the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases….

*Lafarge*, *supra*, 791 F.2d at 1341–42 (citations omitted).  The parties also agree that the Court need not consider all 12 factors to determine that a fee request is reasonable.  Indeed, consideration of only three factors is not an abuse of discretion.  *Ibid*.

Defendants raised in their moving papers the way in which the requested fees are reasonable under these factors, including, but not limited to: the fact that a large amount of money was at stake in confirming the Final Award; the inherent complexity and time consuming nature of the matter including responding to a number of legal and factual assertions, working with a voluminous record of the arbitration hearing and doing considerable legal research; and working under time pressure, including through holidays and on weekends.  Moreover, positive results were obtained, as the Final Award was confirmed by the Court.  ECF No. 98. Defendant's counsel also submitted declarations with contemporaneous billing records, showing the nature of the professional services rendered, the time spent for each task, by whom the services were rendered and the hourly rate and experience of each attorney.

Finally, defendants cited *Lafarge* to show awards in similar cases.  In *Lafarge*, the Court held that the District Court did not abuse its discretion in granting Counter-Defendant Foley $207,700 in attorney fees in opposing Defendant-Counterclaimant Kaiser's motion to vacate the arbitration award.  *Id* at. 1342.  In so holding, the Court noted that the District Court's award of attorney fees was supported by affidavits and exhibits that included contemporaneous time records maintained by the law firms involved.  *Ibid*.  The court also highlighted that the exhibits submitted therewith disclosed the hours billed, the nature of the professional services rendered, and the customary hourly rate of each attorney.  *Ibid*.  The court also found that there "was no duplication of effort and that Foley's retention of three firms was reasonable," as "[e]ach firm served Foley in a different respect."  *Ibid*.  *Lafarge* is directly on point and supports awarding Defendants fee request in full.

Interestingly, Plaintiffs do not attempt to rebut these factors or distinguish the authority Defendants cite in support of their motion.  Instead, their primary argument is that the time spent by defendants was excessive.  This is simply not enough to satisfy plaintiffs' burden of rebuttal.  *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987) ("The party opposing the

fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.")  Although Plaintiffs' have failed to meet their burden of rebuttal, which should be grounds for granting the motion and awarding the full amount sought, Defendants will address Plaintiffs' excessiveness argument.

> **1.    The amount of time spent was appropriate given the inherent complexity of the motions**

The proper handling of these motions and the vigorous objections to the Final Award's confirmation were inherently complex and time consumptive and warranted the amount of time spent by Defendants.  Plaintiffs' primary argument that Defendants fee request should be reduced is that the amount of time spent on the motions was excessive.  But despite having the time records available to them (ECF Nos. 99-2 & 99-4), Plaintiffs neither point to a specific time entry they believe to be excessive, nor do they offer declarations as to how much time they spent on the motions to support their excessive hours argument.  Rather, they generalize and make conclusory assertions.

Plaintiffs Motion to Vacate raised at least 10 complex legal issues and/or sub-issues and several factual issues.  ECF No. 83.  Plaintiffs' counsel's declaration in support contained Exhibits A-D, which consisted of approximately 143 pages of documents.  ECF. No. 83-1.  Due to the number and complexity of issues raised, and the voluminous documentary evidence submitted in support of the motion, a considerable amount of time was required to oppose this motion, including, but not limited to, analyzing the authorities cited in Plaintiffs' brief and the voluminous documents filed in support, preparing argument outlines, strategizing, conducting legal research, drafting the motions and supporting papers, and reviewing transcripts, exhibits and pleadings from the voluminous arbitration record for exhibits to support the Defendants' opposition.  Defendants also overcame significant time constraints in order to meet their response deadline, including working through the Thanksgiving holiday and on weekends.

///

///

Bringing the Motion to Confirm the Arbitration Award (ECF No. 86) was also inherently complex and time consumptive. Although the Motion to Vacate and the Motion to Confirm both addressed the Final Award, the motions involved different, but equally complex, legal standards (*i.e.*, vacatur and confirmation). In addition, Defendants' Motion to Confirm addressed lifting the stay the Court had issued, which was an issue not briefed in the Motion to Vacate.

