MICHAEL J. SMIKUN (*Admitted Pro Hac Vice*)
**CALLAGY LAW, P.C.**
Mack Cali Centre II
650 From Road – Suite 565
Paramus, New Jersey 07652
Telephone: (201)261-1700
Facsimile: (201)621-6236
E-mail: msmikun@callagylaw.com

[Additional counsel listed on signature page.]

Attorneys for Plaintiffs
PARKRIDGE LIMITED AND MABEL MAK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>Defendants. | Case No. 4:16-cv-07387-JSW<br><br>**PLAINTIFF/COUNTER-DEFENDANT PARKRIDGE LIMITED'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNT 3 OF COUNTERCLAIMS RE: FRAUD**<br><br>*Hon. Jeffrey S. White*<br><br>Date:   September 4, 2020<br>Time:   9:00 a.m.<br>Dept.:   Courtroom 5, 2nd Floor<br><br>Complaint Filed:   December 29, 2016 |
| INDYZEN, INC., a California corporation,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PARKRIDGE LIMITED, a Hong Kong corporation and RANDY DOBSON, an individual,<br><br>Counter-Defendants. | |

Plaintiff/Counter-Defendant Parkridge Limited ("Parkridge"), by and through undersigned counsel, hereby replies in support of its Motion to Dismiss Count 3 of the Counterclaims re: Fraud. It is clear that Indyzen has failed to state a claim for fraud, which requires the Court to dismiss that claim. Therefore, Parkridge respectfully requests that the Court dismiss the fraud claim with prejudice for failure to state a claim.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INDYZEN'S FRAUD CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

Despite its protests to the contrary, Indyzen has not addressed its failure to state a cognizable claim for fraud against Parkridge. Indeed, Indyzen relies upon misleading recitations of the law to avoid dismissal of this flawed claim. As Indyzen has not amended its fraud claim to cure the deficient pleading – which would be futile in any case – the Court must dismiss the fraud claim with prejudice.

**A.   Indyzen's fraud claim is subject to the Arbitration Clause of the Morfit Agreement, and must be dismissed because it was not raised in arbitration.**

Indyzen does not dispute the fact that the Arbitration Clause of the Morfit Agreement applies to all claims arising between Indyzen and Parkridge, except for those arising out of payments allegedly due to Indyzen. Indyzen failed to raise its fraud claim during arbitration and so now is attempting to shoehorn its fraud claim against Parkridge into that exception to avoid the repercussions of its failure to timely raise the claim in arbitration. Indyzen's arguments, however, are contrived and unpersuasive.

It is clear from Indyzen's allegations that the fraud claim arises out of the allegedly fraudulent representations made in the course of, as Indyzen claims, the formation of an oral contract to modify the terms of a pre-existing contract. *See* ECF 124, ¶¶ 39-53. Contrary to Indyzen's argument in response to the Motion to Dismiss, Indyzen's fraud allegations do not present a "dispute arising out of payments due to" Indyzen. Exhibit 2, Motion to Dismiss, pg 6. Indeed, Indyzen's allegations do not allege that, when the purportedly fraudulent representations were made, that there was any dispute over the payments due to Indyzen at all. The allegedly fraudulent representations concerned a restructuring of the terms of the existing contract; there is no allegation that there was a dispute over payments due to Indyzen.

Indyzen now claims that the "fraud claim is rooted in money due to Indyzen and Dobson's fraudulent representations to get Indyzen to invoice less in exchange for the promise of additional money to be added to the promissory note…." ECF 143, pg 4, ln 11-13. This does not claim that there was a "dispute arising out of payments due" to Indyzen. The dispute arises out of the allegedly fraudulent representations which Indyzen claims induced it to modify the terms of the written contract. There is simply no allegation that there was a dispute arising out of payments due. Therefore, the fraud claim is subject to the Arbitration Clause and can only be raised in the course of arbitration. Indyzen has had its chance to pursue arbitration and failed to raise this claim. Therefore, the Court must dismiss the fraud claim with prejudice.

**B.  Indyzen has failed to allege justifiable reliance.**

Indyzen has not only failed to identify where in its Counterclaims it alleges facts showing justifiable reliance on the alleged misrepresentations, but has also deliberately attempted to mislead this Court as to the relevant legal standard by relying upon an unpublished decision addressing a claim of negligent misrepresentation, which it explicitly determines is not subject to the heightened pleading standard imposed on fraud claims by Federal Rule of Civil Procedure 9(b). It is quite clear that Indyzen has failed to allege particular facts showing that its reliance was justifiable. Therefore, the fraud claim must be dismissed.

Indyzen relies upon *Cutler v. Rancher Energy Corp.*, 2014 WL 1153054 (C.D. CA 2014), for the proposition that Parkridge's alleged intent to deceive, coupled with allegedly false statements from Dobson, is sufficient for the Court to find justifiable reliance. But not only is *Cutler* an unpublished decision of little weight, it is wholly inapplicable. Prior to concluding that it could infer justifiable reliance from the context of other allegations despite a lack of particular factual allegations, the *Cutler* Court addressed the question of whether particularity requirement of Rule 9(b) applied. In *Cutler*, the plaintiff was not alleging fraud, as is alleged here. Rather, the plaintiff was alleging negligent misrepresentation. The *Cutler* Court extensively considered whether Rule 9(b) – which requires that the circumstances of fraud claims be alleged with "particularity" – applies to the related but distinct claim of negligent misrepresentation. *Cutler* concluded that Rule 9(b) did not apply to the negligent misrepresentation claim "for two reasons: (1) the Ninth Circuit has held that Rule 9(b) does not apply

in cases where fraud is not an essential element of a claim, and (2) California state law suggests that such claims sound primarily in negligence, not fraud." *Cutler*, *supra*, at pg 4.

