MICHAEL J. SMIKUN (*Admitted Pro Hac Vice*)
**CALLAGY LAW, P.C.**
Mack Cali Centre II
650 From Road – Suite 565
Paramus, New Jersey 07652
Telephone: (201)261-1700
Facsimile: (201)621-6236
E-mail: msmikun@callagylaw.com

[Additional counsel listed on signature page.]

Attorneys for Plaintiffs
PARKRIDGE LIMITED AND MABEL MAK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>　　　　　　　Defendants.<br><br>INDYZEN, INC., a California corporation,<br><br>　　　　　　　Counter-Plaintiffs,<br><br>　v.<br><br>PARKRIDGE LIMITED, a Hong Kong corporation and RANDY DOBSON, an individual,<br><br>　　　　　　　Counter-Defendants. | Case No. 4:16-cv-07387-JSW<br><br>**PLAINTIFF/COUNTER-DEFENDANT PARKRIDGE LIMITED'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION TO SERVE SUMMONS**<br><br>*Hon. Jeffrey S. White*<br><br>Date: _____, 2020<br>Time:　9:00 a.m.<br>Dept.:　Courtroom 5, 2nd Floor<br><br>Amended Complaint Filed:　May 7, 2020 |

Plaintiff/Counter-Defendant Parkridge Limited ("Parkridge"), by and through undersigned counsel, hereby responds in opposition to Defendant Indzyen, Inc.'s ("Indyzen") Motion for Extension to Serve Summons. While an extension of time to serve is ordinarily appropriate, it is clear that, under these circumstances, there is no good cause to grant such an extension. Defendant's claims against Mr. Dobson have already been dismissed, there is no legal basis for exercising personal jurisdiction over Mr. Dobson even if service is made, and Defendant has not established that it has actually engaged in reasonable attempts at service. The Motion should be denied.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. DEFENDANT'S MOTION SHOULD BE CONSIDERED MOOT BECAUSE ALL CLAIMS AGAINST MR. DOBSON HAVE BEEN DISMISSED.

The Court should deny Defendant's Motion on the grounds that it is moot. The Court has dismissed all claims against Mr. Dobson and Defendant's time to file an amended pleading has passed without the filing of any such amendment. ECF 155. As Mr. Dobson has been dismissed, there is no point or purpose to granting an extension to serve him with process. Defendant's Motion is therefore moot and should be denied.

### II. AN EXTENSION OF TIME TO SERVE WOULD BE FRUITLESS BECAUSE DEFENDANT HAS FAILED TO DEMONSTRATE THAT THIS COURT CAN EXERCISE PERSONAL JURISDICTION OVER MR. DOBSON.

Though the Court did not specify its reasons for granting Mr. Dobson's Motion to Dismiss, it is clear from the context of the Court's order that it did not find that Defendant had established a basis for the Court to exercise personal jurisdiction over Mr. Dobson. That is because the Court does not have a basis for exercising personal jurisdiction over Mr. Dobson. Nor would service of process be sufficient to invoke this Court's personal jurisdiction.

As Mr. Dobson asserted in his Motion to Dismiss (ECF 136), there is no basis for personal jurisdiction over Mr. Dobson. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998), holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006). "Unless a defendant's contacts with a

forum are so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, a forum may exercise only "specific" jurisdiction—that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "In this circuit, we analyze specific jurisdiction according to a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id*, at 1205–06. As Indyzen has alleged, Dobson is "an individual of United States Citizenship, currently residing in Vietnam…", it is undisputed that Dobson does not reside within the forum state. ECF 124, Counterclaims, ¶ 3. Any and all of Dobson's activities directed into this forum, however, were performed his official capacity as CEO of Parkridge, and, as a matter of law, those actions cannot subject him to this Court's personal jurisdiction. *Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999).

