Mark R. Figueredo, Esq. (SBN 178850)
mrf@structurelaw.com
Christopher G. Addy, Esq. (SBN 256044)
caddy@structurelaw.com
Austin T. Jackson, Esq. (SBN 312698)
ajackson@structurelaw.com
STRUCTURE LAW GROUP, LLP
1754 Technology Drive, Suite 135
San Jose, CA   95110
Telephone:  (408) 441-7500
Facsimile:  (408) 441-7501

Attorneys for Defendant and Counter-Claimant
INDYZEN, INC. and Defendant PRAVEEN
NARRA KUMAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation, by Mabel Mak, and MABEL MAK, an individual,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>INDYZEN, INC., a California corporation, and PRAVEEN NARRA KUMAR, an individual,<br><br>　　　　　　　Defendants.<br><br>INDYZEN, INC., a California corporation,<br><br>　　　　　　　Counter-Claimant,<br>　　vs.<br><br>PARKRIDGE LIMITED, a Hong Kong corporation and RANDY GENE DOBSON an individual,<br><br>　　　　　　　Counter-Defendants. | Case No.: 4:16-cv-07387-JSW<br><br>*Hon. Jeffrey S. White*<br><br>**COUNTER-CLAIMANT INDYZEN, INC.'S REPLY TO OPPOSITION FOR EXTENSION TO SERVE SUMMONS**<br><br>Date: _____, 2020<br>Time  9:00 a.m.<br>Dept.: Courtroom 5, 2nd Floor<br><br>Counter-Claim Filed: May 7, 2020 |

　　　Counter-Claimant Indyzen, Inc., ("Indyzen") hereby submits its Reply in support of its Motion For Extension to Serve Summons.

– 1 –

## I.  INTRODUCTION

On September 3, 2020 Indyzen filed its Motion For Extension to Serve Summons on Counter-Defendant Randy Gene Dobson (Dkt. 159).  As set forth in the moving papers, Dobson is on full notice of this Counter-Claim and as such, no prejudice will occur in granting this Motion.  Indyzen has acted diligently in attempting to locate Dobson and effectuate service of process, and continues to do so, but to date has been unsuccessful.  In this Reply to Dobson's Opposition, Indyzen reiterates the information and arguments set forth in the moving papers, and offers the additional argument as follows:

## II.  ARGUMENT

### A.  Claims Against Dobson Are Not Moot

Indyzen's Counter-Claim against Dobson for Counts 1 (Breach of Contract), Count 2 (Account Stated), Count 4 (Breach of Oral Contract) and Count 5 (Promissory Estoppel) are all still active claims.  In his moving papers, Dobson alleges that all claims against him are moot based on his interpretation of Dkt. 155, this Court's Order relating to Dobson's (second) Motion to Dismiss. (See Opposition, Dkt. 161 at p. 2 ¶¶ 9-15)  However, this Court's Order does not dispel of the entire action against Dobson.  (See Dkt. 155)  The Order clearly states "… Counter-Defendant Randy Dobson's Motion to Dismiss **Count 3** are GRANTED with leave to amend. (See below.)". (*id*., at ¶¶ 1-3, emphasis added).  The relevant text set forth below Honorable Jeffrey White's signature block reads as follows: "Defendant and counter-claimant Indyzen, Inc. may file an amended counterclaim for fraud by no later than September 14, 2020 to allege sufficient facts for the Court to adjudicate whether any fraud claim may proceed." (id., at ¶¶ 9-12)  It further states in relevant part, "**Should Indyzen, Inc. elect to file an amended counterclaim for fraud** and the Court determine that it fails to comply with this order, the Court shall consider levying sanction in addition to dismissal without leave to amend". (*id*., at ¶¶ 22 – 24, emphasis added) Accordingly, the only Count dismissed against Dobson is Count 3 (Fraud).  Indyzen has elected to forgo Count 3 for fraud and pursue the remaining Counts 1, 2, 4, and 5 not previously dismissed.  Thus, the claims against Dobson are not moot.

///

### B. This Court Has Already Ruled On The Personal Jurisdiction Issues Raised

Dobson continues to allege that no personal jurisdiction exists. However, as stated in prior pleadings, and as previously adjudicated by this Court, Personal Jurisdiction does exist and is set forth in this Court's April 13, 2018 Order Granting Petition To Compel Arbitration And Denying Motions To Dismiss. (Dkt. 63). "The Court further finds that it may properly exercise jurisdiction over the Dobson Companies. These companies are closely associated with Randy Dobson and, **by signing the [Morfit] Agreement to perform the subject work in California, he is properly subjected to the jurisdiction of this Court**. (*Id.* at 2:21–24; Emphasis added)

The facts and circumstances of this issue, already adjudicated, are set forth in great detail in Indyzen's Reply brief pertaining to its originally filed motion to compel arbitration (Reply Brief at Dkt. 54 at p 4 line 19 - p 6 line 25). There, Consent and Minimum Contacts were plead with sufficient detail allowing this Court to enter Dkt., 63, finding personal jurisdiction and compelling Dobson to Arbitration. Further evidencing his consent, Dobson participated in the Arbitration in California as reflected in the Final Award. The Arbitration was not just limited to Parkridge but addressed claims asserted against Dobson personally as well.

That Dobson participated in the Arbitration in California to address claims involving him personally is itself a sufficient contact to support a finding of personal jurisdiction. Dobson cannot be allowed to pick and choose when he wants to enter California to resolve claims against him and when he doesn't. Likewise, Indyzen's fourth and fifth counter-claims allege facts sufficient to demonstrate personal jurisdiction. (See Dkt. 124 at ¶¶ 55-56, 67-68). It was always clear that Indyzen was located in California. Clearly any subsequent contracts and promises made with an individual and corporate entity in California, all provide further evidence of Dobson's conduct reaching into the forum State, and thus conferring this Court's jurisdiction over him.

### III. CONCLUSION

Indyzen continues in its diligent effort to effectuate service on Dobson so it may pursue the remaining counts in its counter-claim. Dobson continues to flout this Court's authority, and reach, raising the same previously adjudicated arguments in support thereof. Dobson has full and fair notice of these proceedings, through counsel, and rather than appear and defend this action, he

conveniently uses his international status and financial means as an escape. For reasons set forth in its moving papers, and above, Indyzen respectfully requests the Court grant this motion.

DATED: September 24, 2020                    STRUCTURE LAW GROUP, LLP


By:    /s/ Christopher G. Addy
       Mark R. Figueredo, Esq.
       Christopher G. Addy, Esq.
       Austin T. Jackson, Esq.
       Attorneys for Defendants and
       Counter-Claimants INDYZEN, INC. and
       Defendant PRAVEEN NARRA KUMAR