UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED and MABEL MAK,<br><br>    Plaintiffs,<br><br>    v.<br><br>INDYZEN, INC. and PRAVEEN NARRA KUMAR,<br><br>    Defendants. | Case No. 16-cv-07387-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS COUNTERCLAIMS**<br><br>Re: Dkt. No. 141 |

    Now before the Court is the motion to dismiss the counterclaims filed by Defendants Indyzen, Inc. and Praveen Narra Kumar pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court HEREBY GRANTS the motion to dismiss the counterclaims.

    The facts and procedural background of this matter are well-known to the parties and shall not be repeated here. The arbitration proceeding in May 2019 adjudicated the claims at issue and the Court now finds that the counterclaims are barred by the effect of collateral estoppel of the lengthy arbitration decision. In opposing the motion, Plaintiffs concede that their counterclaims II, IV, V, VI, and VII were already litigated and were merely alleged to preserve the claims. (*See*

1 Dkt. No. 151, Opp. Br. at 7.)  Accordingly, those claims are dismissed.

2 With regard to claims related to an alleged breach of fiduciary duty, the first and third counts in the counterclaims, these claims were comprehensively litigated and resolved in arbitration.  The claims of fiduciary duty are predicated upon issues that were clearly resolved in arbitration relating to the claims of aiding and abetting a breach of fiduciary duty.  Accordingly, those claims are dismissed.

With regard to counts VIII and IX, Plaintiffs alleged claims for tortious interference with contractual relations and tortuous interference with prospective economic advantage.  However, it is clear from the record that these counts cannot be sustained as at all relevant times, Defendant Praveen Narra was an officer of the Plaintiff Parkridge Limited and not a third party with regarding to Parkridge's contract with TIBCO.  "The tort duty not to interfere with the contract falls only on strangers – interlopers who have no legitimate interest in the scope or course of the contract's performance."  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 514 (1994).  "It is also well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract."  *Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990).  The Court finds that the arbitration decision, relying upon such affirmative factual findings, precludes Plaintiffs' breach of fiduciary duty claims.  Accordingly, those claims are dismissed.

For the foregoing reasons, Defendants' motion to dismiss the counterclaims is GRANTED.

**IT IS SO ORDERED.**

Dated:  December 4, 2020

_____
JEFFREY S. WHITE
United States District Judge

2