

Jessica S. Pliner
2185 North California Boulevard, Suite 300
Walnut Creek, California 94596
Jessica.Pliner@lewisbrisbois.com
Direct: 925.357.3445

March 23, 2021

**VIA ECF**

Honorable Jacqueline Scott Corley
United States District Court
Northern District
450 Golden Gate Avenue
Courtroom E, 5th Floor
San Francisco, CA 94102

      Re:    *Parkridge Limited v. Indyzen, Inc, et al. (All Related Cross-Actions)*
              USDC Northern District Case No. 4:16-cv-07387-JSW

Dear Judge Corley:

Below is the parties' Joint Discovery Letter Brief, pursuant to the Court's Standing Order, paragraph 8, governing discovery disputes.[1]

### I.    Pertinent Procedural History

- On March 3, 2020, this Court – over the objection of Plaintiffs – confirmed the arbitration award, including an award of $678,825 against Parkridge and Mak,. (Dkt. 98).

- On March 25, 2020, Plaintiffs filed a Notice of Appeal from the order. (Dkt. 106).

---

[1] While there are technically several separate disputes, they are related and the Parties submit them together in one joint letter for efficiency purposes.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
4820-7693-8466.1

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 2

- Defendants filed a motion for an award of additional fees and costs incurred in bringing this action to confirm the arbitrator's Final Award, pursuant to FRCP 54(d)(2)(a). (Dkt. 99).

- Plaintiffs opposed the motion on April 13, 2020. Defendants assert that Plaintiff did not include an argument that Defendants were not entitled to fees and costs on the basis that the order confirming the arbitral award was not a judgment under Rule 54(a), an order from which an appeal lies. (Dkt. 112)

- On June 4, 2020, the Court granted Defendants' motion for additional fees and costs in the amount of $26,268. (Dkt. 134)

- On September 25, 2020, Plaintiff filed their opening brief in the Ninth Circuit, asserting that the Court of Appeals had general jurisdiction over appeals from this Court pursuant to 28 U.S.C. § 1291 and had jurisdiction over the appeal pursuant to 9 U.S.C. § 16(a)(3). (AOB, p. 8, 9th Cir Dkt. 30). Defendants agreed with Plaintiff's jurisdictional statement. (ARB p. 9, 9th Cir. Dkt. 41).

- On December 2, 2020, Indyzen, Inc. served Rule 34 requests and Special Interrogatories to Parkridge Limited and Mabel Mak. (**Exs. A, B**).

- Parkridge's counsel discussed a request for an extension on the time to provide responses and objections to Indyzen's requests within Indyzen's former counsel, Keith Gillette, in December 23, 2020. While Indyzen stated it was willing to consider an extension, no definitive extension date was agreed upon prior to the due date for responses.

- Parkridge and Ms. Mak did not respond by the due date. On January 8th, Defendants sent a letter requesting a response to the discovery requests. (Ex. C). Plaintiff's counsel contends the letter was not received.

- On January 21st, Defendants sent a letter requesting a meet and confer regarding the responses. (**Ex. C**). On January 22nd, Plaintiff's counsel sent an email to Defendant's former counsel, not realizing that Mr. Gillette was no longer part of the case. (Ex. C).

- On January 25, 2021, Defendants' counsel called Plaintiffs' attorneys, Smikun and Williamson, requesting that each return her call to discuss. Plaintiff's counsel also sent an email proposing times for a call on January 26th. (Ex. C).

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 3

- On January 28, 2021, Plaintiff's counsel advised Defendants' counsel that he had been delayed on being able to coordinate a call and advised that discovery responses would be provided later that day. (Ex. C). The same day, Plaintiffs served discovery responses to Defendants' attorneys, stating multiple objections. (**Exs. D,E**.

- On February 1, 2021, Defendants sent another letter to Plaintiffs' counsel, requesting responses and documents, contending objections had been waived and the objections were also substantively improper. (**Ex. C**).

- Thereafter, the parties met and conferred but were unable to resolve the dispute concerning Defendant's discovery requests. (**Ex. C**).

- The Parties have noticed each other's depositions (**Exs. F,G,H,I**) and have met and conferred in writing and by telephone (**Ex. C.**)  The parties have been unable to resolve the disputes.  Plaintiff has noticed a 30(b)(6) deposition of Defendant Indyzen. Defendant has noticed a 30(b)(6) deposition of Plaintiff Parkridge, as well as depositions for Randy Dobson and Mabel Mak. The parties met and conferred regarding Plaintiff's objection to Defendant's notices to Randy Dobson and Mabel Mak and Defendant's objection to certain subjects to be discussed in Defendant's deposition. The parties agreed to exchange further information regarding their positions in writing, but only Plaintiff provided such a statement to Defendant. Defendant subsequently insisted that the disputes be presented to the Court.

