**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

JUN 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong corporation; MABEL MAK, an individual, | No.    20-15534 |
| Plaintiffs-Appellants, | D.C. No. 4:16-cv-07387-JSW |
| v. | MEMORANDUM* |
| INDYZEN, INC., a California corporation; PRAVEEN NARRA KUMAR, an individual, |  |
| Defendants-Appellees. |  |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted June 7, 2021**
Seattle, Washington

Before:  GOULD, CLIFTON, and MILLER, Circuit Judges.

Parkridge Limited and Mabel Mak appeal from the district court's order

denying their motion to vacate an arbitrator's award of attorney's fees and costs

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against Mak. The district court held that the arbitrator did not exceed his authority in holding Mak liable for attorney's fees and costs because she voluntarily participated as a party to the arbitration and had herself requested attorney's fees. We have jurisdiction under 9 U.S.C. § 16(a) and 28 U.S.C. § 1291, and we affirm.

Parkridge and Mak argue that the arbitrator could not hold Mak liable for attorney's fees and costs. First, they argue that the arbitrator did not have jurisdiction over Mak because she was not a signatory to the arbitration agreement. Second, they argue that Mak could not be held individually liable because she was acting in her official capacity. We disagree. Mak consented to the arbitrator's jurisdiction by suing to enforce a contract that contained an arbitration clause and actively pursuing her individual claims in arbitration without raising a jurisdictional objection. *See Castro v. Tri Marine Fish Co. LLC*, 921 F.3d 766, 775 (9th Cir. 2019); *Douglass v. Serenivision, Inc.*, 229 Cal. Rptr. 3d 54, 63–65 (Ct. App. 2018). "A claimant may not voluntarily submit [her] claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act." *Ficek v. Southern Pac. Co.*, 338 F.2d 655, 656–57 (9th Cir. 1964). Whether or not Mak was required to arbitrate, her voluntary participation in the proceeding permitted the arbitrator to exercise jurisdiction over her individually. *See Dial 800 v. Fesbinder*, 12 Cal. Rptr. 3d 711, 726–27 (Ct. App. 2004). Even where, as here, the arbitrator found that there was no reason to

pierce the corporate veil and hold her liable on the merits of the claim, the arbitrator nonetheless has broad discretion to award fees in accordance with the applicable arbitral rules.

The arbitrator did not exceed his powers in holding Mak personally liable for the award of attorney's fees. *PowerAgent Inc. v. Electronic Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004). Under American Arbitration Association Commercial Arbitration Rule 47(d)(ii), an arbitrator's award may include attorney's fees if all parties requested attorney's fees prior to the award. All parties, including Mak, requested attorney's fees. The arbitrator could therefore award attorney's fees and hold Mak, as a non-prevailing party to the arbitration, responsible for paying them. *See Harris v. Sandro*, 117 Cal. Rptr. 2d 910, 914 (Ct. App. 2002); *Rosenquist v. Haralambides*, 237 Cal. Rptr. 260, 264 (Ct. App. 1987).

**AFFIRMED.**