|     |                                                                                  |
|-----|----------------------------------------------------------------------------------|
|     | Case 4:16-cv-07387-JSW   Document 212   Filed 01/24/22   Page 1 of 4 |

1  Mark R. Figueiredo, Esq. (State Bar No. 178850)
2  Christopher G. Addy, Esq. (State Bar No. 256044)
   Austin T. Jackson, Esq. (State Bar No. 312698)
3  STRUCTURE LAW GROUP, LLP
   1754 Technology Drive, Suite 135
4  San Jose, California 95110
   Telephone: (408) 441-7500
5  Facsimile: (408) 441-7501

6  Attorneys for INDYZEN, INC. and PRAVEEN NARRA KUMAR

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARKRIDGE LIMITED, a Hong Kong Corporation, by Mabel Mak and MABEL MAK, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> INDYZEN, INC., a California Corporation, and PRAVEEN NARRA KUMAR, an individual <br><br> Defendants. | CASE NO. 16-CV-07387-JSW <br><br> **INDYZEN, INC.'S TRIAL BRIEF** <br><br> Final Pretrial Conference: February 7, 2022 <br><br> Trial Date: February 28, 2022 <br> Time: 9:00 a.m. <br> Dept.: Courtroom 5, 2nd Floor <br> Judge: Hon. Jeffrey S. White |
| INDYZEN, INC., a California Corporation, <br><br> Counter-Claimant, <br><br> v. <br><br> PARKRIDGE LIMITED, a Hong Kong Corporation and RANDY GENE DOBSON, an individual, <br><br> Counter-Defendants. | |

25     Pursuant to the Guidelines for Trial and Final Pretrial Conference in Civil Bench Cases
26  Before the Honorable Jeffrey S. White, Indyzen, Inc. hereby presents its Trial Brief.
27     This case arises from a failed business software venture. The facts are well developed, and
28  multiple issues have been fully adjudicated in Arbitration.

- 1 -

INDYZEN, INC.'S TRIAL BRIEF

On August 19, 2019, Arbitrator, Gary L. Benton, signed and issued a Final Award ("Final Award") awarding Counter-Claimant Indyzen, Inc. ("Indyzen") declaratory judgment as well as $678,825.00 in attorneys' fees and costs, assessed jointly and severally against Parkridge and Mabel Mak.[1]  "The Award does not address payments due to Indyzen as that issue is expressly excluded by the arbitration clause" (*Id.* at 5 ¶ 20)  "Nevertheless, Indyzen remains free to pursue recovery of amounts due under the contract in court." (*Id*. at 48 FN 25)  On March 2, 2020, by Order of this Court, the Final Award was Confirmed and an additional $26,268.00 in attorney's fees were awarded. (Dkt. Nos. 98 and 134)

The findings in the Award effectively resolved liability, i.e. that Indyzen performed and that Parkridge breached the contract, and the only triable issues are the damages to be awarded to Indyzen.  Some of the key findings, with citation to the Award, are set forth below.

"The Morfit Agreement was signed in late 2015 months after the project was underway and some of the work had already been completed and delivered." (*Id*. at 4 ¶ 15) "The venture worked well at the start and Indyzen received compliments for its work.  But Parkridge failed to make timely payments for the work..."  (*Id*. ¶ 16) "…Parkridge effectively terminated the engagement in early 2016." (*Id*. at 5 ¶ 16)

"IT IS DECLARED, as to all parties that:

(1) The Software Development Agreement and License Agreement dated January 5, 2015 ("the Morfit Agreement") entered into by Parkridge Limited ("Parkridge") and Indyzen, Inc. ("Indyzen") was a valid and binding agreement, and payment, licensing and other terms survive any termination;

(2) Parkridge breached the Morfit Agreement by failing to make payments due, repudiating the Agreement and claiming ownership of the Morfit App;

///

///

///

---

[1] The Final Award is at Dkt. No. 86-2, Gillette Decl, Exhibit A.

(3) Indyzen has performed under the Morfit Agreement (and otherwise been excused from further performance by Parkridge's[2] breach for failure to make payments due);

(4) Indyzen is the owner of all Phase II and III builds of the Morfit App (development beginning May 16, 2015); and,

(5) No intellectual property rights have been transferred to Parkridge or any other entity as to any phase of the Morfit App development under the terms of the Morfit Agreement."

(*Id*. at 96)

Indyzen's damages, exclusive of interest, costs, attorney's fees, the amounts awarded already which have not been paid, and the like, are three-fold: (1) $490,000 for unpaid invoices (Count I); (2) $550,000 per the promissory note signed by Parkridge's CEO Randy Dobson ("Dobson") on behalf of Parkridge (Count II); and (3) $360,000 for additional amounts owed by Parkridge (Counts IV and V). The first two categories are straightforward and supported by the respective invoices and promissory note. The third category warrants a brief discussion for the Court's benefit.

The arrangement between Parkridge and Indyzen is that half of Indyzen's billings would be invoiced and the other half would be added to a promissory note. For many months, Indyzen invoiced $100,000 per month and an additional $100,000 was tacked on to the promissory note. Then, in late 2015, the parties discussed and agreed an accommodation to Parkridge such that Indyzen would only invoice $80,000 per month with $120,000 being added to the promissory note each month. The discussion was confirmed in emails and Parkridge's counsel prepared draft documents reflecting same. Dobson never objected but never signed the document. Instead, he allowed Indyzen to bill $80,000 for the next 3 months. The $490,000 invoice amount in Count I includes the 3 months of invoices at $80,000 per month. The $550,000 promissory note amount in Count II does not include any amount for those three months. The principal amount of $360,000 is therefore sought reflecting the three months at $120,000 per month.

---

[2] The Disposition of Applications for Modification of Award in the AAA arbitration proceedings AAA ICDR Case No. 01-17-0003-4918, signed and issued by Arbitrator, Gary L. Benton on October 8, 2019, struck the word "Indyzen's" and incorporated in its place "Parkridge's" to correct the clerical error in (3). (Dkt. No. 86-3, Gillette Decl, Exhibit B at 3)

Indyzen respectfully requests this court grant the amounts owed under the Morfit Agreement, its attorneys' fees, costs of suit herein, and requests further requests the court grant Indyzen such other relief as it deems just and proper.

Date:  January 24, 2021                    STRUCTURE LAW GROUP, LLP


                                           By:   /s/ Mark. R. Figueiredo
                                                 Mark R. Figueiredo, Esq.
                                                 Attorney for INDYZEN, INC.
                                                 and PRAVEEN NARRA KUMAR