1  Mark R. Figueiredo, Esq. (State Bar No. 178850)
2  Christopher G. Addy, Esq. (State Bar No. 256044)
   Austin T. Jackson, Esq. (State Bar No. 312698)
3  STRUCTURE LAW GROUP, LLP
   1754 Technology Drive, Suite 135
4  San Jose, California 95110
   Telephone: (408) 441-7500
5  Facsimile: (408) 441-7501

6  Attorneys for INDYZEN, INC. and PRAVEEN NARRA KUMAR

7

8                          UNITED STATES DISTRICT COURT

9                         NORTHERN DISTRICT OF CALIFORNIA

10 | PARKRIDGE LIMITED, a Hong Kong           | CASE NO. 16-CV-07387-JSW
   | Corporation, by Mabel Mak and MABEL     |
11 | MAK, an individual,                      | **OPPOSITION TO PARKRIDGE
   |                                          | LIMITED'S MOTION IN LIMINE #1 TO
12 |                 Plaintiffs,              | EXCLUDE IMPROPERLY OR
   |                                          | INSUFFICIENTLY DISCLOSED
13 |        v.                                | WITNESSES**
14 |                                          |
   | INDYZEN, INC., a California Corporation, | Date:  February 4, 2022
15 | and PRAVEEN NARRA KUMAR, an              | Time:  9:00 a.m.
   | individual                               | Dept.: Courtroom 5, 2nd Floor
16 |                                          | Judge: Hon. Jeffrey S. White
17 |                 Defendants.              |

18 | INDYZEN, INC., a California Corporation,

19 |                 Counter-Claimant,

20 |        v.

21 |
   | PARKRIDGE LIMITED, a Hong Kong
22 | Corporation and RANDY GENE
   | DOBSON, an individual,
23 |
   |                 Counter-Defendants.
24

25     Indyzen, Inc. hereby submit its opposition to Plaintiff Parkridge Limited's ("Parkridge")

26 motion in limine to exclude potential witnesses who have been improperly or insufficiently

27 disclosed by Indyzen, Inc. ("Indyzen").

28 ///

- 1 -

## I.  ADMISSIBILITY SHOULD BE DETERMINED AT TRIAL

Wholesale exclusion of all witness testimony via Motion in Limine is overly broad and Parkridge feigning ignorance as to the identification or subject matter of every witness and potential testimony is not credible. The facts are well developed, and multiple issues have been fully adjudicated in the Arbitration, commenced on June 8, 2017, when Plaintiffs submitted a Demand for Arbitration to the AAA/ICDR. This action has been ongoing in some form for almost 5 years, testimony was obtained from multiple witnesses and hundreds of thousands of pages of documents were exchanged in the lead up to a nine-day evidentiary hearing. The appropriate time for this Court's consideration of witness's testimony and admissibility is at Trial, not from a Motion in Limine requesting total exclusion of witnesses identified, thus in effect, an attempt at dismissing this entire action.  Parkridge will have ample opportunity to address each of Indyzen's witnesses at Trial and raise objections as it believes applicable.

## II.  EXCLUSION OF ALL WITNESSES IS OVERLY BROAD

At its core, the purpose of a Motion in Limine is to avoid the obviously futile attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial. *McEwen v. City of Norman, Okla.* (10th Cir. 1991) 926 F2d 1539, 1548.  However, unless the evidence is clearly inadmissible on all potential grounds, the court should defer ruling on a motion in limine until trial.  This Court "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)" because subsection 37(c)(1) "is a recognized broadening of the sanctioning power." *R.R. Sails, Inc. V. Insurance Co. of Pennsylvania* 673 F.3d 1240, 1245 (9th Cir.2012) citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001) (citations omitted); *see also Hoffman v. Constr. Protective Servs., Inc.,* 541 F.3d 1175, 1178 (9th Cir.2008).

Pursuant to Rule 26(e)(1), the disclosing party must "supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information **has not otherwise been made known** to the other parties during the discovery process or in writing." *R.R. Sails, 673 F.3d at 1246* (Fed.R.Civ.P. 26(e)(1) (emphasis added).  "A major purpose" of the initial

disclosure requirements "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information." *Id*. citing Fed.R.Civ.P. 26 advisory committee's note to 1993 Amendments.

In the context of this litigation, there is no threat of surprise or undue prejudice because after almost five years of exposure to testimony, facts, witnesses, hundreds of thousands of pages of documents exchanged, nine-days of evidentiary hearings, Parkridge is well aware of the witnesses identified and the general subjects of their anticipated testimony. The information elicited from both testimony and documents exchanged in this action comports with FRCP 26(e)(1) because regardless of the futility of amending an initial 26(a) disclosure would have been, the relevant information had "otherwise been made known to the other parties during the discovery process".

### III.     THE SANCTION REQUESTED AMOUNTS TO A DISMISSAL CLAIMS

In the event this Court concludes that FRCP 26(e) requirements were not satisfied because the witness identification had not otherwise been made known to the other parties during the discovery process, less harsh options are available to the Court. Under this circuit's law, because the sanction requested amounts to dismissal of a claim, the district is required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, *Sails, 673 F.3d at 1247* (internal citations omitted), and also to consider the availability of lesser sanctions. *Id.*, See also, *e.g., Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir.1997); *Wanderer v. Johnston,* 910 F.2d 652, 656 (9th Cir.1990). Alternatively, the court may deny the pretrial motion but preserve the right to raise the evidentiary objections at trial. This way, questions of foundation, relevance and potential prejudice may be resolved in full context. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp at 1400; see also *Forrest v. Beloit Corp.* (3rd Cir. 2005) 424 F3d 344, 348.

///
///
///
///
///

## IV.     CONCLUSION

For the foregoing reasons, Indyzen, Inc., respectfully requests that the Court deny Plaintiff's motion in limine.

Date:  January 18, 2022                                       STRUCTURE LAW GROUP, LLP


By:   /s/ Christopher G. Addy
      Mark R. Figueiredo, Esq.
      Christopher G. Addy, Esq.
      Austin T. Jackson, Esq.
      Attorneys for INDYZEN, INC.
      and PRAVEEN NARRA KUMAR