The litigation to confirm the Final Award and oppose the Motion to Vacate was further complicated by the motion practice surrounding Plaintiffs' Motion for Extension of Time to File a Reply in Support of their Motion to Vacate and the time expended regarding extending the time for Plaintiffs' to file their opposition to the Motion to Confirm. Plaintiffs argue that Defendants should not be entitled to their fees for this work, because Defendants unreasonably denied the extension request. Plaintiffs cite no legal authority for this position, but rather rely on conclusory statements. Plaintiffs also mischaracterize the reasoning for Defendants' denial of the extension request stating that Defendants denied the request because "no extension had been granted to Defendants on their response brief." What Plaintiffs' fail to mention is that no extension was requested by Defendants, because they worked through the holiday and weekends to meet their response brief deadline. Defendants believed that granting such an extension was not in the best interest of their client, so they rejected it. Further informing Defendants' decision to reject the request was that the trip which prevented their lead counsel from filing the brief on time was "pre-paid [and] pre-arranged." ECF No. 85, pg. 2, ln. 6. Plaintiffs filed their motion knowing this Court's briefing rules and were apparently aware of this trip before they filed the Motion to Vacate. Plaintiffs also have other counsel besides lead counsel that have been involved in this litigation who could have prepared and filed the reply on time. Thus, Defendants' rejection of the extension request was hardly unreasonable.

Instead of meeting their reply deadline, Plaintiffs chose to file a motion for an extension, which Defendants were forced to oppose. The Morfit Agreement expressly provides that the prevailing party in any litigation or arbitration arising out of the agreement is entitled to their attorneys' fees. The agreement does not distinguish as to what types of motions for which

attorneys' fees are available, but instead applies broadly to litigation arising out of the agreement.  Since the motions for extensions of time were directly related to the confirming the Final Award and opposing Plaintiffs' Motion to Vacate, it is litigation arising out of the agreement.  Therefore, Defendants are entitled to recover their fees for this work.

Plaintiffs also incorrectly argue that, "according to the exhibits submitted by Defendants, Defendants' various counsel spent a combined total of 7.3 hours addressing Plaintiffs' request for an extension and the subsequent motion requesting the same – 2.9 hours of which was spent after the Court had granted Plaintiffs' request for an extension. They have claimed $2,485.00 for this time." Plaintiffs do not point to a specific time entry, even though the entries were available to them.  Indeed, a review of the time entries reveals that this assertion is inaccurate. Defendants spent time preparing the opposition to Plaintiffs' motion for extension and filing the opposition on December 10, 2019.  After the opposition was filed (ECF No. 87), the Court issued its order.  ECF No. 88.  Therefore, plaintiffs' assertion that 2.9 hours was spent after the Court issued is order is not supported by the facts and evidence submitted.

Even if the Court finds some of the time to be excessive, the Court should focus on the big picture which is the amount being sought (*i.e.*, $30,853).  Plaintiffs make no arguments that the amount being sought is excessive or unreasonable.

**2.     Defendants Submitted the Appropriate Documentation to Support their Fee Request**

Defendants' request for award of attorneys' fees is supported by declarations that include contemporaneous time records, redacted for attorney client privilege and work product. The Ninth Circuit has expressed a preference for contemporaneous records to support a fee motion. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).  In *Lafarge*, the Court held that the District Court did not abuse its discretion in granting Counter-Defendants $207,700 in attorney fees incurred in opposing Kaiser's motion to vacate the arbitration award. *Id* at. 1342.  In so holding, the Court noted that:

///

///

> The court's award of attorney fees was supported by affidavits and exhibits that included contemporaneous time records maintained by the law firms involved. The exhibits and affidavits disclosed the hours billed, the nature of the professional services rendered, and the customary hourly rate of each attorney. Each attorney specified his professional credentials. Each firm submitted a description of the services performed, by whom they were performed, and that individual's hourly rate at the time of performance. In some instances the time devoted to each service was reflected in a contemporaneous record.

*Ibid*. As in *Lafarge*, the contemporaneous time records submitted with Defendants' fee motion discloses the hours billed, the services performed, by whom they were performed and the customary hourly rate of each attorney. Therefore, there is no question that the documentation Defendants have submitted is enough to support their fee request.