This is a critical distinction because, unlike negligent misrepresentation, fraud is unequivocally an "essential element" of a fraud claim. The *Cutler* analysis of whether justifiable reliance was sufficiently pled in the context of a negligent misrepresentation claim is wholly inapplicable to Indyzen's fraud claim for the very reason that *Cutler* did not apply the Rule 9(b) particularity standard. Thus, the entirety of Indyzen's argument that it has sufficiently pled justifiable reliance – which is based on the less strict, generalized pleading standard – is a misleading distraction from Indyzen's failure to plead this element of fraud with particularity.

The Court cannot, as Indyzen requests, simply choose to infer from context that Indyzen's reliance was justifiable. Rule 9(b) is clear that, when pleading fraud, only "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The remaining elements, including justifiable reliance, must be pled with particularity.

Indyzen has failed to plead justifiable reliance with particularity, relying only upon a conclusory statement that it, in fact, "justifiably relied" upon the misrepresentations. Yet, the Court must ask the question, "how was the reliance justifiable?" Indyzen's Counterclaims do not provide an answer to that question. Therefore, the fraud claim must be dismissed for failure to state a claim.[1]

**C.     Indyzen's fraud claim must be dismissed for failure to allege any harm resulting from the purported fraud.**

Parkridge has clearly pointed out that Indyzen's fraud claim fails to identify how Indyzen actually suffered any harm from the alleged fraud, and Indyzen's only response is the baseless accusation that Parkridge is "callous". This ad hominem response, however, still fails to address the question of what harm Indyzen has actually suffered from the alleged fraud.

Damage is an "essential element" in a claim for fraud. *Wallis v. Farmers Group. Inc.* (1990) 220 Cal.App.3d 718, 734 (reversing judgment for fraud). Therefore, it too must be pled with particularity. Indyzen's Counterclaims offers no specific factual allegations, alleging only that it

---

[1] Parkridge is cognizant of the fact that, where this the only defect in Indyzen's fraud claim, the Court would be justified in granting leave to amend. In conjunction with the other defects however, amendment would be futile.

suffered harm by "changing its position". ECF 124, ¶ 52. This change of position, Indyzen asserts in response, was the changing of the invoices with the expectation that there would be a corresponding increase in the amount added to the Promissory Note. Indyzen claims that its other claims are "$60,000 less than what it would have been otherwise." ECF 144, pg 9, ln 26. This assertion begs two questions: (1) Where is this allegation contained in the Counterclaims, and (2) how has this reduced Indyzen's claimed damages for breach of contract?

To the first question, the answer is simple. Indyzen's Counterclaims do not allege that it was somehow forced to reduce its other damages claims by $60,000. That assertion is not found anywhere in the Counterclaims. If this is indeed the position that Indyzen is taking, Indyzen is obliged to make that claim in its pleadings. It has not done so. Therefore, the Court must dismiss the fraud claim because it does not plead any damages with particularity.

To the second question, there is simply no support for the contention that Indyzen is somehow unable to allege $60,000 of damages in its other claims related to breaches of contract. Indeed, it appears that Indyzen has alleged a claim for damages in the amount owed for the services it claims to have performed (i.e. $200,000 per month), but not just the amount it alleges was included in the "reduced" invoices. Indyzen is pulling this argument out of the ether and attempting to create a basis for damages where there is none. There is simply no basis for concluding that Indyzen is unable to allege the full amount of damages it claims arose from Parkridge's failure to pay the full amount owed to it. The notion that Indyzen would be deprived of any right to recover properly owed amounts simply because of a change in an invoice is a poor fiction that, in addition to not actually being pled in the Counterclaims, has no persuasive merit.

As Indyzen has clearly failed to plead facts showing that it was harmed by the alleged fraud, the fraud claim must be dismissed.

## II.   CONCLUSION

The Court must dismiss all the fraud claim against Parkridge as Indyzen has failed to state a claim for relief. Indyzen has not alleged particular facts sufficient to establish all of the elements of the claim, and is now relying upon a misleading and incorrect statement of the law to avoid dismissal.

Therefore, Parkridge respectfully requests that the Court dismiss the fraud counterclaim against Parkridge with prejudice.

DATED: July 15, 2020					CALLAGY LAW, P.C.

							By: _/s/ Michael J. Smikun_____
							MICHAEL J. SMIKUN

							CONSTANCE J. YU (SBN 182704)
							PUTTERMAN | YU LLP
							345 California Street, Suite 1160
							San Francisco, CA 94104-2626
							Telephone: (415) 839-8779
							Facsimile: (415) 737-1363
							E-mail: cyu@plylaw.com

							Attorneys for Plaintiffs and Counter-Defendants
							PARKRIDGE LIMITED and MABEL MAK