While Defendant seeks to circumvent these limitations on the Court's personal jurisdiction by alleging alter ego theories, **those theories have already been adjudicated in Mr. Dobson's favor**. Defendant vigorously sought and obtained this Court's confirmation of the Arbitration Award. That award contains the specific factual findings of the arbitrator that Defendant had failed to submit evidence which would be sufficient to establish any alter ego or other veil piercing theory. That issue is now fully adjudicated and resolved. Thus, the only allegation which *might* have allowed the Court to exercise personal jurisdiction over Mr. Dobson is not available to sustain Defendant's claims.

As the Court does not and cannot have personal jurisdiction over Mr. Dobson, an extension of time to effect service would be an exercise in futility. Defendant's Motion should be denied.

### III. DEFENDANT HAS NOT BEEN DILIGENT IN SEEKING TO SERVE MR. DOBSON.

Defendant has indisputably not been diligent in attempting to serve Mr. Dobson, and for that

1  reason should not be rewarded with additional time to serve. In an effort to feign diligence, Defendant
2  offers the Declaration of Christopher Addy ("Mr. Addy's Declaration"), one of Defendant's counsel,
3  which does not demonstrate that Defendant has taken reasonable efforts to secure service. While Mr.
4  Addy's Declaration states that his staff had "already begun attempts to locate and serve Dobson" before
5  he sought an agreement to accept service, it does not actually identify when Defendant began making
6  efforts to serve Mr. Dobson. ECF 159-1, ¶ 4.

7  Defendant filed its Counter-Claims on May 7, 2020. Yet Defendant has not even claimed that
8  it began taking any steps to serve Mr. Dobson. Indeed, the first date of any efforts at service stated by
9  Mr. Addy is August 27, days before the service period was set to expire. ECF 159-1, ¶¶ 2-3. Even
10 giving credence to the representations that Defendant had attempted to obtain an agreement to accept
11 service for "over a month", Mr. Addy's Declaration still only supports the conclusion that Defendant
12 first began attempting to serve Mr. Dobson in mid to late July 2020, more than two months after filing
13 their Counter-Claims. Based on these representations alone, it is impossible to conclude that Defendant
14 has acted diligently in seeking to effect service. Such dilatory conduct does not justify the extension
15 Defendant requests, and so Defendant's Motion should be denied.

### IV.  CONCLUSION

17 The Court should deny Defendant's Motion because there is simply no good basis for granting
18 it. Defendant's claims against Mr. Dobson have already been dismissed, and Defendant has not
19 attempted to amend and show that the exercise of personal jurisdiction is proper. Defendant's Motion
20 is therefore moot and should be denied on that basis. Furthermore, it is quite clear that there is no basis
21 for the exercise of personal jurisdiction over Mr. Dobson, and so Defendant's Motion is seeks relief
22 that would be fruitless and result in a waste of time and resources. Defendant cannot establish a claim
23 against Mr. Dobson because any alter ego allegation has already been resolved against Defendant.
24 Therefore, Defendant cannot sustain any claims against Mr. Dobson in his individual capacity.

25 Finally, Defendant has failed to actually show that it has been diligent in seeking to serve Mr.
26 Dobson. It is readily apparent that Defendant did not even begin to attempt service until more than two
27 months after the filing of their Counter-Claims and after Mr. Dobson has filed a Motion to Dismiss
28 asserting lack of personal jurisdiction. Defendant's failure to move forward with service should not be

1  rewarded with additional time, particularly in light of the futility of the effort; this Court cannot exercise

2  personal jurisdiction over Mr. Dobson even if service were completed. Therefore, the Court should

3  deny Defendant's Motion for Extension to Serve Summons.

4  DATED: September 17, 2020                    CALLAGY LAW, P.C.

                                                By: _____
                                                    MICHAEL J. SMIKUN


CONSTANCE J. YU (SBN 182704)
PUTTERMAN | YU LLP
345 California Street, Suite 1160
San Francisco, CA 94104-2626
Telephone: (415) 839-8779
Facsimile: (415) 737-1363
E-mail: cyu@plylaw.com

Attorneys for Plaintiffs and Counter-Defendants
PARKRIDGE LIMITED and MABEL MAK