II.     **Statement of Factual and Legal Reasons supporting Indyzen's Position**

**A.  Written Discovery**

The Arbitration award ordered payment by September 19, 2019.  Defendants desire to begin enforcement discovery now, due to serious concerns raised by Plaintiffs' prior evidence spoliation which occurred *after* this litigation was initiated and because the information will enable meaningful negotiations between the parties at the settlement conference with Judge Kim, ordered by the Court.

On December 2, 2020, Indyzen, Inc. served Rule 34 requests and Special Interrogatories to Parkridge Limited and Mabel Mak.  Parkridge and Ms. Mak failed to respond and <u>all objections were waived</u>.  Fed. R. Civ. Proc. 33(b)(4); *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F.2d 1468, 1473.  Plaintiffs have not sought to be relieved from their waiver.

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 4

Plaintiffs' untimely responses served on January 28th consist solely of objections (with the exception of the interrogatory asking who prepared the responses). No responses or documents were provided, and Plaintiffs stood on their (waived) objections of relevancy.

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a confirmed arbitral award has the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered. (9 U.S.C. § 13(c)). A judgment includes any order from which an appeal lies. (Fed. R. Civ. P. 54(a); Cal. Code Civ. Proc. § 380.230).

On March 3, 2020, this Court confirmed the arbitration award against Parkridge and Mak. (Dkt. 98). That included an award of $678,825 that was to have been paid by September 19, 2019. Parkridge and Mak have not paid any portion of that award. On March 25, 2020, Plaintiffs filed a Notice of Appeal from the order. (Dkt. 106). Defendants filed a motion for an award of additional fees and costs incurred in bringing this action to confirm the arbitrator's Final Award, pursuant to FRCP 54(d)(2)(a). (Dkt. 99). Plaintiffs opposed and did not include an argument that Defendants were not entitled to fees and costs on the basis that the order confirming the arbitral award was not a judgment under Rule 54(a), an order from which an appeal lies. (Dkt. 112). Plaintiffs continued to take the position that the order confirming the arbitral award was a judgment as defined in FRCP 54(a), when they filed their opening brief in the Ninth Circuit on September 25, 2020, asserting to the Court that it had jurisdiction pursuant to 28 U.S.C. § 1291, which provides jurisdiction of appeals from all final decisions of the district courts. (AOB, p. 8, 9th Cir Dkt. 30).

Therefore, even if Plaintiffs had not waived all objections to the discovery, the position Plaintiffs now assert in the improper objections and in their counsel's correspondence is perplexing. It appears to be an entirely contrary position to that taken by Plaintiffs in their actions described above, such that Plaintiffs would be estopped from taking their current position. At the very least, Plaintiffs' new position appears to have been waived based on their Notice of Appeal, Opposition to Defendants' fees motion and Appellants' Opening Brief.

Defendants are entitled to conduct robust discovery in aid of enforcement of judgments. This includes, without limitation, discovery through parties and non-parties, which may assist in determining the judgment debtors' true financial condition and the nature and location of judgment debtors' assets and sources of income. The requests that Plaintiffs refused to respond to were standard post-judgment discovery expressly propounded for this purpose. (Fed. R. Civ. P. 69(a)(2) and Cal Code Civ Proc §§ 708.020 & 708.030 (judgment creditor may propound written interrogatories and inspection demands requesting information to aid in enforcement of the money judgment). The policy of the law favors the

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 5

enforcement of judgments and there is no policy favoring the concealment of the judgment debtors' assets from the judgment creditor. (*Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate,* 11 Cal. App. 5th 509, 515 (2017).)

In the event the Court determines that the Order confirming the arbitral award does not constitute a judgment under Rule 54(a), an order from which an appeal lies, Defendants may proceed with an application under Rule 54(b) and alert the appellate court.

Additionally, Indyzen has a counter claim against Parkside and Randy Dobson, for breach of contract, account stated and promissory estoppel. Indyzen is entitled to seek a Right to Attach Order and Writ of Attachment against Parkridge based on the Note and its Account Stated cause of action. Federal Rule of Civil Procedure 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," unless a federal statute governs. Fed. R. Civ. P. 64(a), (b) (specifically enumerating "attachment" among the available remedies). The facts of this case fit squarely within the Attachment Law of California. CCP §§ 481.010, *et seq.*; see also CCP § 482.010 ("This title shall be known and may be cited as 'the Attachment Law.'"). The Attachment Law entitles the Indyzen to attach all of Parkridge's corporate property subject to levy for an amount up to the total value of the claims for which Indyzen can establish in this proceeding to have "probable validity." Indyzen can conduct discovery as to Parkridge's corporate property as Parkridge is an account debtor so it may attach the corporation's property. CCP § 481.020; Cal. U. Com. Code § 9102(a)(3).

### B. Depositions

#### 1. Parkridge PMK

Plaintiffs also take the position that the categories described in Indyzen's Rule 30(b)(6) notice of Parkridge are inappropriate based on res judicata in the arbitration on the subject of alter-ego allegations and breach of corporate duties. The arbitral award specified that "Respondents/Cross-Claimants are presumably correct that if Cross Respondents are alter-egos then contacts with the state by one constitute contacts by all for purposes of the court's personal jurisdiction analysis but that is an issue for the courts." (Final Award, Fn. 40 pp.64-65, Dkt. 86-2, Ex. A.) The Arbitral award also only addresses alter-ego as to the Morfit agreement and does not address alter-ego issues as to Indyzen's claims for promissory estoppel or the Note (account stated). (Final Award, ¶¶ 230-231, Dkt. 86-2, Ex. A.) As discussed above, Indyzen can conduct discovery as to Parkridge's corporate property as Parkridge is an account debtor so it may attach the corporation's property and can conduct enforcement discovery.

### 2. Mabel Mak and Randy Dobson

Plaintiffs take the position that Mr. Dobson and Ms. Mak cannot be deposed without an agreement or court order. Dobson, Mak and Indyzen were deposed in the arbitration – not in this action. Yet, Plaintiffs served a deposition notice to Indyzen, who had likewise previously been deposed in the arbitration, so such a position is perplexing. Indyzen met and conferred about this issue and Plaintiffs have not substantively responded.

Plaintiffs also take the position that Mr. Dobson and Ms. Mak cannot be deposed because there are no claims remaining by or against them. This is irrelevant to the dispute as Randy Dobson is the CEO and Chairman of the Board of Parkridge. (Dkt 142, para 3.) Mak is a director. Indyzen is permitted to take depositions of Parkridge's officers, directors and managing agents pursuant to Rule 30(b)(1)). *United States v. One Parcel of Real Estate at 5860 North Bay Road, Miami Beach, Fla.* (SD FL 1988) 121 F.R.D. 439, 439-440; *GTE Products Corp. v. Gee,* 115 F.R.D. 67, 68, 1987 (It has long been established that the deposition of a corporation may be taken of an officer, director or managing agent pursuant to Rule 30(b)(1); *Cadent Ltd. v. 3M Unitek Corp.,* 232 F.R.D. 625, 628 (internal citations omitted) (When an employee named in a deposition notice "is a director, officer, or managing agent of [a corporate party], such employee will be regarded as a representative of the corporation.) "The corporation risks sanctions -- including default or dismissal -- if the designated individual fails to appear." *Id.* at 628, fn. 1, *citing* Schwarzer, Tashima & Wagstaffe, California Practice Guide: Fed. Civil Procedure Before Trial, §§ 11:1419, 11:2226 (2005 rev.) (emphasis in original). Accordingly, Indyzen may properly compel the attendance at deposition of Mr. Dobson and Mabel Mak as officer and director of the corporate counter-defendant Parkridge and the documents requested are directed to Parkridge.

As set forth in section II(a) above, Indyzen also has the right to proceed with examinations pursuant to FRCP 30 as specified by FRCP 69(a)(2) (the judgment creditor may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located). Due to Covid-19, Indyzen asked to proceed with the examinations by deposition, rather than at the courthouse.

### 3. Deposition of Indyzen

Indyzen sent a letter to Parkridge's counsel meeting and conferring about the scope of the categories in the Rule 30(b)(6) Notice, as all of the categories appeared to have been previously adjudicated in the arbitration. (**Ex. C**.) Allowing for the possibility that the scope of examination might exceed the previously adjudicated topics, Indyzen requested a phone

call to discuss the matter. Parkridge's counsel contends that despite the necessarily decided, previously adjudicated issues, Parkridge is entitled to address whether Indyzen's claimed damages are reasonable. Indyzen disagrees. The damages consist of 1) amounts billed pursuant to a contract between sophisticated parties in an arm's-length transaction, and 2) an amount certain on a note. It has already been adjudicated that Parkridge agreed to the rates in the contract and received the invoices from Indyzen and did not object to or contest the services provided in the invoices in the time period prescribed by the contract. (Final Award ¶¶ 145, 147.) It has also been conclusively determined that by failing to make payment on the invoices (or timely objecting to the invoices), Parkridge was in material breach and Parkridge's failure to make timely payments constitutes nonperformance and breach. (Final Award ¶¶ 163, 164.) Parkridge's contention that Indyzen did not have, as employees or contractors, staff who were competent for the project or have not done competent work on other mobile app projects has already been conclusively established against them. (Final Award ¶¶ 203, 207.) Similarly, the affirmative defenses were rejected. (Final Award ¶ 309.) Accordingly the topics in the Notice (Exhibit F) are all matters which were conclusively established against Parkridge and proceeding with the deposition appears unnecessary and unduly burdensome (not proportional to the unadjudicated claims and defenses).

### III. Statement of Factual and Legal Reasons supporting Plaintiffs' Position

#### A. Defendant's Improper Judgment Collection Discovery

Defendant's purported post-judgment written discovery requests must be denied as they are patently improper and premature.

First, Defendant has failed to follow proper procedure in requesting post-judgment discovery. Indeed, all of Indyzen's recent discovery requests arespecifically propounded pursuant to Fed. R. Civ. P. 33 and 34. While the Defendant now claims that it sent out "standard post-judgment discovery" pursuant to Fed. R. Civ. P. 69(a)(2), nowhere in the discovery requests does Indyzen indicate that it is sending out discovery pursuant to that Rule and, in fact, they specifically reference Fed. R. Civ. P. 33 and 34. This distinction is not trivial as there is a completely separate body of case law dealing with discovery requests under Fed. R. Civ. P. 69 and the protections afforded to alleged judgment-debtors under this Rule.

Second, and perhaps more importantly, Defendant's discovery request pursuant to Fed. R. Civ. P. 69(a)(2) are *void ab initio* because they are premature due to the fact that Indyzen does not have a judgment and, therefore, cannot propound post-judgment discovery. As of this moment, Indyzen has a confirmed arbitration award. That is it. In order for Indyzen to claim they have a judgment, they would need to have had entered their

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 8

confirmed arbitration award into a judgment pursuant to 9 U.S.C. § 13. This section sets forth a specific sequence of events and requirements to convert an arbitration award into a judgment including:

> [F]ile the following papers with the clerk:
>
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> (b) The award.
>
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

Because Indyzen has not filed these papers with the clerk, it does not have a judgment.

Indyzen disingenuously attempts to circumvent this requirement by citing to this statute and making the general argument that a confirmed arbitration award has the same "force and effect" of a judgment rendered in an action in the Court in which it was entered. However, Indyzen conspicuously omits citing to the full sentence which reads, "**[t]he judgment so entered** shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C.A. § 13 (emphasis added). Because the award has not been entered as a judgment, Indyzen's argument does not apply.

Moreover, Indyzen cannot claim its confirmed arbitration award should be considered a judgment under the Fed. R. Civ. P. as the Rules also have requirements for entering a judgment which Indyzen has not fulfilled. See Fed. R. Civ. P. 58(b)(1)-(2).

Lastly, Indyzen grossly misrepresents Plaintiff's position regarding appellate jurisdiction. Plaintiff's appeal to the Ninth Circuit specifically stated that it was appealing pursuant to 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291. 9 U.S.C. § 16(a)(3) specifically states that appeals may be taken from a "final decision with respect to an arbitration that is subject to this title". Nowhere, in this language does Plaintiff argue that a final decision of an arbitration is synonymous with a judgment. The same logic applies to 28 U.S.C. § 1291 which only states that Court of Appeals shall have jurisdiction of appeals from all "final decisions" of the district courts. If Indyzen's threadbare logic took hold it would completely obviate the requirements of entering judgment pursuant to 9 U.S.C. § 13 and Fed. R. Civ. P. 58(b)(1)-(2).

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 9

**B. Defendant's Improper Deposition Notices to Randy Dobson and Mabel Mak**

Defendant's second improper discovery request are the deposition notices it sent to Randy Dobson and Mabel Mark in their individual capacities. While a 30(b)(6) deposition notice to Parkridge **may** result in the designation of either of these individuals, any attempt to depose them in their individual capacities must be rejected.

First, Indyzen's deposition notice as to Randy Dobson is legally improper because the Court lacks personal jurisdiction over him and he is not a party to this case. As the Court is aware, Randy Dobson was dismissed from the lawsuit in part due to the Court's lack of personal jurisdiction over him. It is well established that, when a court lacks personal jurisdiction over an individual, they lack the authority to force the individual to come before the court. *See* Fed. R. Civ. P. 12(b)(2); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004); *Aussie Pet Mobile, Inc. v. Benton*, No. SACV 09-1407 AG (RNBx), 2010 WL 2629556, *3 (C.D. Cal. June 28, 2010). As the Court lacks personal jurisdiction over Randy Dobson, Indyzen cannot require and the Court cannot compel his attendance at a deposition in his individual capacity.

Moreover, Indyzen has no pending claims against Randy Dobson. Defendants have not served Randy Dobson in this matter and all claims previously alleged against him were dismissed – facts which Defendant ignores. The only claims remaining in this lawsuit are solely between Defendants and Parkridge. ECF 155; 168. As a result, Indyzen has no legitimate basis to attempt to depose Randy Dobson in his individual capacity. Because Defendants have no claims pending against Randy Dobson and because he is not a party, Defendants cannot unilaterally notice his deposition, and must obtain either Parkridge's agreement or an order from this Court. <u>They have sought neither</u>.

Second and similarly, Indyzen's deposition notice as to Mabel Mak is fundamentally flawed because Mabel Mak is also not a party to this lawsuit. Defendants have no claims against Mabel Mak, and never had any claims against Mabel Mak. As stated above, the only claims remaining in this case are the claims against Parkridge. In addition, a judgment has not been entered against Mabel Mak based on the Arbitration Award. Therefore, Indyzen cannot characterize the deposition as one for collection on a judgment, which they have attempted to do herein. As such, Defendants have exceeded their discovery rights, and cannot notice the deposition of Mabel Mak absent an agreement with Parkridge or a Court order to take her deposition.

Furthermore, the respective deposition notices for Randy Dobson and Mabel Mak clearly show that Indyzen intends to conduct the examination and demand documents which are not relevant to the claims in this case, are not reasonably calculated to lead to the

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 10

discovery of admissible evidence, and/or concern matters which were already resolved in the course of arbitration. As such, it is plain that the entire purpose of these depositions is to delve into subject matter which is not subject to discovery in this action. To the extent Indyzen attempts to characterize these depositions as post-judgment discovery, no judgment has been entered in this matter, and so there can be no post-judgment discovery at this time.

### C. Plaintiff's Discovery Objections To Defendant's December 2, 2020 Requests Are Not Waived

Defendant's draconian argument that Plaintiff's responses and objections to Defendant's December 2, 2020 discovery requests are waived because of Plaintiff's purported untimely response is gamesmanship at its worse. First, the Defendants fail to mention that the Plaintiff requested multiple times for the professional courtesy of a brief extension of their discovery response deadline. Plaintiff's assumed that Defendant's would grant this minor extension given that its discovery requests were sent on the eve of the December holiday season which would require Defendants' to respond on Monday January 4, 2020 – the first day back from New Year's break. Defendant's counsel even discussed an extension with Plaintiff's counsel. Upon finding out that Defendant's would not agree to this request, Plaintiff's swiftly prepared and submitted their discovery responses. The short amount of time between the discovery deadline and Plaintiff's responses and the circumstances surrounding Plaintiff's purported untimely responses clearly falls into "good cause" exception, under Fed. R. Civ. P. 33(b)(4) for when untimely objections are not waived. Further, Plaintiff's behavior is nothing like the offending litigant in *Richmark*, cited to by Defendant, who raised a discovery objection for the first time 7 months after a discovery request and in a reply to a motion for sanctions. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)

### D. The Parties' Recent Discovery Requests Are Both Timely

While not addressed by Defendant in this Joint Letter, Plaintiff wants to note for the record that both Parties recently served discovery that the Court should consider timely and does not run afoul of the Court's scheduling order. Notably, Defendant's served discovery requests on January 29, 2021 and Plaintiff served discovery requests on February 3, 2021. The Court's scheduling order sets forth that the end of fact discovery is February 28, 2021. Plaintiff interprets this deadline as the last day discovery requests may be sent, not the last day discovery responses are due. If the latter was the Court's intent, then both Parties run afoul of the Court's Order because both Parties' respective responses would be due after this deadline pursuant to a 30 day response deadline and taking into account Fed. R. Civ. P. (a)(1)(C). Defendant's refusal to respond on this basis is obstructive gamesmanship.

---

Honorable Jacqueline Scott Corley
United States District Court
March 23, 2021
Page 11

        Very truly yours,

        */s/ Jessica S. Pliner*
        Jessica S. Pliner of
        LEWIS BRISBOIS BISGAARD &
        SMITH LLP

        /s/Michael J. Smikun
        Michael J. Smikun of
        CALLAGY LAW, P.C