The only argument Plaintiffs make regarding the sufficiency of Defendants' documentation is the sweeping assertion, unsupported by authority, that the redactions made it "impossible to determine what services were performed or assess their reasonableness." However, a party seeking fees may redact certain portions of the relevant time entries when doing so "is necessary to protect the attorney client privilege," so long as the unredacted portions "still afford[ ] the Court sufficient detail to determine the reasonableness of the hours requested." *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *25 (C.D. Cal. Mar. 24, 2015); see, also, *Jones v. Corbis Corp.*, 489 Fed.Appx. 155, 157 (9th Cir. 2012) ("Corbis can recover for tasks with redacted entries because the descriptions provide sufficient information"); *Allen v. Ghoulish*, 2008 WL 474394, *8 (S.D. Cal. Feb. 19, 2008) (instructing a party to file billing records and to redact them "so as to remove all information that is protected by the attorney-client and work-product privileges"). Stated differently, redactions are acceptable so long as they "do not impair the ability of the court to judge whether the work was an appropriate basis for fees." *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1285 (9th Cir. 2004). For example, a time entry need not specify the precise purpose of a conversation or the topics discussed. *Moofly Prod., LLC v. Favila*, 2015 WL 6681164, *4 (C.D. Cal. Nov. 2, 2015) ("The Corrales Parties contend that there are still heavy redactions on numerous entries for work performed, which makes it impossible to evaluate the fees charged

for these entries.  The Court disagrees with the Corrales Parties' contention.  For example, the Corrales Parties object to the Walton Firm's March 12, 2015 billing entry; 'Continued work on trying to settle Joel matter, correspondence with opposing counsel [redacted].'  The Court believes that this and similar entries are sufficiently detailed to substantiate a claim for reasonable fees").

      A review of the contemporaneous time records submitted by Defendants shows that Plaintiffs' argument that the redactions made it "impossible to determine what services were performed or assess their reasonableness" is disingenuous.  Defendants were careful to only redact the portions of the time records that they believed to be subject to attorney client privilege or work product and to only include entries that were related to the Motion to Vacate and Motion to Confirm.  Entries that were not related to those motions were redacted entirely and excluded from the fee request.  Thus, the entries are sufficiently detailed to substantiate a claim for reasonable fees.[1]

      The only specific example provided by Plaintiffs is an entry on November 25, 2019 that states "Research Relevant Authorities Re."  However, the entry cited by plaintiffs contradicts their statement that the redactions made it impossible to determine what the service is and assess its reasonableness.  It is clear from this entry that the service performed is legal research, and the amount of time billed is also there.  The information contained in this entry is more than enough information to assess the service being performed and its reasonableness.  Plaintiffs also state that they are unable to determine whether this was related to the motion.  However, Defendants only included billings that were related to the motions.  Making broad assertions about redactions and then citing only one example is not enough to satisfy Plaintiffs' burden of rebuttal.  *Toussaint, supra,* 826 F.2d at 904.

///

///

///

---

[1] To the extent the Court believes that some of the time entries do not provide sufficient information due to the redactions, Defendants are willing to submit unredacted bills *in camera* for the Court's review.

4816-4642-0922.1 08816/00063      – 10 –

DEFENDANTS' AND COUNTER-CLAIMANTS' REPLY TO PLAINTIFFS' AND COUNTER-DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Attorneys' Fees in the amount of $30,853 incurred in bringing the Motion to Confirm the Arbitrator's Final Award and opposing Plaintiffs' Motion to Vacate.

DATED: April 21, 2020

                                         BULLIVANT HOUSER BAILEY PC

                                         By  */s/ Keith Gillette*
                                             Keith Gillette
                                             Matthew A. Trejo

                                             Attorneys for Defendant and Counter-Plaintiff INDYZEN, INC. and Defendant PRAVEEN NARRA KUMAR

4816-4642-0922.1 08816/00063

– 11 –

DEFENDANTS' AND COUNTER-CLAIMANTS' REPLY TO PLAINTIFFS' AND COUNTER-DEFENDANTS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES